IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) JUSTICE, ) ) Defendant. ) ) | Civil Action No. 19-cv-810 (RBW) |

## DEFENDANT'S OPPOSITION TO
## DAVID CHRISTENSON'S MOTION TO INTERVENE

David Christenson seeks to intervene *pro se* in this matter. *See* Mot. to Join and Intervene, Dkt. 16; Mot. for Leave to File Am. Mot. to Join and Intervene ("Am. Mot."), Dkt. 17. This Court should deny Mr. Christenson's motion because he cannot satisfy the criteria either for intervention as of right or for permissive intervention.

**BACKGROUND**

Plaintiff, the Electronic Privacy Information Center ("EPIC"), brings this civil action against the Defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election." Compl. ¶¶ 2, 43, Dkt. 1. Plaintiff alleges that the Department failed to comply with statutory deadlines, unlawfully denied expedited processing, and unlawfully withheld agency records requested by EPIC. *Id.* ¶¶ 66–79.

On March 26, 2019, David Christenson, proceeding *pro se*, filed a Motion for Leave to File Motion to Join and Intervene, Dkt. 5, which the Court granted, Order 2, Dkt. 11.

On April 4, 2019, Mr. Christenson filed a Motion to Join and Intervene. *See* Dkt. 16. In his motion, Mr. Christenson alleges that he is "directly connected" to Department officials and former officials and that the "Department of Justice is not credible." *Id.* at 1.

On April 5, 2019, Mr. Christenson filed a "Motion for Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton," and the Court granted Mr. Christenson leave to file the motion. *See* Dkt. 17. In his motion, Mr. Christenson requests to incorporate EPIC's motion for a preliminary injunction into his motion because it "confirms that [he] has standing and cause," and alleges that "EPIC has political motives for invoking the Freedom of Information Act." *Id.* at 1. Mr. Christenson further alleges, in the section directed to the Court, that he was "classified as a terrorist, falsely arrested, [and] committed to the psychiatric floor of the Orleans Parish prison[,] where [he] was illegal[ly] and involuntarily medicated." *Id.*

## ARGUMENT

### I.   Standard of Review

The Federal Rules of Civil Procedure require a court to allow anyone to intervene as of right who "claims an interest relating to the property or transaction that is the subject of the action," and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)). Intervention as of right depends on four factors: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that

interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank*, 717 F.3d at 192. Further, "in addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003); *see also City of Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ("[B]ecause a Rule 24 intervenor seeks to participate on an equal footing with the original parties to the suit, [it] must satisfy the standing requirements imposed on those parties.").

Additionally, the Federal Rules allow a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). In the latter case, however, the court must consider whether the intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention is 'inherently discretionary,' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements." *Garcia v. Vilsack*, 304 F.R.D. 77, 81 (D.D.C. 2014) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Anyone seeking permissive intervention must still demonstrate that they have standing. *Deutsche Bank*, 717 F.3d at 193.

## II. Mr. Christenson Cannot Intervene As a Matter of Right

Mr. Christenson cannot intervene as of right for two reasons.

First, Mr. Christenson cannot intervene as of right because he cannot establish that he has standing to participate in this case. "To establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury in fact, (2) causation, and (3) redressability." *Fund for Animals*, 322 F.3d at 732–33 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Mr. Christenson lacks standing because he cannot trace his alleged injury to the challenged action. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (stating that an injury must be "fairly traceable to the challenged action"). Simply put, there is no indication that Mr. Christenson has filed a FOIA request with the Department of Justice. *See generally* Am. Mot., Dkt. 17. Mr. Christenson alleges that EPIC's motion for a preliminary injunction "confirms that [he] has standing and cause." Am. Mot. 1, Dkt. 17. But EPIC's motion does not refer to Mr. Christenson. *See generally* Pl.'s Mot., Dkt. 7. Mr. Christenson also alleges that he was "classified as a terrorist, falsely arrested, [and] committed to the psychiatric floor of the Orleans Parish prison[,] where [he] was illegal[ly] and involuntarily medicated." *Id.* None of these alleged injuries is fairly traceable to the Department of Justice's processing of EPIC's FOIA request. *See Clapper*, 568 U.S. at 409.

