# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 19-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

The plaintiff, the Electronic Privacy Information Center, brings this civil action against the defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2018), seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election." See Complaint ("Compl.") ¶¶ 2, 43. On March 26, 2019, David Christenson, proceeding pro se, submitted to the Court his Motion for Leave to File Motion to Join and Intervene ("Mot. for Leave'), which the office of the Clerk of the Court accepted for filing. Mr. Christenson represents that he "has standing and cause[;] thus[,] he is entitled to see the unredacted Special Counsel ('Mueller') Report," Mot. for Leave at 1. The Court thereafter granted Mr. Christenson's motion, see Order at 2 (Apr. 1, 2019), ECF No. 11; ordered that Mr. Christenson "file his motion to join or intervene on or before . . . April 4, 2019," id.; and ordered that the Department "file its opposition to [Mr.] Christenson's motion to join or intervene on or before . . . April 8, 2019," id. Currently pending before the Court are Mr. Christenson's (1) Motion to Join and Intervene per Judge Walton's Order dated April 1[], 2019, and (2) Motion for

Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton, dated April 5, 2019.  Upon consideration of Mr. Christenson's submissions, the Court concludes that it must sua sponte deny Mr. Christenson's motion to intervene, as well as his motion for leave to file an amended motion to join and intervene.

> Federal Rule of Civil Procedure 24 states that the Court
>
> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  To intervene as a matter of right under Rule 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests."  Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008).

Rule 24 also permits intervention where, "[o]n timely motion," an applicant demonstrates that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[P]ermissive intervention is an inherently discretionary enterprise" for the Court. EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). However, the putative intervenor must ordinarily present: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." Id. Additionally, a court "must consider whether the [requested] intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

2

An applicant seeking to intervene as a matter of right or permissively must also establish Article III standing. See Deutsche Bank Nat'l Trust Co. v. FDIC, 717 F.3d 189, 193 (D.C. Cir. 2013) ("It is [ ] circuit law that intervenors must demonstrate Article III standing."); Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731–32 (D.C. Cir. 2003) ("[I]n addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution."). To establish standing under Article III of the Constitution, there must be (1) an injury in fact, (2) that is fairly traceable to the challenged conduct, and (3) that is likely to be redressed by a favorable decision. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

Here, Mr. Christenson has failed to demonstrate that he has Article III standing.[1] In a FOIA case, such as the one currently before the Court, "[a]nyone whose request for specific information has been denied has standing to bring an action," Zivotofsky v. Sec'y of State, 444 F.3d 614, 617 (D.C. Cir. 2006), because "[t]he requester is injured-in-fact . . . [by] not get[ting] what the statute entitled him to receive," id. 617–18. Although filings by a pro se litigant "must be held to less stringent standards than [those] drafted by lawyers," Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation omitted), Mr. Christenson has nonetheless not established that he has suffered an "informational injury" because he has not shown that he,

---

[1] Because "[s]tanding is a threshold jurisdictional question, and no action of the parties can confer subject-matter jurisdiction," Nat. Res. Def. Council v. Pena, 147 F.3d 1012, 1021 n.3 (D.C. Cir. 1998) (internal quotation marks and citations omitted); see also Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 174 (D.C. Cir. 2012) ("Standing under Article III is jurisdictional."), the Court is "obligated to consider sua sponte" whether it has jurisdiction to hear the case, Gonzalez v. Thaler, 565 U.S. 134, 141 ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)). And because the Court concludes that Mr. Christenson lacks standing in this case, it need not address the merits of the motion to join and intervene.

himself, submitted a request for the records at issue in this case to, and had that request denied by, the Department, see Zivotofsky, 444 F.3d at 618–19; see also Poet Design & Constr., Inc. v. U.S. Dep't of Energy, 314 F. Supp. 3d 82, 84 (D.D.C. 2018) (denying motion to intervene because applicant's counsel submitted the FOIA request and did not identify applicant as his client).  And because Mr. Christenson, in his motion for leave to file an amended motion to join and intervene, does not set forth how filing the amended motion would cure his lack of standing in this case, granting leave to file his proposed amended motion to join and intervene would be futile.  Cf. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").  Accordingly, it is hereby

**ORDERED** that Mr. Christenson's Motion to Join and Intervene per Judge Walton's Order dated April 1[], 2019, ECF No. 16, is **DENIED**.  It is further

**ORDERED** that the Court's April 1, 2019 Order, ECF No. 11, to the extent that it requires the Department to file its opposition to Mr. Christenson's motion to join or intervene on or before 12:00 p.m. on April 8, 2019, is **VACATED**.  It is further

**ORDERED** that Mr. Christenson's Motion for Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton, ECF No. 17, is **DENIED**.

**SO ORDERED** this 5th day of April, 2019.

REGGIE B. WALTON<br>
United States District Judge