IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 19-810 (RBW) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Electronic Privacy Information Center ("EPIC") hereby submits this response to the Court's April 11, 2019 Order to show cause as to why *Leopold v. Department of Justice*, Civ. Action No. 19-957, should not be consolidated with this case.

EPIC does not oppose consolidation "[t]o the extent that the plaintiffs [in *Leopold*] are seeking the release of the Special Counsel Mueller's report regarding the investigation into 'Russian interference in the 2016 United States presidential election.'" Order at 2. The record at issue in *Leopold*—the Mueller Report—is also sought by EPIC in *EPIC v. Department of Justice*, Civ. Action No. 19-810. The Court should consolidate the two matters and resolve the common questions of law or fact. Fed. R. Civ. P. 42(a).

Upon consolidating the cases, the Court should adopt an expedited briefing schedule for partial summary judgment in *EPIC v. DOJ* and conduct in camera review of the unredacted Mueller Report. As the scope of EPIC's FOIA Request in *EPIC v. DOJ* is broader than the Mueller Report, the court should also set a schedule for the expedited production of related

1

records sought by EPIC. EPIC anticipates filing a motion to this effect prior to the May 2, 2019 hearing.

EPIC also notes that the Attorney General released today a version of the Mueller Report containing extensive redactions. *See* Ex. 1, Special Counsel Robert S. Mueller III, U.S. Dep't of Justice, *Report On The Investigation Into Russian Interference In The 2016 Presidential Election* (Apr. 18, 2019). Redactions appear on approximately 176 pages of the 448-page report. The majority of the material withheld by the Department of Justice is not grand jury material but is designated as "harm to ongoing matter," a phrase that appears nowhere in the Freedom of Information Act's ("FOIA") nine designated exemptions or in FOIA jurisprudence.

EPIC also wishes to call the Court's attention to two statements made this morning by the Attorney General regarding the processing and release of the redacted report. The Attorney General stated that, following his March 29, 2019 letter, he provided a copy of the redacted report to the Office of the White House Counsel.[1] He also stated that earlier this week "the President's personal counsel requested and were given the opportunity to read a final version of the redacted report before it was publicly released."[2] Earlier in this proceeding, the Department of Justice represented it would not be practicable to release the report to EPIC prior to when it would be released to the public. Brinkmann Decl. ¶ 31, ECF No. 19-1.

                                                  Respectfully Submitted,

                                                  MARC ROTENBERG, D.C. Bar #422825
                                                  EPIC President and Executive Director

---

[1] Wash. Post, *Watch: Attorney General Barr Holds Press Conference About Final Mueller Report*, YouTube (Apr. 18, 2019), https://www.youtube.com/watch?v=_X13UvNBBec.
[2] *Id.*

        ALAN BUTLER, D.C. Bar #1012128
        EPIC Senior Counsel

        <u>/s/ John Davisson</u>
        JOHN DAVISSON, D.C. Bar #1531914
        EPIC Counsel
        davisson@epic.org

        ELECTRONIC PRIVACY INFORMATION
        CENTER
        1718 Connecticut Avenue, N.W.
        Suite 200
        Washington, D.C. 20009
        (202) 483-1140 (telephone)
        (202) 483-1248 (facsimile)

        *Attorneys for Plaintiff EPIC*

Dated: April 18, 2019