APPEAL,TYPE I−FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:19−cv−00810−RBW

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER v. UNITED STATES DEPARTMENT OF JUSTICE<br>Assigned to: Judge Reggie B. Walton<br> Case:  1:19−cv−00957−RBW<br>Cause: 05:552 Freedom of Information Act | Date Filed: 03/22/2019<br>Jury Demand: None<br>Nature of Suit: 895 Freedom of Information Act<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**ELECTRONIC PRIVACY INFORMATION CENTER**   represented by   **Alan Jay Butler**
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, NW
Suite 200
Washington, DC 20009
(202) 483−1140 ext 103
Fax: (202) 483−1248
Email: butler@epic.org
*ATTORNEY TO BE NOTICED*

**Marc Rotenberg**
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, NW
Suite 200
Washington, DC 20009
(202) 483−1140, ext 106
Fax: (202) 483−1248
Email: rotenberg@epic.org
*ATTORNEY TO BE NOTICED*

**John L. Davisson**
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, NW
Suite 200
Washington, DC 20009
(202) 483−1140 ext. 120
Email: davisson@epic.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES DEPARTMENT OF JUSTICE**   represented by   **Courtney Danielle Enlow**
U.S. DEPARTMENT OF JUSTICE

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8467
Email: courtney.d.enlow@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth J. Shapiro**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
(202) 514-5302
Fax: (202) 616-8470
Email: Elizabeth.Shapiro@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **DAVID ANDREW CHRISTENSON**<br>*TERMINATED: 04/05/2019* | represented by | **DAVID ANDREW CHRISTENSON**<br>P.O. Box 9063<br>Miramar Beach, FL 32550<br>(504) 715-3086<br>*PRO SE* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/22/2019 | 1 | | COMPLAINT against UNITED STATES DEPARTMENT OF JUSTICE ( Filing fee $ 400 receipt number 0090-6017881) filed by ELECTRONIC PRIVACY INFORMATION CENTER. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet, # 3 Summons, # 4 Summons, # 5 Summons)(Davisson, John) (Entered: 03/22/2019) |
| 03/23/2019 | 2 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELECTRONIC PRIVACY INFORMATION CENTER (Davisson, John) (Entered: 03/23/2019) |
| 03/25/2019 | | | Case Assigned to Judge Reggie B. Walton. (zef, ) (Entered: 03/25/2019) |
| 03/25/2019 | 3 | | SUMMONS (3) Issued Electronically as to UNITED STATES DEPARTMENT OF JUSTICE, U.S. Attorney and U.S. Attorney General. (Attachments: # 1 Notice and Consent)(zef, ) (Entered: 03/25/2019) |
| 03/26/2019 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/26/2019. Answer due for ALL FEDERAL DEFENDANTS by 4/25/2019. (Davisson, John) (Entered: 03/26/2019) |
| 03/26/2019 | 5 | | MOTION for Leave to Join and Intervene by DAVID ANDREW CHRISTENSON (jf) (Entered: 03/27/2019) |
| 03/29/2019 | 6 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Courtney Danielle Enlow on behalf of All Defendants (Enlow, Courtney) (Entered: 03/29/2019) |
| 03/29/2019 | 7 | | MOTION for Preliminary Injunction by ELECTRONIC PRIVACY INFORMATION CENTER (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit Index, # 4 Exhibit Nos. 1−7)(Davisson, John) (Entered: 03/29/2019) |
| 04/01/2019 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 4/1/2019. (Davisson, John) (Entered: 04/01/2019) |
| 04/01/2019 | 9 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF JUSTICE served on 4/1/2019 (Davisson, John) (Entered: 04/01/2019) |
| 04/01/2019 | 10 | | GENERAL ORDER. Signed by Judge Reggie B. Walton on April 1, 2019. (lcrbw1) (Entered: 04/01/2019) |
| 04/01/2019 | 11 | | ORDER. In accordance with the reasons stated in the attached Order, it is hereby ORDERED that David Christenson's 5 Motion for Leave to File Motion to Join and Intervene is GRANTED. It is further ORDERED that David Christenson shall file his motion to join or intervene on or before 12:00 p.m. on April 4, 2019. It is further ORDERED that the Department shall file its opposition to David Christenson's motion to join or intervene on or before 12:00 p.m. on April 8, 2019. It is further ORDERED that the Department shall file its opposition to the plaintiff's motion for preliminary injunction on or before April 5, 2019. It is further ORDERED that the plaintiff shall file its reply in support of its motion on or before 12:00 p.m. on April 8, 2019. It is further ORDERED that the parties shall appear before the Court for a hearing on the Plaintiff's Motion for a Preliminary Injunction on April 9, 2019, at 9:00 a.m. Signed by Judge Reggie B. Walton on April 1, 2019. (lcrbw1) (Entered: 04/01/2019) |
| 04/01/2019 | 12 | | NOTICE of Appearance by Alan Jay Butler on behalf of ELECTRONIC PRIVACY INFORMATION CENTER (Butler, Alan) (Entered: 04/01/2019) |
| 04/02/2019 | | | Set/Reset Deadlines/Hearings: David Christenson shall file his motion to join or intervene on or before 12:00 p.m. on April 4, 2019. It is further ORDERED that the Department shall file its opposition to David Christenson's motion to join or intervene on or before 12:00 p.m. on April 8, 2019. It is further ORDERED that the Department shall file its opposition to the plaintiff's motion for preliminary injunction on or before April 5, 2019. It is further ORDERED that the plaintiff shall file its reply in support of its motion on or before 12:00 p.m. on April 8, 2019. It is further ORDERED that the parties shall appear before the Court for a hearing on the Plaintiff's Motion for a Preliminary Injunction on April 9, 2019, at 9:00 a.m. Courtroom 16 before Judge Reggie B. Walton. (hs) (Entered: 04/02/2019) |
| 04/02/2019 | 13 | | LEAVE TO FILE DENIED− David Andrew Christenson's motion for leave to memorandum concerning my 20 year exercise in futility This document is unavailable as the Court denied its filing. "Leave to file is denied." Signed by Judge Reggie B. Walton on 4/2/19. (ztd) Modified to add text on 4/3/2019 (znmw). (Entered: 04/02/2019) |
| 04/02/2019 | 14 | | |

| Date | # | | Description |
|---|---|---|---|
| | | | NOTICE of Appearance by Marc Rotenberg on behalf of ELECTRONIC PRIVACY INFORMATION CENTER (Rotenberg, Marc) (Entered: 04/02/2019) |
| 04/04/2019 | 15 | | LEAVE TO FILE DENIED– David Christenson's Motion for Leave to Memorandum concerning my 20-year exercise in futility This document is unavailable as the Court denied its filing. "Leave to file is Denied," Signed by Judge Reggie B. Walton on 4/4/19. (ztd) Modified to add text on 4/5/2019 (znmw). (Entered: 04/05/2019) |
| 04/04/2019 | 16 | | MOTION to Intervene by DAVID ANDREW CHRISTENSON (Attachments: # 1 Attachments 1-4)(ztd) (Entered: 04/05/2019) |
| 04/05/2019 | 17 | | MOTION to Amend/Correct 16 MOTION to Intervene by DAVID ANDREW CHRISTENSON (ztd); ("Leave to file is Granted" signed 4/5/19 by Judge Walton) (Entered: 04/05/2019) |
| 04/05/2019 | 18 | | RESPONSE re 17 MOTION to Amend/Correct 16 MOTION to Intervene, 16 MOTION to Intervene filed by UNITED STATES DEPARTMENT OF JUSTICE. (Enlow, Courtney) (Entered: 04/05/2019) |
| 04/05/2019 | 19 | | RESPONSE re 7 MOTION for Preliminary Injunction filed by UNITED STATES DEPARTMENT OF JUSTICE. (Attachments: # 1 Exhibit Declaration of Vanessa Brinkmann)(Enlow, Courtney) (Entered: 04/05/2019) |
| 04/05/2019 | 20 | 8 | ORDER. In accordance with the reasons stated in the attached Order, it is hereby ORDERED that Mr. Christenson's 16 Motion to Join and Intervene per Judge Walton's Order dated April 1[], 2019, is DENIED. It is further ORDERED that the Court's April 1, 2019 Order, ECF No. 11, to the extent that it requires the Department to file its opposition to Mr. Christenson's motion to join or intervene on or before 12:00 p.m. on April 8, 2019, is VACATED. It is further ORDERED that Mr. Christenson's 17 Motion for Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton is DENIED. Signed by Judge Reggie B. Walton on April 5, 2019. (lcrbw1) (Entered: 04/05/2019) |
| 04/08/2019 | 21 | | REPLY to opposition to motion re 7 MOTION for Preliminary Injunction filed by ELECTRONIC PRIVACY INFORMATION CENTER. (Attachments: # 1 Exhibit 8)(Butler, Alan) (Entered: 04/08/2019) |
| 04/08/2019 | 22 | | LEAVE TO FILE DENIED– David Andrew Christenson's Letter to Judge Walton This document is unavailable as the Court denied its filing. "Leave to File is Denied." Signed by Judge Reggie B. Walton on 4/8/19. (ztd) Modified to add text on 4/9/2019 (znmw). (Entered: 04/08/2019) |
| 04/08/2019 | 23 | | NOTICE of Appearance by Elizabeth J. Shapiro on behalf of UNITED STATES DEPARTMENT OF JUSTICE (Shapiro, Elizabeth) (Main Document 23 replaced on 4/9/2019) (ztd). (Entered: 04/08/2019) |
| 04/09/2019 | | | Minute Entry; Proceedings held before Judge Reggie B. Walton: Motion Hearing held on 4/9/2019 re 7 MOTION for Preliminary Injunction filed by ELECTRONIC PRIVACY INFORMATION CENTER. Oral Ruling issued Denying Without Prejudice 7 Motion for Preliminary Injunction. Status Conference set for 5/2/2019 at 10:00 AM in Courtroom 16 before Judge Reggie B. Walton. (Court Reporter Cathryn Jones) (hs) (Entered: 04/09/2019) |

| | | | |
|---|---|---|---|
| 04/09/2019 | 24 | | ORDER. In accordance with the Court's oral rulings issued at the motion hearing held on the same date, it is hereby ORDERED that the 7 Plaintiff's Motion for a Preliminary Injunction is DENIED WITHOUT PREJUDICE. Specifically, the motion is denied because the plaintiff has not satisfied its burden of demonstrating that it faces irreparable harm in the absence of an injunction. It is further ORDERED that the government shall file its answer to the plaintiff's Complaint on or before April 25, 2019. It is further ORDERED that the parties shall appear before the Court on May 2, 2019, at 10:00 a.m. to discuss how the parties wish to proceed in this case. Signed by Judge Reggie B. Walton on April 9, 2019. (lcrbw1) (Entered: 04/09/2019) |
| 04/10/2019 | 25 | | TRANSCRIPT OF PROCEEDINGS before Judge Reggie B. Walton held on April 9, 2019; Page Numbers: 1 − 27. Court Reporter/Transcriber Cathryn Jones, Telephone number 2023543246, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/1/2019. Redacted Transcript Deadline set for 5/11/2019. Release of Transcript Restriction set for 7/9/2019.(Jones, Cathryn) (Entered: 04/10/2019) |
| 04/11/2019 | 26 | | ORDER. In accordance with the reasons stated in the attached Order, it is hereby ORDERED that, on or before April 19, 2019, the parties in the above−captioned matters shall SHOW CAUSE as to why the cases should not be consolidated. Signed by Judge Reggie B. Walton on April 11, 2019. (lcrbw1) (Entered: 04/11/2019) |
| 04/12/2019 | | | Set/Reset Deadlines: Responses to Show Cause Order due by 4/19/2019. (hs) (Entered: 04/12/2019) |
| 04/12/2019 | | | Set/Reset Hearings: Status Conference set for 5/2/2019 at 10:00 AM in Courtroom 16 before Judge Reggie B. Walton. (hs) (Entered: 04/12/2019) |
| 04/12/2019 | 27 | | RESPONSE TO ORDER TO SHOW CAUSE by UNITED STATES DEPARTMENT OF JUSTICE re 26 Order, . (Attachments: # 1 Text of Proposed Order)(Enlow, Courtney) (Entered: 04/12/2019) |
| 04/12/2019 | 31 | | LEAVE TO FILE DENIED− David Christenson's motion for leave to file a critical example of why I should prevail on behalf of you, your family, all American and Mankind This document is unavailable as the Court denied its filing.. Signed by Judge Reggie B. Walton on 4/12/19. (ztd) (Entered: 04/22/2019) |
| 04/16/2019 | 29 | | NOTICE OF APPEAL as to 20 Order on Motion to Intervene,,, Order on Motion to Amend/Correct,, by DAVID ANDREW CHRISTENSON. Fee Status: No Fee Paid. Parties have been notified. ("Leave to file granted" signed 4/16/19 |

| | | | |
|---|---|---|---|
| | | | by Judge Walton) (ztd) (Entered: 04/22/2019) |
| 04/18/2019 | 28 | | RESPONSE TO ORDER TO SHOW CAUSE by ELECTRONIC PRIVACY INFORMATION CENTER re 26 Order, . (Attachments: # 1 Exhibit No. 1 (Part 1 of 2), # 2 Exhibit No. 1 (Part 2 of 2))(Davisson, John) (Entered: 04/18/2019) |
| 04/18/2019 | 32 | | LEAVE TO FILE DENIED− David Christenson's (2) Motion to Appoint Justice (Retired) Richard A. Posner as Co−Counsel; (2) Motion for Leave to file supplemental Motion to Reconsider; and Motion for leave to file motion to reconsider This document is unavailable as the Court denied its filing.. Signed by Judge Reggie B. Walton on 4/18/19. (ztd) (Entered: 04/22/2019) |
| 04/22/2019 | 30 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court re 29 Notice of Appeal,. (ztd) (Entered: 04/22/2019) |
| 04/22/2019 | 33 | | ORDER. In accordance with the reasons stated in the attached Order, it is hereby ORDERED that the parties' obligations under the Court's April 11, 2019 Order to Show Cause are DISCHARGED. It is further ORDERED that, to the extent that the plaintiffs in the above−captioned matters are seeking the release of the Special Counsel Mueller's report regarding the investigation into Russian interference in the 2016 United States presidential election, Case No. 19−cv−810 is CONSOLIDATED with Case No. 19−cv−957. It is further ORDERED that the parties shall make all future filings only in Case No. 19−cv−810, and the Clerk of the Court shall refuse to accept any filings in Case No. 19−cv−957. Signed by Judge Reggie B. Walton on April 22, 2019. (lcrbw1) (Entered: 04/22/2019) |
| 04/23/2019 | 34 | 7 | NOTICE OF APPEAL as to 20 Order on Motion to Intervene, Order on Motion to Amend/Correct, by DAVID ANDREW CHRISTENSON. Fee Status: No Fee Paid. Parties have been notified. (zrdj) (Entered: 04/25/2019) |



## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

David Andrew Christenson – Appellant (Movant)      Case: 19-XXXX
v.      Civ. Action No. 19-810 - RBW
Appellee – NA
(Electronic Privacy Information Center v. United States Department of Justice)

### Notice of Appeal

Notice of Appeal of Order deny Movant's Motion to Join and Intervene: Case 1:19-cv-00810-RBW Document 20 Filed 04/05/19 Page 1 of 4.

GODSPEED.

Sincerely filed, In Proper Person,

David Andrew Christenson
Box 9063
Miramar Beach, Fl. 32550
504-715-3086
davidandrewchristenson@gmail.com
dchristenson6@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 20th, 2019 I filed the foregoing with the Clerk of Court and served the pleading on all counsel of record by e-mail.

David Andrew Christenson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 19-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

The plaintiff, the Electronic Privacy Information Center, brings this civil action against the defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2018), seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election." See Complaint ("Compl.") ¶¶ 2, 43. On March 26, 2019, David Christenson, proceeding pro se, submitted to the Court his Motion for Leave to File Motion to Join and Intervene ("Mot. for Leave'), which the office of the Clerk of the Court accepted for filing. Mr. Christenson represents that he "has standing and cause[;] thus[,] he is entitled to see the unredacted Special Counsel ('Mueller') Report," Mot. for Leave at 1. The Court thereafter granted Mr. Christenson's motion, see Order at 2 (Apr. 1, 2019), ECF No. 11; ordered that Mr. Christenson "file his motion to join or intervene on or before . . . April 4, 2019," id.; and ordered that the Department "file its opposition to [Mr.] Christenson's motion to join or intervene on or before . . . April 8, 2019," id. Currently pending before the Court are Mr. Christenson's (1) Motion to Join and Intervene per Judge Walton's Order dated April 1[], 2019, and (2) Motion for

Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton, dated April 5, 2019. Upon consideration of Mr. Christenson's submissions, the Court concludes that it must sua sponte deny Mr. Christenson's motion to intervene, as well as his motion for leave to file an amended motion to join and intervene.

> Federal Rule of Civil Procedure 24 states that the Court
>
> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Rule 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008).

Rule 24 also permits intervention where, "[o]n timely motion," an applicant demonstrates that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[P]ermissive intervention is an inherently discretionary enterprise" for the Court. EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). However, the putative intervenor must ordinarily present: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." Id. Additionally, a court "must consider whether the [requested] intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

An applicant seeking to intervene as a matter of right or permissively must also establish Article III standing.  See Deutsche Bank Nat'l Trust Co. v. FDIC, 717 F.3d 189, 193 (D.C. Cir. 2013) ("It is [ ] circuit law that intervenors must demonstrate Article III standing."); Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731–32 (D.C. Cir. 2003) ("[I]n addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution.").  To establish standing under Article III of the Constitution, there must be (1) an injury in fact, (2) that is fairly traceable to the challenged conduct, and (3) that is likely to be redressed by a favorable decision.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

Here, Mr. Christenson has failed to demonstrate that he has Article III standing.[1]  In a FOIA case, such as the one currently before the Court, "[a]nyone whose request for specific information has been denied has standing to bring an action," Zivotofsky v. Sec'y of State, 444 F.3d 614, 617 (D.C. Cir. 2006), because "[t]he requester is injured-in-fact . . . [by] not get[ting] what the statute entitled him to receive," id. 617–18.  Although filings by a pro se litigant "must be held to less stringent standards than [those] drafted by lawyers," Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation omitted), Mr. Christenson has nonetheless not established that he has suffered an "informational injury" because he has not shown that he,

---

[1] Because "[s]tanding is a threshold jurisdictional question, and no action of the parties can confer subject-matter jurisdiction," Nat. Res. Def. Council v. Pena, 147 F.3d 1012, 1021 n.3 (D.C. Cir. 1998) (internal quotation marks and citations omitted); see also Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 174 (D.C. Cir. 2012) ("Standing under Article III is jurisdictional."), the Court is "obligated to consider sua sponte" whether it has jurisdiction to hear the case, Gonzalez v. Thaler, 565 U.S. 134, 141 ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)).  And because the Court concludes that Mr. Christenson lacks standing in this case, it need not address the merits of the motion to join and intervene.

3

himself, submitted a request for the records at issue in this case to, and had that request denied by, the Department, see Zivotofsky, 444 F.3d at 618–19; see also Poet Design & Constr., Inc. v. U.S. Dep't of Energy, 314 F. Supp. 3d 82, 84 (D.D.C. 2018) (denying motion to intervene because applicant's counsel submitted the FOIA request and did not identify applicant as his client).  And because Mr. Christenson, in his motion for leave to file an amended motion to join and intervene, does not set forth how filing the amended motion would cure his lack of standing in this case, granting leave to file his proposed amended motion to join and intervene would be futile.  Cf. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").  Accordingly, it is hereby

**ORDERED** that Mr. Christenson's Motion to Join and Intervene per Judge Walton's Order dated April 1[], 2019, ECF No. 16, is **DENIED**.  It is further

**ORDERED** that the Court's April 1, 2019 Order, ECF No. 11, to the extent that it requires the Department to file its opposition to Mr. Christenson's motion to join or intervene on or before 12:00 p.m. on April 8, 2019, is **VACATED**.  It is further

**ORDERED** that Mr. Christenson's Motion for Leave to File Amended Motion to Join and Intervene and Open Letter to Judge Reggie B. Walton, ECF No. 17, is **DENIED**.

**SO ORDERED** this 5th day of April, 2019.

<div style="text-align:right">REGGIE B. WALTON<br>United States District Judge</div>