**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY<br>INFORMATION CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-810 (RBW) |
| | ) | |
| UNITED STATES DEPARTMENT OF<br>JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JASON LEOPOLD, BUZZFEED, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-957 (RBW) |
| | ) | |
| UNITED STATES DEPARTMENT OF<br>JUSTICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFF ELECTRONIC PRIVACY INFORMATION CENTER'S
COMPLAINT**

Defendant, the U.S. Department of Justice ("DOJ"), by and through undersigned counsel, hereby answers the Complaint (ECF No. 1) ("Complaint") filed by Plaintiff Electronic Privacy Information Center ("EPIC" or "Plaintiff") on March 22, 2019, as follows, in correspondingly numbered paragraphs:

1.      This paragraph sets forth Plaintiff's characterization of this action, to which no response is required.

2.      This paragraph sets forth Plaintiff's characterization of this action, to which no response is required.

3.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize an article from CNN, which speaks for itself.

4.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

5.      This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

6.      This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

7.      This paragraph consists of Plaintiff's characterization of itself and its work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      This paragraph consists of Plaintiff's characterization of itself and its work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      This paragraph consists of Plaintiff's characterization of itself and its work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.      This paragraph consists of Plaintiff's characterization of itself and its work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in this paragraph. Furthermore, the allegations in this paragraph purport to characterize judicial opinions, which speak for themselves.

11.     Admitted.

12.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

13.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Furthermore, the allegations in this paragraph purport to characterize a document issued by the Office of the Director of National Intelligence, which speaks for itself.

14.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Furthermore, the allegations in this paragraph purport to characterize a document issued by the Office of the Director of National Intelligence, which speaks for itself.

15.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Furthermore, the allegations in this paragraph purport to characterize a document issued by the Office of the Director of National Intelligence, which speaks for itself.

16.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Furthermore, the allegations in this paragraph purport to characterize a document issued by the Office of the Director of National Intelligence, a court filing, and a Congressional report, which speak for themselves.

17.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Furthermore, the allegations in this paragraph

purport to characterize a document issued by the Office of the Director of National Intelligence, which speaks for itself.

18.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a document issued by the Office of the Director of National Intelligence, a court filing, and Congressional testimony, which speak for themselves.

19.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a Congressional report and articles from the New York Times and the Washington Post, which speak for themselves.

20.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

21.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a press release, a regulation, and a statute, which speak for themselves.

22.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize Congressional testimony, which speaks for itself.

23.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a letter from the President, which speaks for itself.

24.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize an article by NBC News, which speaks for itself.

25.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize Order No. 3915-2017 issued by the Office of the Deputy Attorney General, which speaks for itself.

26.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize Order No. 3915-2017 issued by the Office of the Deputy Attorney General, which speaks for itself.

27.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a Department of Justice website, plea agreements, and indictments, which speak for themselves.

28.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a letter from Jefferson B. Sessions, III, a memorandum from Steven A. Engel, an article from the New York Times, and a letter from Stephen E. Boyd, which speak for themselves.

29.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize a Congressional roll call vote, which speaks for itself.

30.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize "Responses from William P. Barr, Nominee to be U.S. Att'y General, to Questions from Sen. Chris Coons," a memorandum from John M. Dowd, a Twitter statement from @RudyGiuliani, and articles from NPR, the New York Times, the Washington Post, and the Wall Street Journal, which speak for themselves.  Defendant avers that on March 22, 2019, the Attorney General wrote a letter to The Honorable Lindsey Graham, The Honorable Jerrold Nadler, The Honorable Dianne Feinstein, and The Honorable Doug Collins, in which he stated, "The Special Counsel has submitted to me today a 'confidential report explaining the prosecution or declination decisions' he has reached, as required by 28 C.F.R. § 600.8(c)."  *See* Pl.'s Mot., Ex. 5, ECF No. 7-4.

31.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.  Furthermore, the allegations in this paragraph purport to characterize a regulation, Order No. 3915-2017 issued by the Office of the Deputy Attorney General, and articles from the New York Times, which speak for themselves.

32.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Furthermore, the allegations in this paragraph purport to characterize articles from the New York Times and the Washington Post, which speak for themselves.  Defendant avers that on March 22, 2019, the Attorney General wrote a letter to The Honorable Lindsey Graham, The Honorable Jerrold Nadler, The Honorable Dianne Feinstein, and The Honorable Doug Collins, in which he stated, "The Special Counsel has submitted to me

today a 'confidential report explaining the prosecution or declination decisions' he has reached, as required by 28 C.F.R. § 600.8(c)."   *See* Pl.'s Mot., Ex. 5, ECF No. 7-4.   The last sentence is denied.

33.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   Furthermore, the allegations in this paragraph purport to characterize an article from the Washington Post, which speaks for itself.

34.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.

35.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize Order No. 3915-2017 issued by the Office of the Deputy Attorney General, which speaks for itself.

36.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, which speaks for itself.

37.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, which speaks for itself.

38.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's

conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, which speaks for itself.

39.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, which speaks for itself.

40.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, judicial opinion, and a statement in the Congressional Record, which speak for themselves.

41.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.   This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.   Furthermore, the allegations in this paragraph purport to characterize a regulation, which speaks for itself.

42.     Admitted.

43.     Admitted. Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

44.     Admitted. Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

45.     Admitted that "EPIC sought expedited processing of its FOIA request."   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant

respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

46.     Admitted that EPIC stated in its FOIA request that "there is an 'urgency to inform the public about an actual or alleged federal government activity,'" and that EPIC stated in its FOIA request that EPIC "is primarily engaged in disseminating information."  The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

47.     Admitted that EPIC stated the quoted language in this paragraph in its FOIA request dated November 5, 2018.   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

48.     Admitted that EPIC stated the quoted language in this paragraph in its FOIA request dated November 5, 2018.   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

49.     Admitted that EPIC stated the quoted language in this paragraph in its FOIA request dated November 5, 2018.   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is

required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

50.     Admitted that EPIC stated the quoted language in this paragraph in its FOIA request dated November 5, 2018.   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

51.     Admitted that EPIC stated the quoted language in this paragraph in its FOIA request dated November 5, 2018.   The rest of the allegations in this paragraph are Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, for a full and accurate statement of its contents.

52.     Admitted.  Defendant respectfully refers the Court to the letter from DOJ's Office of Information Policy ("OIP") dated November 15, 2018, for a full and accurate statement of its contents.

53.     Admitted that in the letter dated November 15, 2018, OIP stated, "We have not yet completed a search to determine whether there are records within the scope of your request."  The rest of the allegations in this paragraph are Plaintiff's characterization of OIP's letter, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the letter from OIP dated November 15, 2018, for a full and accurate statement of its contents.

54.     Admitted that in the letter dated November 15, 2018, OIP stated, "The records you seek require a search in and/or consultation with another Office, and so your request falls within

'unusual circumstances.'  See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V. 2017).  Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute."  The rest of the allegations in this paragraph are Plaintiff's characterization of OIP's letter, to which no response is required.  To the extent a response is required, these allegations are denied.  This paragraph also sets forth Plaintiff's conclusions of law, to which no response is required.  Defendant respectfully refers the Court to the letter from OIP dated November 15, 2018, for a full and accurate statement of its contents.

55.     Admitted.  Defendant respectfully refers the Court to the letter from OIP dated November 15, 2018, for a full and accurate statement of its contents.

56.     Admitted that in the letter dated November 15, 2018, OIP stated, "This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally."  The rest of the allegations in this paragraph are Plaintiff's characterization of the FOIA request and OIP's letter, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the FOIA request dated November 5, 2018, and the letter from OIP dated November 15, 2018, for a full and accurate statement of their contents.

57.     Admitted that in the letter dated November 15, 2018, OIP stated, "Please be advised the Director has determined that your request for expedited processing should be denied."  The rest of the allegations in this paragraph are Plaintiff's characterization of OIP's letter, to which no response is required.  To the extent a response is required, these allegations are denied.  Defendant respectfully refers the Court to the letter from OIP dated November 15, 2018, for a full and accurate statement of its contents.

58.     Admitted that the FOIA request at issue in this case was received on November 5, 2018.

59.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

60.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

61.     Admitted that EPIC submitted a FOIA Appeal to the Director of OIP on December 21, 2018, concerning the DOJ's denial of expedited processing.  Defendant respectfully refers the Court to the FOIA Appeal dated December 21, 2018, for a full and accurate statement of its contents.

62.     Admitted that the FOIA Appeal in this case was received on December 21, 2018.

63.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

64.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

65.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

66.     Defendant incorporates by reference its answers to all of the preceding paragraphs.

67.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

68.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

69.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

70.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

71.     Defendant incorporates by reference its answers to all of the preceding paragraphs.

72.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

73.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

74.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

75.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

76.     Defendant incorporates by reference its answers to all of the preceding paragraphs.

77.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

78.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

79.     This paragraph sets forth Plaintiff's conclusions of law, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations

contained in the remaining paragraphs of the Complaint and further avers that Plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Complaint not expressly admitted or denied.

Dated: April 25, 2019                              Respectfully submitted,

                                                   HASHIM MOOPPAN
                                                   Deputy Assistant Attorney General
                                                   Civil Division

                                                   ELIZABETH J. SHAPIRO
                                                   Deputy Director
                                                   Federal Programs Branch

                                                   */s/ Courtney D. Enlow*
                                                   COURTNEY D. ENLOW
                                                   Trial Attorney
                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street, N.W.
                                                   Room 12102
                                                   Washington, D.C. 20005
                                                   Tel: (202) 616-8467
                                                   Email: courtney.d.enlow@usdoj.gov

                                                   *Counsel for Defendant*

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

/s/ Courtney D. Enlow
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov