**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELECTRONIC PRIVACY INFORMATION CENTER,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 19-cv-810 (RBW)

JASON LEOPOLD, BUZZFEED, INC.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.

Defendants.

Civil Action No. 19-cv-957 (RBW)

**DEFENDANT'S STATUS REPORT**

Defendant, the U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits the following status report to propose a schedule for further proceedings in this consolidated matter.

Briefing Schedule for the Mueller Report

1. The parties have conferred regarding the briefing schedule for Defendant's motion for summary judgment.

2. Defendant expects to release the report issued by Special Counsel Robert S. Mueller, III to the Attorney General pursuant to 28 C.F.R. § 600.8 (the "Mueller Report") with

the appropriate exemption markings under the Freedom of Information Act ("FOIA") to Plaintiffs Electronic Privacy Information Center ("EPIC"), Jason Leopold, and BuzzFeed, Inc. no later than Monday, May 6.

3. Defendant proposes that Plaintiffs identify the withholdings they intend to challenge one (1) week after release of the Mueller Report to Plaintiffs[1]; that Defendant files its motion for summary judgment three (3) weeks later; that Plaintiffs file their response and cross-motion for summary judgment three (3) weeks later; that Defendant files its reply two (2) weeks later; and that, if and only if Defendant files supplemental declarations with its reply, that Plaintiffs file a reply one (1) week later.

4. Therefore, if the Mueller Report is released on May 2 or 3,[2] the schedule would be as follows:

- Friday, May 10: Plaintiffs identify the withholdings they intend to challenge
- Friday, May 31: Defendant's motion for summary judgment
- Friday, June 21: Plaintiffs' responses and cross-motions for summary judgment
- Friday, July 5: Defendant's reply in support of its motion for summary judgment and response to Plaintiffs' cross-motions for summary judgment
- Friday, July 12: Plaintiffs' reply in support of their cross-motions for summary judgment (if, and only if, Defendant submits supplemental declarations in support of its reply brief)

[1] The estimation of three weeks is subject to Defendant's request to waive Local Rule 7(h) as set forth in paragraph 9. If the Court declines to waive application of the Local Rule, Defendants would request 30 days.

[2] The parties conferred and agreed that even if the report is released to Plaintiffs on Thursday, May 2, Defendant would nevertheless file its motion for summary judgment on a Friday and the remaining briefs would be filed on subsequent Fridays.

    5.    If the Mueller Report is released on Monday, May 6, the schedule would be as follows:

- Monday, May 13: Plaintiffs identify the withholdings they intend to challenge
- Monday, June 3: Defendant's motion for summary judgment
- Monday, June 24: Plaintiffs' responses and cross-motions for summary judgment
- Monday, July 8: Defendant's reply in support of its motion for summary judgment and response to Plaintiffs' cross-motions for summary judgment
- Monday, July 15: Plaintiffs' reply in support of their cross-motions for summary judgment (if, and only if, Defendant submits supplemental declarations in support of its reply brief)

    6.    In order to narrow the issues in dispute, Defendant urges the Court to build into the schedule some time—a week or less—for both Plaintiffs to review the markings and determine which redactions they intend to challenge. In the parties' meet-and-confer, Plaintiffs insisted that they would challenge every redaction to the Mueller Report until they saw the agency's declarations. That course, however, will only delay the government's ability to expeditiously brief summary judgment. Moreover, the justification for many of the redactions are apparent from the context of the surrounding text of the Mueller Report, much of which is unredacted. In the event Plaintiffs decline to narrow their challenges, Defendant nevertheless would request the additional week built into the schedule above in which to prepare its motion.

    7.    The schedule above sets forth the minimum time Defendant requires to prepare and file its motion for summary judgment and comprehensive declarations, which will require coordination with other offices.

8.      Defendant needs a minimum of two weeks to prepare and file its reply in support of its motion for summary judgment and response to Plaintiffs' cross-motions for summary judgment because Plaintiffs have stated that they intend to file two separate briefs, rather than one consolidated brief.  Defendant needs sufficient time to review both briefs, prepare a response to each Plaintiff's arguments, and, if necessary, prepare supplemental declarations.

9.      Defendant respectfully requests that the Court waive Local Civil Rule 7(h), which requires the parties to file a statement of material facts with their motions for summary judgment and a "statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated" with their response briefs. Statements of material facts would not serve a meaningful purpose in the parties' cross-motions for summary judgment concerning the Mueller Report, but would take time away from the preparations of the motions and supporting declaration(s).  If the Court is not inclined to waive the requirement under Local Civil Rule 7(h), Defendant respectfully requests that the Court grant Defendants 30 days to file its motion for summary judgment and statement of material facts, and three weeks to file its reply in support of its motion for summary judgment, response to Plaintiffs' cross-motions for summary judgment, and response to both sets of Plaintiffs' statements of material facts.

10.     Defendant opposes EPIC's request that the Court set oral argument for July 8. Pl.'s Status Report ¶ 12. Defendant respectfully requests that the Court decline to schedule oral argument at this time. Instead, as is the ordinary practice in FOIA cases, the Court should review the parties' filings and supporting declarations, and, if the Court determines that oral argument would be helpful, it can set a date for argument at that time. *See* Local Civil Rule 7(f) (stating that whether to have a hearing is "within the discretion of the Court"). Under

FOIA, courts uphold an agency's determination that information falls within one of FOIA's enumerated exemptions so long as the agency's declarations logically and plausibly support the withholding. *See Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). Accordingly, courts typically rest their decisions on the sufficiency of the agency's declarations. *See James Madison Project v. Dep't of Justice*, 330 F. Supp. 3d 192, 201 (D.D.C. 2018) (determining, in a FOIA case, that there was "no need for oral argument"); *Truthout v. Dep't of Justice*, 20 F. Supp. 3d 760, 764 (E.D. Cal. 2014), *aff'd*, 667 F. App'x 637 (9th Cir. 2016) (stating, in a FOIA case that "[a]fter reviewing the party's filings, the court determined that oral argument was unnecessary").

11. Defendant also opposes EPIC's request "that the Court order the DOJ to make the original, unredacted version of the Special Counsel's Report available for *in camera* inspection with the filing of the agency's Motion for Summary Judgment on May 24, 2019." Pl.'s Status Report ¶ 13. This request is premature because the agency has not yet submitted declarations that set forth the reasons for invoking exemptions. As this Circuit has held, *in camera* review should be reserved for when a court find's the agency's declarations to be insufficient. *See Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008) ("When a district court finds that a law enforcement agency's affidavits sufficiently describe the documents and set forth proper reasons for invoking an exemption, in camera inspection of those documents is unnecessary."). At a minimum, EPIC's request is premature.

Schedule Concerning EPIC's Remaining FOIA Requests

12. Defendant and EPIC have conferred regarding a schedule for the processing of the remainder of EPIC's FOIA Request.

13. On April 30, 2019, EPIC agreed to narrow the scope of its request in the two ways outlined in EPIC's status report. *See* Pl.'s Status Report ¶ 15. On May 1, Defendant suggested further narrowing of EPIC's request. Defendant will continue to confer with EPIC about the scope of its requests.

14. Defendant agrees to EPIC's request that Defendant "first prioritize the processing and release of all non-exempt records responsive to Category 5." Pl.'s Status Report ¶ 16. To the extent there are any non-exempt records responsive to Category 5, Defendant commits to produce them by June 3, 2019. EPIC also proposes that after Defendant completes production of records responsive to Category 5, that the parties "then confer regarding the processing of the remaining categories and file a status report with the Court establishing a production schedule" on June 17. Pl.'s Status Report ¶ 17. Defendant agrees to file a status report on June 17. It cannot commit to proposing a processing schedule, however. The Special Counsel's Office is currently winding down and is in the process of transferring control of its records to other offices and custodians. Until the Department has a better understanding of where these records will ultimately reside; the final scope of Plaintiff's request; and the approximate volume of records that will be responsive, a processing schedule cannot even be estimated. Nevertheless, on June 17, the Department is prepared to provide an update on these issues.

Dated: May 1, 2019                                  Respectfully submitted,

                                               HASHIM MOOPPAN
Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov