**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 19-cv-810 (RBW) |
| JASON LEOPOLD, BUZZFEED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, et al. <br><br> Defendants. | Civil Action No. 19-cv-957 (RBW) |

## JOINT STATUS REPORT

In accordance with this Court's Order, Plaintiff, the Electronic Privacy Information Center ("EPIC"), and Defendant, the U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submit the following "joint status report regarding how the case shall proceed with respect to the additional documents sought by the Electronic Privacy Information Center." Order 3, ECF No. 43.

1. Counsel for EPIC and DOJ have conferred regarding further proceedings with respect to the remainder of EPIC's FOIA Request, but have been unable to agree to a schedule.[1] Below the parties outline events occurring since the last status report and provide their positions on further proceedings.

2. On April 30, 2019, EPIC agreed to narrow the scope of its FOIA request in the two ways outlined in EPIC's status report. *See* Pl.'s Status Report ¶ 15, ECF No. 38. Specifically, EPIC struck "the term 'drafts' from all seven categories in its FOIA request" and "clarif[ied] that in Category 7(a) EPIC is seeking only 'All other *formal written* reports, *excluding e-mails, informal communications, and logistical memoranda*, summarizing or describing…'" *Id.*

3. On June 3, 2019, in compliance with this Court's Order, DOJ's Office of Information Policy ("OIP") provided a response to EPIC regarding Category 5 of EPIC's FOIA request. *See* Order 3, ECF No. 43.

4. On June 7, 2019, EPIC agreed to further narrow the scope of its FOIA request in two ways. First, EPIC defined "supporting materials" in each subcategory (b) of its request to mean "all attachments, appendices, and enclosures associated with the documents described in subpart (a) of each category." Second, EPIC agreed to strike the term "outlines" from each numbered category in the FOIA request.

### DOJ's Position

5. The Special Counsel's Office is winding down and is in the process of transferring control of its records, which are voluminous, to other DOJ offices and custodians. DOJ is diligently

---

[1] Because Jason Leopold and BuzzFeed, Inc.'s FOIA request addressed only the confidential report submitted by Special Counsel Robert S. Mueller, III to the Attorney General titled "Report On The Investigation Into Russian Interference In The 2016 Presidential Election," the parties did not confer with counsel for Mr. Leopold and BuzzFeed, Inc. regarding further proceedings in this case.

working to inventory these records and expects to have the inventory completed by the end of June.

6. After the documents are inventoried, OIP will be able to complete searches for responsive documents. DOJ does not currently anticipate a voluminous production of documents responsive to EPIC's FOIA request. However, because OIP has been unable to complete some of its searches for documents responsive to EPIC's FOIA request, DOJ is not currently able to determine the approximate number of records responsive to each individual category of EPIC's FOIA request. Once the documents are inventoried, OIP estimates that it will need 45 days to conduct the searches for records responsive to EPIC's FOIA request. Therefore, OIP commits to completing its searches by August 14, 2019. Once OIP performs the searches, DOJ will be able to provide an estimate of the number of records responsive to each of EPIC's FOIA requests. Until OIP ascertains the number and the character of records responsive to EPIC's FOIA request, DOJ is unable to commit to a processing schedule.

7. DOJ commits to responding to EPIC in a timely fashion and on a rolling basis concerning individual categories of its FOIA request. Once OIP completes its search, and, if necessary, its processing of responsive documents, for an individual category of EPIC's FOIA request, DOJ will provide a response (including any non-exempt responsive records) to EPIC as to that category.

8. DOJ respectfully proposes that the parties file an additional joint status report on August 28, 2019,[2] informing the Court of the status of production, including, if appropriate, the approximate number of records responsive to the remaining individual categories of EPIC's FOIA request and a schedule for the production of any non-exempt responsive records. At that point, the

---

[2] Counsel for Defendant will be out of the office from August 12 through August 23.

processing schedule should not be based on the number of pages of responsive records, but on the character and complexity of the documents.

### EPIC's Position

9. EPIC welcomes the DOJ's commitment to complete its search for records responsive to EPIC's FOIA request by August 14, 2019. However, given the agency's obligation to process EPIC's request "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii)—and the Court's view that this case should proceed "as expeditiously as humanly possible," Hr'g Transcript 26:12, ECF No. 25—EPIC believes it would be ineffective and inappropriate to set an open-ended schedule with no fixed production deadlines.

10. Accordingly, EPIC proposes that the DOJ's production of records responsive to EPIC's FOIA request proceed as follows:

- By **August 14, 2019**, the DOJ shall complete its search for records responsive to EPIC's FOIA request.

- If the DOJ identifies up to 750 pages of responsive records, the DOJ shall process all responsive records and disclose to EPIC all non-exempt portions thereof by **September 16, 2019**.

- If the DOJ identifies more than 750 pages of responsive records, the DOJ shall process at least 750 pages per month and disclose to EPIC all non-exempt portions thereof on the following basis:

    - **September 16, 2019** - First production
    - **October 15, 2019** - Second production
    - **November 15, 2019** - Third production
    - **December 16, 2019** - Fourth production

11. The above schedule is consistent with this Court's practice of ordering rolling productions of records in cases involving expedited FOIA requests. *E.g.*, Tr. of Status Conference 9, ECF No. 13, *CREW v. DOJ*, No. 18-1766-RBW (D.D.C. argued Oct. 3, 2018) (ordering the DOJ to process

Case 1:19-cv-00810-RBW   Document 61   Filed 06/17/19   Page 4 of 5

750 pages per month responsive to plaintiff's expedited FOIA request despite the agency's representation that it could only process 500 pages per month).

12. The above schedule is also practicable and reasonable, given EPIC's agreement to substantially narrow its FOIA request in four respects and the DOJ's expectation that there will not be "a voluminous production of documents responsive to EPIC's FOIA request."

Dated: June 17, 2019

MARC ROTENBERG, D.C. Bar #422825
EPIC President and Executive Director

/s/ Alan Butler
ALAN BUTLER, D.C. Bar #1012128
EPIC Senior Counsel

JOHN DAVISSON, D.C. Bar #1531914
EPIC Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Attorneys for Plaintiff*

Respectfully submitted,

HASHIM MOOPPAN
Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

/s/ Courtney D. Enlow
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*