UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 19-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) | |

# **ORDER**

On May 3, 2019, the Court ordered that the plaintiff, the Electronic Privacy Information Center, and the defendant, the United States Department of Justice, to "submit a joint status report [on or before June 17, 2019,] regarding how the case shall proceed with respect to the additional documents sought by the Electronic Privacy Information Center," and that they "appear for a status conference on July 2, 2019, . . . in order to propose a production schedule to the Court for the additional documents sought by the Electronic Privacy Information Center." Order at 2 (May 3, 2019), ECF No. 43. On June 17, 2019, in accordance with the Court's May 3, 2019 Order, the parties filed a Joint Status Report (June 17, 2019), ECF No. 61, in which they represent that despite their "agree[ment] to further narrow the scope of [the plaintiff's] FOIA request,"[1] they "have been unable to agree to a [production] schedule." Joint Status Report at 2. The defendant represents that "[t]he Special Counsel's Office . . . is in the process of transferring

---

[1] In its April 30, 2019 Status Report, the plaintiff represented that it agreed to "strike the term 'drafts' from all seven categories in its FOIA request," and to exclude "e-mails, informal communications, and logistical memoranda" from "the [ ] formal written reports" sought in Category 7(a) of its FOIA Request. Status Report at 3 (Apr. 30, 2019), ECF No. 38. The parties now represent that the plaintiff has agreed to "define[] 'supporting materials' in each subcategory (b) of its request to mean 'all attachments, appendices, and enclosures associated with the documents described in subpart (a) of each category,'" and to "strike the term 'outlines' from each numbered category in the FOIA request." Joint Status Report at 2.

control of its records, which are voluminous, to other [ ] offices and custodians," and that the defendant "is diligently working to inventory these records" and "expects to have the inventory completed by the end of June." Id. at 2–3.  According to the defendant, "[o]nce the documents are inventoried, [the defendant's Office of Information Policy ('OIP')] . . . will need 45 days to conduct the searches for records responsive to [the plaintiff's] FOIA request," and "[u]ntil OIP ascertains the number and the character of records responsive to [the plaintiff's] FOIA request, [the defendant] is unable to commit to a processing schedule." Id. at 3.  However, in light of the defendant's representation that its "[c]ounsel . . . will be out of the office from August 12[, 2019] through August 23[, 2019]," id. at 3 n.2, it is hereby

**ORDERED** that, on or before August 8, 2019, the defendant shall complete its searches for records responsive to the remaining categories of the plaintiff's FOIA request.  It is further

**ORDERED** that the status conference currently scheduled on July 2, 2019, is **CONTINUED** to August 9, 2019, at 2:30 p.m., during which the parties shall propose a production schedule to the Court for the additional documents sought by the plaintiff.  The defendant shall be prepared to provide an estimate of the number of records responsive to each categories of the plaintiff's FOIA request.

**SO ORDERED** this 20th day of June, 2019.

REGGIE B. WALTON<br>United States District Judge