**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,  ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) JUSTICE, ) ) ) Defendant. ) | Civil Action No. 19-810 (RBW) |
| JASON LEOPOLD & ) BUZZFEED, INC., ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) JUSTICE, et al., ) ) Defendants. ) | Civil Action No. 19-957 (RBW) |

**ORDER**

The above-captioned matters were consolidated on April 22, 2019, to the extent that the plaintiffs, the Electronic Privacy Information Center (the "EPIC plaintiff") and Jason Leopold and Buzzfeed Incorporated (collectively, the "Leopold plaintiffs"), are "seeking the release of the Special Counsel Robert Mueller's report regarding the investigation into Russian interference in the 2016 United States presidential election" (the "Mueller Report").  Order at 2 (Apr. 22, 2019), ECF No. 33, Electronic Privacy Information Center v. U.S. Dep't of Justice, Civ. Action No. 19-810.  On June 3, 2019, the United States Department of Justice, on behalf of itself and its Office

of the Attorney General, Deputy Attorney General, and Office of the Special Counsel (collectively, the "Department of Justice"), filed a motion for summary judgment.  See generally Department of Justice's Motion for Summary Judgment in Leopold v. Department of Justice and Partial Summary Judgment in Electronic Privacy Information Center v. Department of Justice. Thereafter, the EPIC plaintiff and the Leopold plaintiffs separately filed their own cross-motions for summary judgment and their oppositions to the Department of Justice's motion for summary judgment.  See generally Plaintiff's Combined Opposition to Defendant's Motion for Partial Summary Judgment, Cross-Motion for Partial Summary Judgment, and Motion for In Camera Review of the "Mueller Report," ECF No. 71; Plaintiffs Jason Leopold's and Buzzfeed Inc.'s Motion for Summary Judgment, ECF No. 73.

On June 28, 2019, Citizens for Responsibility and Ethics in Washington ("CREW") filed a motion for leave to file a brief as amicus curiae "in opposition to the Department of Justice's motion for summary judgment and in support of [the] [p]laintiffs' motions for summary judgment."  Motion of Citizens for Responsibility and Ethics in Washington for Leave to File a Brief as Amicus Curiae ("Mot. for Leave") at 1.  CREW represents that, as a nonprofit, nonpartisan corporation that "seeks to protect the rights of citizens to be informed about the activities of government officials and to ensure the integrity of those officials," it "frequently files and litigates Freedom of Information Act ("FOIA") requests, including requests for records relating to criminal and civil investigations," and that it specifically "has engaged in public education concerning the Special Counsel regulations as well as the issues that Special Counsel [ ] Mueller investigated."  Id. at 2.  CREW asserts that its "proposed amicus brief offers a perspective offered by neither party regarding the application of the deliberative process privilege to the [Mueller] Report."  Id.  Specifically, it claims that in

> determining whether portions of the [Mueller] Report are predecisional or deliberative and therefore subject to withholding under Exemption 5 of the FOIA and the deliberative process privilege, the Court must consider the authority that Acting Attorney General [Rod] Rosenstein delegated to the Special Counsel, the Special Counsel regulations, and the relationship between the [Mueller] Report and the decisions reached by the Special Counsel.

Id.  CREW also contends that its "participation in this matter as an amicus curiae would not unduly delay the Court's ability to rule on the parties' cross motions [for] summary judgment" because the briefing of dispositive motions will not be complete until July 15, 2019.  Id. at 2–3.

The Department of Justice argues in response that "CREW's motion for leave to participate as amicus should be denied" for several reasons.  Defendant's Opposition to CREW's Motion for Leave to File a Brief as Amicus Curiae ("Def.'s Opp'n") at 4.  First, it contends that the plaintiffs are "already represented by able counsel," who "have litigated dozens, if not hundreds, of FOIA cases over a number of years" and who "do not need a third-party advocacy organization to assist them in arguing against the application of ordinary FOIA exemptions, such as Exemption 5."  Id. at 1–2.  Second, the Department of Justice argues that because the "plaintiffs' oppositions and cross-motions for summary judgment already thoroughly address Exemption 5," id., and because "[h]ow competent counsel choose to frame [the Exemption 5] argument is [within] their litigation judgment," "CREW's desire to argue the same issue in a supposedly different way is not a valid basis to participate as amicus," id. at 2.  According to the Department of Justice, CREW's proposed amicus brief is not helpful to the Court in adjudicating the parties' claims because it does not "offer[] unique information or perspective . . . that is not otherwise before the Court."  Id. at 3.  Third, the Department of Justice urges the Court to consider "CREW's status as a non-neutral and frequent FOIA requester that proposes to join forces with the two FOIA requesters already in the case," id., and argues that "CREW's interest in the case is not sufficiently distinct from [the] plaintiffs' [interest such] that it would assist the

3

Court in resolving the pending motions," id. at 1–2.  Finally, the Department of Justice argues that "CREW's motion prejudices [it] . . . [and] comes too late in the briefing to permit a timely response."  Id. at 2.  Specifically, the Department of Justice contends that because it must file its opposition to the plaintiffs' cross-motions for summary judgment and its reply in support of its motion for summary judgment on July 8, 2019, it "has insufficient time in which to review the amicus brief and respond to it," id. at 4 (claiming that "[b]ased on the local rules, the [Department of Justice] is entitled to fourteen days to respond to CREW's motion" (emphasis added)), and that "[a]ny such response would [ ] come at the expense of [the] page limitation [on its opposition and reply], which is already stretched from responding in one brief to the [ ] plaintiffs' [separate] [cross-motions]," id.

Local Civil Rule 7 requires that a motion for leave to file an amicus curiae brief "state the nature of the movant's interest; identify the party or the parties supported, if any; and set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." LCvR 7(o)(2).  Courts have "broad discretion to permit the proposed intervenor[] to participate as [an] amic[us] curiae."  District of Columbia v. Potomac Elec. Power Co., 826 F. Supp. 2d 227, 237 (D.D.C. 2011).  A court may grant a motion for leave to participate as amicus curiae "if the information offered is timely and useful," Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 846 (D.D.C. 1996) (citation omitted), but the motion must "be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter," LCvR 7(o)(2).

The Court concludes that permitting CREW to file its proposed amicus brief is appropriate.   As an initial matter, the Department of Justice is correct that the plaintiffs have already addressed Exemption 5.  However, although the Court does not question that the

plaintiffs "are represented by able and experienced counsel," Def.'s Opp'n at 2, the Court does not agree with the Department of Justice that CREW's proposed amicus brief does not "offer[] unique information or perspective." Def.'s Opp'n at 3. Contrary to the Department of Justice's contention that CREW's proposed amicus brief "is not helpful to the Court," Def.'s Opp'n at 3, the proposed amicus brief supports and expands upon the arguments raised by the plaintiffs in their cross-motions and oppositions. Compare Memorandum of Points and Authorities in Support of Plaintiff's Combined Opposition and Cross-Motion for Partial Summary Judgment, Summary Judgment and Motion for In Camera Review of the "Mueller Report" at 31–35, ECF No. 71-1, and Plaintiffs Jason Leopold's and Buzzfeed Inc.'s Combined Memorandum in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary[ ]Judgment at 46–50, ECF No. 73-1, with Brief of Citizens for Responsibility and Ethics in Washington as Amicus Curiae in Support of Plaintiffs' Motions for Summary Judgment, ECF No. 23-1. In fact, given CREW's "familiarity and knowledge of the issues raised [in this case]," Ellsworth Assocs., Inc., 917 F. Supp. at 846; see also Potomac Elec. Power Co., 826 F. Supp. 2d at 237 (permitting organizations to participate as amici curiae because they had "relevant expertise," and therefore "the Court . . . may benefit from their input in evaluating the proposed consent decree" at issue), CREW's amicus brief may aid the Court in determining whether the Department of Justice has appropriately withheld information from the Mueller Report under Exemption 5 of the FOIA and the deliberative process privilege. See Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (permitting an organization's participation as amicus curiae because the organization "s[ought] to support the government's arguments . . . , [and thus,] the court may benefit from [its] input"). The Court also finds that CREW's motion is timely and will not unduly delay the Court's

consideration of the parties' cross-motions for summary judgment given that CREW's proposed amicus brief will enhance the Court's ability to more efficiently resolve the numerous issues raised in the parties' submissions.  However, to eliminate any prejudice that might result if the Department of Justice were not given sufficient time and opportunity to respond to the arguments raised in CREW's amicus brief, and to avoid any further delay caused by the Department of Justice having to request an extension of time to file a reply in support of its motion for summary judgment and opposition to the plaintiffs' cross-motions for summary judgment and CREW's amicus brief, the Court will grant the Department of Justice additional time and pages to adequately address the arguments raised in CREW's amicus brief.  Accordingly, it is hereby

**ORDERED** that the Motion of Citizens for Responsibility and Ethics in Washington for Leave to File a Brief as Amicus Curiae, ECF No. 75, is **GRANTED**.  It is further

**ORDERED** that the Brief of Citizens for Responsibility and Ethics in Washington as Amicus Curiae in Support of Plaintiffs' Motions for Summary Judgment, ECF No. 75-2, is **ACCEPTED AS FILED**.  The Clerk of the Court shall file ECF No. 75-2 as a separate entry on the docket.  It is further

**ORDERED** that the summary judgment briefing schedule is **MODIFIED** as follows:

1. the Department of Justice, on or before July 12, 2019, shall file one submission that shall include (1) its reply in support of its motion for summary judgment, if any, and (2) a combined opposition to the EPIC plaintiff's cross-motion for summary judgment, the Leopold plaintiffs' cross-motion for summary judgment, and CREW's amicus brief; and

2. the plaintiffs, on or before July 19, 2019, shall jointly file a combined reply in support of their cross-motions for summary judgment.

It is further

**ORDERED** that the page limitation prescribed in Local Civil Rule 7(e) is **WAIVED** with respect to the Department of Justice's forthcoming reply in support of its motion for summary judgment and opposition to the plaintiffs' cross-motions for summary judgment and CREW's amicus brief.  The Department of Justice's reply in support of its motion for summary judgment and opposition to the plaintiffs' cross-motions for summary judgment and CREW's amicus brief shall not exceed fifty-five (55) pages.

**SO ORDERED** this 5th day of July, 2019.

                                                REGGIE B. WALTON
                                                United States District Judge