# Exhibit 1

Second Declaration of Vanessa Brinkmann, with supporting exhibit,

dated July 12, 2019

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 19-cv-810 (RBW) |
| JASON LEOPOLD, BUZZFEED, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.<br><br>*Defendants*. | Civil Action No. 19-cv-957 (RBW) |

## SECOND DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (the Department or DOJ). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from within six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General (OAG),

1

Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  Moreover, the IR Staff is responsible for processing FOIA requests seeking certain records from the Special Counsel's Office (SCO).

2.  The IR Staff of OIP determines whether records responsive to requests exist and, if so, whether they can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, in other components within the Department of Justice, as well as with others in the Executive Branch.

3.  I make the statements herein on the basis of personal knowledge, on my review of the information at issue, as well as on information acquired by me in the course of performing my official duties.

4.  This second declaration supplements and incorporates by reference my June 3, 2019 Declaration in support of the Department's Motion for Summary Judgment, see ECF No. 54-3, which described OIP's processing of the confidential "Report on the Investigation Into Russian Interference in the 2016 Presidential Election" ("the Report").

5.  As explained in my June 3, 2019 Declaration, OIP began its FOIA processing of the Report on April 18, 2019, the same day that the Attorney General released the initial, redacted version to Congress and the public.  As part of its FOIA processing and review, OIP reviewed both the unredacted version of the Report as well as the publicly released version with the Attorney General's redactions, and compared them to determine whether the redacted information was exempt from disclosure under the FOIA.  OIP determined that all of the information redacted in the Attorney General's release was exempt from disclosure under the FOIA, often on the basis of multiple overlapping FOIA exemptions.  OIP took great care to mark each redaction in the Report with all applicable FOIA exemption(s) and, later, to further explain

the FOIA withholdings, applied the coded categories as described in my June 3, 2019 Declaration to each redaction in the Report.

6. OIP prioritized the processing of the confidential Report in order to produce a FOIA-redacted version of the Report to Plaintiffs as soon as practicable, and completed the FOIA review of the 448-page Report in just over two weeks. Subsequent to the release of the FOIA-processed version of the Report and a further-processed coded version of the Report, OIP identified a very small number of errors in some of the FOIA markings – consisting of unintentional mislabeling of a handful of FOIA redactions (i.e. affecting only the "labeling" of the redactions, and not the information that was actually redacted). OIP discovered and corrected these errors after providing a FOIA-marked version of the Report to Plaintiffs on May 6, 2019, but before providing a more detailed FOIA-marked Report to the Court on June 3, 2019. See ECF No. 54-3, n. 6. One day after the submission of the declaration, OIP discovered one additional labeling error to the FOIA-marked version of the Report that was submitted as Exhibit D to my declaration, and promptly corrected that error. See ECF No. 55.

7. OIP now corrects one minor inadvertent over-redaction in which a redaction box applied by OIP was mistakenly extended over a citation at the end of one footnote. Specifically, in footnote 16 on page 16 of Volume I of the Report, OIP inadvertently over-extended a redaction box to cover a citation ("*See* SM-2230634, serials 131 & 204.") that was publicly released by the Attorney General on April 18, 2019. The slight over-redaction of footnote 16 on page 16 of Volume I of the Report was simply a mistake. We have remediated the error, which has been corrected in the version of the coded report that is posted on the Department's website at https://www.justice.gov/storage/report_volume1.pdf. The updated version of Volume I, page 16 of the Report is also attached hereto as Exhibit A. This page should replace page 16 of

Volume I of the Report that was attached as Exhibit D to the declaration submitted on June 3, 2019, and subsequently updated by the Corrected Exhibit filed on June 4, 2019.  See ECF No. 55-1.

      8.  OIP has thoroughly reviewed the Report and released all segregable information.  I am not aware of any other errors that need to be corrected at this time.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

      Vanessa R. Brinkmann
Senior Counsel
Office of Information Policy
United States Department of Justice

Executed on this 12th day of July, 2019.

4

# EXHIBIT A

U.S. Department of Justice
Attorney Work Product // May Contain Material Protected Under Fed. R. Crim. P. 6(e)

[REDACTED (b)(7)(A), (b)(7)(E)] — (b)(7)(E)-2

Two individuals headed the IRA's management: its general director, Mikhail Bystrov, and its executive director, Mikhail Burchik. [REDACTED (b)(7)(A), (b)(7)(E)] — (b)(7)(E)-2

[14] [REDACTED (b)(7)(A), (b)(7)(E)] [15]

As early as the spring of 2014, the IRA began to hide its funding and activities. [REDACTED (b)(7)(A), (b)(7)(E)] — (b)(7)(E)-2

[16]

The IRA's U.S. operations are part of a larger set of interlocking operations known as "Project Lakhta," [REDACTED (b)(7)(A), (b)(7)(E)] — (b)(7)(E)-2

[17] [REDACTED (b)(7)(A), (b)(7)(E)]

[18]

### B. Funding and Oversight from Concord and Prigozhin

Until at least February 2018, Yevgeniy Viktorovich Prigozhin and two Concord companies funded the IRA. Prigozhin is a wealthy Russian businessman who served as the head of Concord.

---

[13] [REDACTED (b)(7)(A), (b)(7)(E)] [REDACTED (b)(7)(A), (b)(7)(E), (b)(3)] [REDACTED (b)(7)(A), (b)(7)(E)] — (b)(7)(E)-2 / (b)(3)-2, (b)(7)(E)-1

[14] *See, e.g.*, SM-2230634, serials 9, 113 & 180 [REDACTED (b)(7)(A), (b)(7)(E)]

[15] [REDACTED (b)(7)(A), (b)(7)(E)] [REDACTED (b)(7)(A), (b)(7)(E), (b)(3)] — (b)(3)-2, (b)(7)(E)-1

[16] [REDACTED (b)(7)(A), (b)(7)(E)] *See* SM-2230634, serials 131 & 204. — (b)(3)-2, (b)(7)(E)-1

[17] [REDACTED (b)(7)(A), (b)(7)(E)] [REDACTED (b)(7)(A), (b)(7)(E), (b)(3)] [REDACTED (b)(7)(A), (b)(7)(E)]

[18] [REDACTED (b)(7)(A), (b)(7)(E)] [REDACTED (b)(7)(A), (b)(7)(E), (b)(3)] [REDACTED (b)(7)(A), (b)(7)(E)] — (b)(3)-2, (b)(7)(E)-1 / (b)(7)(E)-2

16