UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
UNITED STATES OF AMERICA,

        -against-

MICHAEL COHEN,

                 Defendant.
------------------------------------------------------------

18cr602

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        On April 9, 2018, the FBI executed searches of Defendant Michael Cohen's residence, hotel room, office, safe deposit box, cell phones, and electronic communications pursuant to warrants authorized under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703.  The New York Times Company, the American Broadcasting Companies, Inc., the Associated Press, Cable News Network, Inc., Daily News, L.P., Dow Jones & Co., Inc., Newsday LLC, NYP Holdings, Inc., and CBS Broadcasting, Inc. sought to unseal copies of the warrants, warrant applications, and supporting affidavits and riders relating to the April 9, 2018 searches (the "Materials").

        On February 7, 2019, this Court granted in part and denied in part the unsealing requests.  In that Opinion & Order, this Court directed the Government to submit proposed redactions to the Materials, which were then publicly filed in redacted form on March 19, 2019 pursuant to an order dated March 18, 2019.  The February 7, 2019 Opinion & Order also directed the Government to submit a status report by May 15, 2019 explaining the need for continued redaction of the Materials.  United States v. Cohen, 366 F. Supp. 3d 612, 634 (S.D.N.Y. 2019).

        On May 21, 2019, this Court authorized the continued redaction of portions of the Materials relating to Cohen's campaign finance violations to protect the Government's ongoing

investigation. The May 21, 2019 Order also directed the Government to submit a further status report by July 15, 2019 explaining the need for continued redaction of the Materials.

On July 15, 2019, the Government submitted a status report and proposed redactions to the Materials ex parte and under seal. The Government now represents that it has concluded the aspects of its investigation that justified the continued sealing of the portions of the Materials relating to Cohen's campaign finance violations. Although the Government agrees that the majority of the campaign finance portions of the Materials may be unsealed, it requests limited redactions to those portions to protect third-party privacy interests.

After reviewing the Government's status report and proposed redactions, this Court denies the Government's request. In particular—and in contrast to the private nature of Cohen's business transactions—the weighty public ramifications of the conduct described in the campaign finance portions warrant disclosure. See United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"). Moreover, the involvement of most of the relevant third-party actors is now public knowledge, undercutting the need for continued secrecy. See United States v. Basciano, 2010 WL 1685810, at *4 (E.D.N.Y. Apr. 23, 2010) ("Shielding third parties from unwanted attention arising from an issue that is already public knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny."). On balance, the "strong presumption of public access" to search warrants and search warrant materials under the common law far outweighs the weakened privacy interests at play here. See Cohen, 366 F. Supp. 3d at 621-22 (collecting cases).

The campaign finance violations discussed in the Materials are a matter of national importance. Now that the Government's investigation into those violations has concluded, it is time that every American has an opportunity to scrutinize the Materials. Indeed, the common law right of access—a right so enshrined in our identity that it "predate[s] even the Constitution itself"—derives from the public's right to "learn of, monitor, and respond to the actions of their representatives and representative institutions." United States v. Erie Cty., 763 F.3d 235, 238-39 (2d Cir. 2014).

Accordingly, the Government is directed to file the July 15, 2019 status report and the Materials on the public docket on **July 18, 2019 at 11:00 a.m.** The July 15, 2019 status report shall be unredacted in its entirety, except that limited references in the footnote to an uncharged third-party may remain redacted. See United States v. Smith, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013). The Materials shall be unredacted in their entirety, except that the names of law enforcement investigators, references to individuals who purportedly engaged in business transactions or contemplated business transactions with Cohen relating to taxi medallions, see Cohen, 366 F. Supp. 3d at 625, and personal information referenced in this Court's March 18, 2019 Order may remain redacted.

Dated: July 17, 2019
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.