**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, </br></br>  Plaintiff, </br></br> v. </br></br> UNITED STATES DEPARTMENT OF JUSTICE, </br></br> Defendant. | Civ. Action No. 19-810 (RBW) |
| JASON LEOPOLD and BUZZFEED INC., </br></br> Plaintiffs, </br></br> v. </br></br> UNITED STATES DEPARTMENT OF JUSTICE, </br></br> Defendant. | Civ. Action No. 19-957 (RBW) |

**PLAINTIFFS' STATUS REPORT**

Plaintiffs Electronic Privacy Information Center ("EPIC"), Jason Leopold, and Buzzfeed Inc. respectfully submit this status report to notify the Court of new facts material to the parties' cross-motions for partial summary judgment, ECF Nos. 54, 69, 71. Specifically, Plaintiffs wish to notify the Court (1) that the trial of Roger Stone has concluded, and (2) that the Department of Justice ("DOJ") has filed a superseding indictment in *United States v. Internet Research Agency*, No. 18-32 (D.D.C.). As a result of these new official disclosures, the DOJ has waived its (purported) ability to withhold certain material contained in the Mueller Report and has mooted several of its exemption claims. Given the urgency of the cases before this Court and the

1

extraordinary public interest in the record at issue, the Plaintiffs believe it would be prudent for the Court to schedule a status conference at the Court's earliest convenience to resolve whether and when the DOJ should reprocess the Mueller Report.

### Roger Stone's Trial Has Concluded

1. On November 15, 2019, the trial of Roger Stone concluded.

2. A jury convicted Mr. Stone of one count of obstructing a proceeding, five counts of making a false statement, and one count of witness tampering. Verdict Form, *United States v. Stone*, No. 19-18 (D.D.C. Nov. 15, 2019).

3. Mr. Stone was originally indicted on these charges in January 2019 by Special Counsel Robert S. Mueller. Indictment, *Stone*, No. 19-18 (D.D.C. Jan. 24, 2019).

4. During Mr. Stone's six-day trial, the DOJ presented extensive evidence concerning Stone's apparent foreknowledge that the Russian government had hacked emails from the Democratic National Committee and the Clinton campaign; Stone's communications with then-candidate Donald Trump and other members of the Trump campaign concerning the hacked emails; Stone's interactions with WikiLeaks and Julian Assange concerning the hacked emails; and Stone's false statements to Congress about his activities. Sharon LaFraniere & Zach Montague, *Roger Stone Is Convicted of Impeding Investigators in a Bid to Protect Trump*, N.Y. Times (Nov. 15, 2019);[1] Spencer S. Hsu, Rachel Weiner, & Matt Zapotosky, *Roger Stone Guilty on All Counts of Lying to Congress, Witness Tampering*, Wash. Post (Nov. 15, 2019).[2]

5. Much of the evidence presented by the DOJ at Mr. Stone's trial had not

---

[1] https://www.nytimes.com/2019/11/15/us/politics/roger-stone-trial-guilty.html.

[2] https://www.washingtonpost.com/local/public-safety/roger-stone-jury-weighs-evidence-and-a-defense-move-to-make-case-about-mueller/2019/11/15/554fff5a-06ff-11ea-8292-c46ee8cb3dce_story.html.

previously been disclosed to the public or otherwise acknowledged by the DOJ. Devlin Barrett, *Roger Stone Trial Evidence Reveals Fresh Detail About Trump Campaign's Interest in WikiLeaks*, Wash. Post (Nov. 14, 2019).[3]

6. In the instant Freedom of Information Act ("FOIA") cases, the DOJ has withheld from the Plaintiffs substantial portions of the Mueller Report concerning Mr. Stone. These redactions "consist of information pertaining to Roger Stone and/or his . . . criminal case in the U.S. District Court for the District of Columbia." Brinkmann Decl. ¶ 50, ECF No. 54-3; *see also id.* ¶¶ 44, 72, 90.

7. By disclosing extensive evidence to the public at Mr. Stone's trial, the DOJ has waived its (purported) ability to withhold that same information contained in the Mueller Report. *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)) ("[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim.").

8. Similarly, the factual basis for DOJ's assertions of various FOIA exemptions to withhold information about Mr. Stone—Exemptions 6, 7(A), 7(B), and 7(C)—are directly undermined by the conclusion of Mr. Stone's trial. *See* Brinkmann Decl. ¶¶ 44, 50, 72, 90.

**The DOJ Has Filed a Superseding Indictment in *United States v. Internet Research Agency***

9. On November 8, 2019, the DOJ filed a superseding indictment in *United States v. Internet Research Agency*, No. 18-32 (D.D.C.) that contains new information about the charges and defendants in that case. Superseding Indictment, *Internet Research Agency*, No. 18-32 (D.D.C. Nov. 8, 2019), ECF No. 247.

---

[3] https://www.washingtonpost.com/national-security/roger-stone-trial-evidence-reveals-fresh-detail-about-trump-campaigns-interest-in-wikileaks/2019/11/14/5b5c5d5c-0728-11ea-ac12-3325d49eacaa_story.html.

10. The defendants in *Internet Research Agency* were originally charged in February 2018 by Special Counsel Mueller. Indictment, *Internet Research Agency*, No. 18-32 (D.D.C. Feb. 16, 2018), ECF No. 1.

11. The DOJ has withheld from the Plaintiffs material in the Mueller Report concerning *United States v. Internet Research Agency* on the assertion that it is protected by Exemption 7(A). Brinkmann Decl. ¶ 44.

12. In disclosing additional information through a superseding indictment in *United States v. Internet Research Agency*, the DOJ has waived its (purported) ability to withhold that same information contained in the Mueller Report. *See Mobley*, 806 F.3d at 583.

### The DOJ Has Declined to Reprocess the Mueller Report at This Time

13. On November 15, 2019, Plaintiffs contacted opposing counsel to ask whether the DOJ would reprocess the Mueller Report in light of the above-described factual developments. Plaintiffs stated that reprocessing would avoid unnecessary litigation and promote judicial efficiency.

14. On November 22, 2019, opposing counsel notified Plaintiffs that the DOJ would not reprocess the Mueller Report at that time. Opposing counsel asserted, *inter alia*, that the DOJ is prohibited from disclosing information to Plaintiffs concerning Mr. Stone by Judge Amy Berman Jackson's order in *United States v. Stone*. *See* Order, *Stone*, 19-18 (D.D.C. Feb. 15, 2019), ECF No. 36. That order is in effect through the date of Stone's sentencing, currently scheduled for February 6, 2020. *See* Minute Entry, *Stone*, 19–18 (D.D.C. Nov. 15, 2019).

15. On December 3, 2019, Plaintiffs responded to opposing counsel and asked if the DOJ would reconsider its decision on reprocessing. Plaintiffs explained that the DOJ had waived its ability to withhold information contained in the Mueller Report that the DOJ had already

publicly disclosed in *United States v. Stone* and *United States v. Internet Research Agency*.

16.     Plaintiffs explained that the DOJ had an obligation to reevaulate its 7(A) exemption claims in light of the Stone trial and superseding indictment in *Internet Research Agency. See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007).

17.     Finally, Plaintiffs explained that Judge Jackson's order in *United States v. Stone* "does not bind the parties or attorneys in this matter, and it does not bar the disclosure of records pursuant to EPIC's FOIA request."

18.     In support, Plaintiffs cited this Court's prior conclusion that Judge Jackson's order "doesn't obviate . . . the need for me to make an independent decision under FOIA as to whether I order something more than what's been provided in order to comply with FOIA." Tr. at 71:11–14, ECF No. 83.

19.     On December 5, 2019, opposing counsel stated that the DOJ "intends to reevaluate whether reprocessing of the Mueller Report is warranted following Roger Stone's sentencing" on February 6, 2020. The DOJ indicated that the agency's decision on reprocessing would be deferred because the "media communications order entered in *Stone* applies through sentencing."

## A Status Conference is Warranted

20.     In view of the significant delay that would result from delaying the reprocessing of the Mueller Report until after Mr. Stone's sentencing—and given the parties' disagreement as to the applicability of Judge Jackson's order to this case—Plaintiffs believe it would be prudent for the Court to schedule a status conference at the Court's earliest convenience. At the conference, the Court could resolve whether and when the DOJ must reprocess the Mueller Report in light of the above-described factual developments.

Respectfully Submitted,

| | |
|---|---|
| /s/ Matthew V. Topic<br>MATTHEW V. TOPIC | MARC ROTENBERG, D.C. Bar #422825<br>EPIC President and Executive Director |
| JOSHUA BURDAY<br>MERRICK WAYNE | ALAN BUTLER, D.C. Bar #1012128<br>EPIC General Counsel |
| LOEVY & LOEVY<br>311 North Aberdeen,<br>3rd Floor<br>Chicago, IL 60607<br>312-243-5900<br>foia@loevy.com<br>DC Bar Nos. IL0037 and IL0042 | /s/ John L. Davisson<br>JOHN L. DAVISSON, D.C. Bar #1531914<br>EPIC Counsel<br><br>ENID ZHOU, D.C. Bar #1632392<br>EPIC Open Government Counsel |
| *Attorneys for Plaintiffs Buzzfeed & Jason Leopold* | ELECTRONIC PRIVACY<br>INFORMATION CENTER<br>1519 New Hampshire Ave, N.W.<br>Washington, D.C. 20036<br>(202) 483-1140 (telephone)<br>(202) 483-1248 (facsimile)<br><br>*Attorneys for Plaintiff EPIC* |

Dated: December 10, 2019