# Exhibit A

Emails exchanged between counsel,

November—December 2019

| | |
|---|---|
| **From:** | Enlow, Courtney D. (CIV) |
| **To:** | Alan Butler |
| **Cc:** | Marc Rotenberg; John Davisson; Matt Topic |
| **Subject:** | RE: EPIC v. DOJ, 19-cv-810 (D.D.C.) -- Next steps in light of Stone verdict, superseding indictment in Concord Management |
| **Date:** | Thursday, December 05, 2019 4:39:00 PM |

Alan,

The Department of Justice intends to reevaluate whether reprocessing of the Mueller Report is warranted following Roger Stone's sentencing. The media communications order entered in *Stone* applies through sentencing, which is currently set for February 6, 2020.

I see no need to engage in motions briefing on this issue now when DOJ will be reevaluating the issue in two months. Engaging in motions practice under these circumstances would be a waste of the parties' and the Court's resources. Given that the motion would not be fully briefed until the holidays, the Court may not even consider the motion before Mr. Stone is sentenced. I think the better and more efficient path forward is for us to discuss the issue after Mr. Stone has been sentenced.

If EPIC nevertheless intends to file the motion, the Department of Justice would oppose EPIC's motion for the reasons set forth in my November 22nd email.

Best regards,
Courtney


Courtney Enlow
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12102
Washington, D.C. 20005
(202) 616-8467
courtney.d.enlow@usdoj.gov


**From:** Alan Butler <butler@epic.org>
**Sent:** Tuesday, December 03, 2019 11:18 AM
**To:** Enlow, Courtney D. (CIV) <cenlow@CIV.USDOJ.GOV>
**Cc:** Marc Rotenberg <rotenberg@epic.org>; John Davisson <davisson@epic.org>; Matt Topic <matt@loevy.com>
**Subject:** Re: EPIC v. DOJ, 19-cv-810 (D.D.C.) -- Next steps in light of Stone verdict, superseding indictment in Concord Management

Courtney,

Thank you for your response. For the reasons below, EPIC intends to file a Motion to Order Reprocessing or, In the Alternative, for Leave to Supplement the Record in light of Roger Stone's conviction and the superseding indictment in *United States v. Concord Management.*

First, by presenting extensive evidence concerning Mr. Stone's activities, the DOJ has waived any right it had to withhold from the public that same information contained in the Mueller Report. "[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim." *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)). The DOJ is now required to reprocess the portions of the Mueller Report pertaining to Mr. Stone and to disclose any additional material that the government made public during Mr. Stone's trial. *See ACLU v. DOD,* 628 F.3d 612, 618 (D.C. Cir. 2011) (noting that plaintiff's appeal was remanded to ensure reprocessing of records in light of official disclosures).

Second, the DOJ must reevaluate its Exemption 7(A) claims now that the trial has ended. Exemption 7(A) only applies as long as disclosure "could reasonably be expected to interfere with enforcement proceedings." The exemption does not shield material for the entire duration of an enforcement proceeding, as the DOJ incorrectly suggested in briefing of this case. See *CREW v. DOJ*, 746 F.3d 1082, 1097 (D.C. Cir. 2014) (quoting *North v. Walsh*, 881 F.2d 1088, 1100 (D.C. Cir. 1989)) ("Disclosure of the information [the requester] seeks cannot interfere with parts of the enforcement proceeding already concluded.").

Moreover, the DOJ argued in briefing that exemption 7(A) applies to material concerning Mr. Stone because disclosure "could prejudice the trial" in his case. Brinkmann Decl. ¶ 50. The trial has now concluded. And the enforcement proceedings underlying a 7(A) assertion "must be pending or reasonably anticipated at the time of the district court's eventual decision, not merely at the time of [the plaintiff's] original FOIA request[.]" *Sussman v. U.S. Marshals Ser*v., 494 F.3d 1106, 1115 (D.C. Cir. 2007) (emphasis added). Accordingly, the DOJ must reprocess the sections of the Mueller Report pertaining to Mr. Stone and inform EPIC and the Court whether any of the agency's 7(A) assertions can be sustained given the major change in factual circumstances. See D.C. R. Prof'l Conduct 3.3 cmt. 2 (duty to correct).

Third, the DOJ cannot rely on Judge Jackson's order in *United States v. Stone* to avoid reprocessing. Judge Jackson's order solely prohibits "[c]ounsel for the parties and the witnesses [from] making statements to the media or in public settings that pose a substantial likelihood of material prejudice to [Mr. Stone's] case." Order at 3, *United States v. Stone*, 19-18 (D.D.C. Feb. 15, 2019), ECF No. 36. The order does not bind the parties or attorneys in this matter, and it does not bar the disclosure of records pursuant to EPIC's FOIA request. As Judge Walton noted at argument, Judge Jackson's order "doesn't obviate . . . the need for me to make an independent decision under FOIA as to whether I order something more than what's been provided in order to comply with FOIA." Tr. at 71:11–14, ECF No. 83.

Finally, the doctrine of waiver by official acknowledgment also compels the DOJ to reprocess the portions of the Mueller Report pertaining to the defendants in *United States v. Concord Management and Consulting*, LLC, No. 18-CR-32-2. The government has disclosed new information through the superseding indictment in Concord Management—information that the DOJ is very likely withholding from the Mueller Report in EPIC's case. Reprocessing of the report is therefore warranted. See *ACLU*, 628 F.3d at 618; *ACLU v. DOJ*, 640 F. App'x 9, 13 (D.C. Cir. 2016) (explaining that there "there may be some circumstances in which it

is appropriate to consider new information that comes to light during litigation").

Please let us know the DOJ's position on EPIC's motion or if the DOJ will now reconsider its position on reprocessing.

Best,

Alan Butler
General Counsel
Electronic Privacy Information Center
1519 New Hampshire Ave. NW
Washington, D.C. 20036
(202) 483-1140 x103
butler@epic.org

> On Nov 22, 2019, at 4:06 PM, Enlow, Courtney D. (CIV) <Courtney.D.Enlow@usdoj.gov> wrote:
>
> Alan,
>
> The Department of Justice will not reprocess the Mueller Report at this time.
>
> We disagree that DOJ does not have a basis to withhold portions of the Mueller Report that concern Roger Stone and the investigation into his activities. Information concerning Mr. Stone was withheld, *inter alia*, under Exemption 7(A). Mr. Stone was convicted less than a week ago on November 15, 2019. His conviction is not yet final. *See Dugan v. Dep't of Justice*, 82 F. Supp. 3d 485, 501 n.6 (D.D.C. 2015) (noting that a conviction is final 'when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires'" (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003))). Exemption 7(A) protects information from disclosure until a conviction is final. *See Kansi v. Dep't of Justice*, 11 F.Supp.2d 42, 44 (D.D.C. 1998) ("The potential for interference with witnesses and highly sensitive evidence that drives the 7(A) exemption .... exists at least until plaintiff's conviction is final."). Mr. Stone's sentencing has been scheduled for February 6, 2020. Exemption 7(A) protects information from disclosure pending the conclusion of sentencing. *See Basey v. Dep't of the Army*, No. 4:16-CV-00038-TMB, 2018 WL 8798586, at *9 (D. Alaska May 14, 2018) ("Although Plaintiff's trial has concluded and Plaintiff is currently awaiting sentencing, the Court finds that exemption 7(A) remains applicable at least pending the conclusion of sentencing and the statutory period for a notice of appeal."). And although Mr. Stone has not yet filed a notice of appeal, his time for doing so has not yet run. If Mr. Stone files an appeal, Exemption 7(A) protects information from disclosure. As Judge Walton has found, "[a] pending appeal of a criminal conviction qualifies as a pending or prospective law enforcement proceeding for purposes of Exemption 7(A)." *Kidder v. F.B.I.*, 517 F. Supp. 2d 17, 27 (D.D.C. 2007) (citing *Kansi v. Dep't of Justice*, 11 F. Supp. 2d 42, 44 (D.D.C. 1998)); *see also Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 298 (D.D.C. 2011), *aff'd in part sub nom. Adionser v. U.S. Dep't of Justice*, No.

11-5093, 2012 WL 5897172 (D.C. Cir. Nov. 5, 2012) ("For purposes of Exemption 7(A), a pending appeal of a criminal conviction qualifies as an ongoing law enforcement proceeding.").

In addition, DOJ withheld information pertaining to Mr. Stone because that information was prohibited from disclosure pursuant to the media communications order in that case.  *See* Order, *United States v. Stone*, 1:19-cr-00018 (D.D.C. Feb. 15, 2019), Dkt. 36, *amended by* Minute Order (Feb. 21, 2019).  That Order is in effect through sentencing, which, as stated above, is currently scheduled for February 6, 2020.

The superseding indictment filed in *United States v. Concord Management and Consulting, LLC*, No. 18-CR-32-2, also does not provide a basis to reprocess the Mueller Report.  As the D.C. Circuit has recognized, "the question in FOIA cases is typically whether an agency improperly withheld documents at the time that it processed a FOIA request."  *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 640 F. App'x 9, 13 (D.C. Cir. 2016) (citing *Bonner v. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991)).  The D.C. Circuit cautioned against "creating 'an endless cycle of judicially mandated reprocessing' of FOIA requests, lest they undermine the Act's 'premium on the rapid processing of [such] requests.'"  *Id.* (quoting *Bonner*, 928 F.2d at 1152).  Because the case is fully briefed and argued, further processing of the Report is not warranted.

Best regards,
Courtney

---

**From:** Alan Butler <butler@epic.org>
**Sent:** Friday, November 15, 2019 2:49 PM
**To:** Enlow, Courtney D. (CIV) <cenlow@CIV.USDOJ.GOV>
**Cc:** Marc Rotenberg <rotenberg@epic.org>; John Davisson <davisson@epic.org>; Matt Topic <matt@loevy.com>
**Subject:** EPIC v. DOJ, 19-cv-810 (D.D.C.) -- Next steps in light of Stone verdict, superseding indictment in Concord Management

Courtney,

We are writing to follow up after conclusion of the Roger Stone trial this week.

Now that Mr. Stone has been convicted on all 7 counts, we believe that the DOJ does not have any basis to withhold portions of the Mueller Report that concern Mr. Stone and the investigation into his activities. We also believe that the DOJ is obligated to release any portions of the report that correspond with new facts in the superseding indictment that the Government indicated it would file today in United States v. Concord Management and Consulting, LLC, No. 18-CR-32-2.

Will the agency agree to reprocess the Mueller Report based on these developments? We believe that doing so would avoid unnecessary litigation and serve the Court's interests in expeditious treatment of this case and judicial efficiency. Please let us know by Wednesday November 20 if the DOJ will agree

to reprocess the report by Friday December 20.

Sincerely,

Alan Butler
Senior Counsel
Electronic Privacy Information Center
1519 New Hampshire Ave. NW
Washington, D.C. 20036
(202) 483-1140 x103
butler@epic.org