Nor can Mr. Christenson satisfy the redressability prong of standing because he cannot show that that a favorable order of this Court would redress his purported injury. *See Allen v. Wright*, 468 U.S. 737 (1984). Even if this Court were to order, as he appears to request, the "unredacted Mueller Report," Mot. to Join and Intervene 1, Dkt. 16; *see also* Mot. for Leave 1, Dkt. 5, disclosure of the report would not redress any injuries Mr. Christenson has allegedly suffered. Am. Mot. 1, Dkt. 17; *see also* Mot. for Leave 1, Dkt. 5. And because Mr. Christenson did not submit a FOIA request, a favorable order cannot redress any cognizable injury under FOIA.[1]

Second, Mr. Christenson cannot satisfy the requirements for intervention as of right under the Federal Rules. Mr. Christenson cannot establish "a legally protected interest in the action" for

---

[1] Indeed, there is no jurisdictional basis for Mr. Christenson's proposed intervention. In the absence of a FOIA request, he has no more standing or interest in the case than any other member of the public. *See Lujan*, 504 U.S. at 573–574; *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464 (1982).

the same reasons that he does not have standing. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C.Cir.1998) ("[The putative intervenor] need not show anything more than that it has standing to sue in order to demonstrate the existence of a legally protected interest for purposes of Rule 24(a)."). Mr. Christenson has not set forth any specific interest with respect to the instant FOIA action. *See Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009) (denying motion to intervene in a FOIA action because the movant "has not set forth any specific interest with respect to the instant FOIA action nor has he explained how disposition of the instant action may impede his ability to protect any specific interest of his own"). In addition, Mr. Christenson has not shown that this action threatens to impair any legally protected interest. *Deutsche Bank*, 717 F.3d at 192. "In determining whether an applicant's interests will be impaired, courts in this circuit look to the 'practical consequences' that the applicant may suffer if intervention is denied." *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 14 (D.D.C. 2016). Here, because Mr. Christenson could have, but did not, file his own FOIA request, he would suffer no "practical consequences" if intervention is denied. Finally, to the extent Mr. Christenson merely seeks disclosure of the records responsive to EPIC's FOIA request, that is an interest already adequately represented by EPIC itself. *See Schoenman*, 263 F.R.D. at 25 (in denying a motion to intervene, noting that "it is readily apparent that Mr. Riches' alleged interest in ensuring that the FBI fully discloses all documents responsive to Plaintiff's FOIA request is an interest already adequately represented by Plaintiff himself").

Accordingly, because Mr. Christenson does not have standing and cannot satisfy the requirements for intervention as of right under the Federal Rules, his motion should be denied.

### III. Mr. Christenson Has Not Established that He Should Be Permitted to Intervene in this Case

The Court should not permit Mr. Christenson to intervene in this case. Mr. Christenson's failure to establish Article III standing is fatal to his request for permissive intervention. *See Keepseagle v. Vilsack*, 307 F.R.D. 233, 245–46 (D.D.C. 2014) (explaining that movants' "lack of standing renders them ineligible for permissive intervention"). Even if he had standing, Mr. Christenson's intervention will not "significantly contribute to . . . the just and equitable adjudication of the legal question presented" and should be denied. *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011)). Nothing in Mr. Christenson's motion relates to any claim or defense in this case. *Compare* Am. Mot., Dkt. 17, *with* Complaint, Dkt. 1. This Court should properly exercise its discretion to deny intervention under these circumstances.

### CONCLUSION

For the foregoing reasons, the Court should deny Mr. Christenson's Amended Motion to Join and Intervene.

Dated: April 5, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.

Room 12102  
Washington, D.C. 20005  
Tel: (202) 616-8467  
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

/s/ Courtney D. Enlow
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov