## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | |
| Plaintiff, | |
| v. | Civ. Action No. 19-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |
| JASON LEOPOLD and BUZZFEED INC., | |
| Plaintiffs, | |
| v. | Civ. Action No. 19-957 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

### PLAINTIFF EPIC'S RESPONSE TO ORDER

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully submits this response to the Court's December 17, 2019 Order, ECF No. 104, in order to facilitate the Court's resolution of the matters to be addressed at today's status conference.

### The Media Communications Order from *Stone* is Inapplicable to This Case

The media communications order from in *United States v. Stone* is inapplicable to this case because (1) the attorneys bound by the *Stone* order are not involved in this matter; (2) the Stone Order only limits the DOJ's ability to "mak[e] statements" "within the immediate vicinity of the courthouse"; and (3) there is no evidence that disclosure of material from the Mueller

Report would "pose a substantial likelihood of material prejudice" to the *Stone* case. Order, *United States v. Stone*, 19-18 (D.D.C. Feb. 15, 2019) ("Stone Order").

The key portion of the Stone Order states, in its entirety:

It is hereby **ORDERED** that

> Counsel for the parties and the witnesses must refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case; and

it is **FURTHER ORDERED** that

> all interested participants in the matter, including the parties, any potential witnesses, and counsel for the parties and the witnesses, must refrain, when they are entering or exiting the courthouse, or they are within the immediate vicinity of the courthouse, from making statements to the media or to the public that pose a substantial likelihood of material prejudice to this case or are intended to influence any juror, potential juror, judge, witness or court officer or interfere with the administration of justice.

Stone Order at 3–4.[1] Nothing in the text of the Order prohibits the DOJ from disclosing—in an entirely separate proceeding—records that EPIC has the right to obtain under the Freedom of Information Act ("FOIA"). As this Court previously stated, the Stone Order "doesn't obviate . . . the need for me to make an independent decision under FOIA as to whether I order something more than what's been provided in order to comply with FOIA." Tr. at 71:11–14, ECF No. 83. Three reasons support the Court's preliminary assessment.

First, the "[c]ounsel for the parties" and the "witnesses" bound by the Stone Order are not involved in this case. *Id.* at 3. The first half of the Stone Order is thus irrelevant here. *Contra* Def.'s Status Report & Resp. to Court's Order 4–5, ECF No. 105. And even if there were attorneys in common between *Stone* and *EPIC v. DOJ*, it is the DOJ's Office of Information

---

[1] The Court in *Stone* later amended the media communications order to impose additional restrictions on Mr. Stone himself, none of which are relevant here. *See* Minute Order, *Stone*, 19-18 (D.D.C. Feb. 21, 2019).

Policy—not *counsel* for the DOJ—that must disclose additional material from the Mueller Report to EPIC. The Stone Order would still have no effect.

Second, the Stone Order only restricts the DOJ, as a party, from "making [certain] statements to the media or to the public" "within the immediate vicinity of the courthouse[.]" Stone Order at 4. EPIC, of course, is not asking the DOJ to make a public "statement" outside of the courthouse. EPIC is seeking the disclosure of material from an existing DOJ record pursuant to the FOIA. Nothing in the Stone Order prohibits that.[2]

Finally, the DOJ has failed to demonstrate—in fact, has barely argued—that the disclosure of material from the Mueller Report concerning Roger Stone would "pose a substantial likelihood of material prejudice" to the *Stone* case. Stone Order at 3–4. Even if the Stone Order somehow restricted the DOJ's ability to fulfill EPIC's FOIA Request, the Order would only prohibit the disclosure of a narrow category of prejudicial information. The DOJ has not shown that any of the material concerning Roger Stone in the Mueller Report meets that standard—particularly now that Mr. Stone's trial has ended.

The likelihood of prejudice is especially low at the sentencing stage because the matter no longer before a jury. There is no question that the court in *Stone* has the ability to render an

---

[2] The DOJ, in a footnote to its status report, cites a district court decision holding that the DOJ's initial public release of the Mueller Report violated Local Crim. R. 57.7(b) (and by extension, a prior order instructing the parties to comply with Local Crim. R. 57.7(b)). Def.'s Status Report at 4 n.2 (quoting Mem. Op. & Order at 10, *United States v. Concord Mgmt. & Consulting LLC*, No. 18-cr-32-2 (DLF) (D.D.C. July 1, 2019)). But the DOJ omits to mention two dispositive differences between *Concord Management* and this case. First, as the *Concord Management* court noted, "the question under Rule 57.7 . . . is whether the government's statements were 'reasonabl[y] likel[y]' to cause prejudice *at the time they were made.*" *Id.* at 9–10 (quoting Local Crim. R. 57.7(b)). In *Concord Management*, the release of the Mueller Report came *before* trial, and thus posed a risk of prejudice to the defendants. Here, Mr. Stone's trial has ended; there is no material risk of prejudice remaining. Second, the initial public disclosure of the Mueller Report was a voluntary decision by the DOJ and was carried out, in part, by the attorneys from the Special Counsel's Office who were prosecuting the *Concord Management* case. *Id.* at 3. Here, the FOIA *requires* the disclosure of additional information to EPIC—not by the attorneys from the *Stone* case, but by the DOJ's Office of Information Policy. Local Criminal Rule 57.7(b) does not, and cannot, prohibit that result. *See* Local Crim. R. 57.7(b); *see also Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (holding that a local rule cannot supersede a federal statute).

impartial judgement based on the evidence in the record, regardless of what is disclosed pursuant to the FOIA.

Accordingly, the DOJ may not rely on the Stone Order to withhold portions of the Mueller Report from EPIC.

## The DOJ Has Waived or Mooted Many Assertions of Exemptions 6, 7(A), 7(B), and 7(C)

As a result of major developments in the *Stone* and *United States v. Internet Research Agency*, the DOJ has waived or mooted numerous assertions of Exemptions 6, 7(A), 7(B), and 7(C).

First, by disclosing extensive evidence to the public at Mr. Stone's trial, the DOJ has waived its purported ability to withhold that same information contained in the Mueller Report. *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)) ("[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim."). The same is true of any information officially acknowledged by the DOJ in the superseding indictment from *United States v. Internet Research Agency*. Superseding Indictment, *United States v. Internet Research Agency*, No. 18-32 (D.D.C. Nov. 8, 2019), ECF No. 247. EPIC is unquestionably entitled to this material under the FOIA, and the DOJ is obligated to reprocess the Mueller Report to identify such material. *See ACLU v. DOD*, 628 F.3d 612, 618 (D.C. Cir. 2011) (explaining that plaintiff's appeal was remanded to ensure reprocessing of records in light of official disclosures); *ACLU v. DOJ*, 640 F. App'x 9, 13 (D.C. Cir. 2016) (explaining that there "there may be some circumstances in which it is appropriate to consider new information that comes to light during litigation").

Second, the DOJ has lost its ability to assert Exemption 7(B), which applies to records

complied for law enforcement purposes that would "deprive a person of a right to a fair trial or an impartial adjudication" if disclosed. 5 U.S.C. § 552(b)(7)(B). Exemption 7(B) "requires a showing '(1) that a trial or adjudication is pending or truly imminent; and (2) that it is more probable than not that disclosure of the material sought would seriously interfere with the fairness of those proceedings.'" *Chiquita Brands Int'l Inc. v. SEC*, 805 F.3d 289, 294 (D.C. Cir. 2015) (quoting *Washington Post Co. v. DOJ*, 863 F.2d 96, 102 (D.C. Cir. 1988)). Now that Roger Stone's trial has ended, the DOJ lacks even a colorable argument that Exemption 7(B) applies to material in the Mueller Report. And indeed, the DOJ has all but abandoned its 7(B) claims. *See generally* Def.'s Status Report.

Third, the DOJ has almost certainly mooted—or at a minimum, must reevaluate—many Exemption 7(A) claims relating to the *Stone* and *Internet Research Agency* cases. Exemption 7(A) applies to records complied for law enforcement purposes, the disclosure of which "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7). But "a law enforcement agency invoking the exception [must] show that the material withheld 'relates to a *concrete prospective law enforcement proceeding*.'" *Juarez v. DOJ*, 518 F.3d 54, 58 (D.C. Cir. 2008) (quoting *Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C. Cir. 1986)) (emphasis added). As the D.C. Circuit has explained, disclosure "cannot interfere with parts of the enforcement proceeding already concluded." *CREW v. DOJ*, 746 F.3d 1082, 1097 (D.C. Cir. 2014) (quoting *North v. Walsh*, 881 F.2d 1088, 1100 (D.C. Cir. 1989)). The DOJ's claim that exemption 7(A) applies to material concerning Mr. Stone because disclosure "could prejudice [his] trial" is thus moot, Brinkmann Decl. ¶ 50, ECF No. 54-3, as that trial has "already concluded." *CREW*, 746 F.3d at 1097 (quoting *North*, 881 F.2d at 1100); *see also Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (emphasis added) (explaining that

enforcement proceedings underlying a 7(A) assertion "must be pending or reasonably anticipated

*at the time of the district court's eventual decision*, not merely at the time of [the plaintiff's]

original FOIA request").

In its status report, the DOJ erroneously suggests that information which comes under

Exemption 7(A) necessarily retains that status until the bitter end of all related enforcement

proceedings. *See* Def.'s Status Report at 3–4. That is simply not the law. As the D.C. Circuit

explained in *North*, an agency seeking to withhold information related to a criminal proceeding

under 7(A) must demonstrate that the exemption still applies despite the conclusion of the trial:

> During the pendency of this appeal, we note, North has been convicted by a jury of
> three counts of the indictment and acquitted on nine others. Disclosure of the
> information North seeks cannot interfere with parts of the enforcement proceeding
> already concluded. On remand, then, the district court should consider whether
> disclosure can reasonably be expected to interfere in a palpable, particular way with
> the remaining portions of the enforcement proceedings, including the post-trial
> *Kastigar* hearing.

*North*, 881 F.2d at 1100. Although there may, on occasion, be grounds for withholding

information under 7(A) beyond the end of a criminal trial, that protection is anything but

automatic. *See id.*; *see also CREW*, 746 F.3d at 1097. The agency must demonstrate that the

criteria of 7(A) are still (allegedly) met—something the DOJ has simply refused to do here.

Indeed, having failed to reprocess the Mueller Report in light of the developments in the *Stone*

and *Internet Research Agency*, the DOJ lacks a valid factual basis to assert that 7(A) still applies

to the material in question. The agency is simply operating on guesswork.

Finally, the DOJ can no longer claim to withhold material concerning Roger Stone under

Exemptions 6 and 7(C). Exemption 7(C) applies to "records or information compiled for law

enforcement purposes," the disclosure of which would "constitute an invasion of personal

privacy," 5 U.S.C. § 552(b)(7)(C), while Exemption 6 applies solely to "personnel and medical

files and similar files the disclosure of which would constitute a *clearly unwarranted* invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added). The DOJ invoked Exemptions 6 and 7(C) on the grounds that Mr. Stone has "protectable privacy interests in premature release of investigatory details relevant to criminal law enforcement proceedings against [him]" and that disclosure would "impact his ability to amount an effective defense and deprive him of the right to a fair trial." Brinkmann Decl. ¶ 73. Yet with the conclusion of Stone's trial, the DOJ can no longer argue that disclosure would be premature or that Stone's right to a fair trial is at risk.

### The Court Should Order Immediate Reprocessing of the Mueller Report

The DOJ's reprocessing of the Mueller Report should begin immediately. As this Court has noted, disclosure of the Mueller Report is "a very important matter and the public has a right to know what it can know about the investigation[.]" Hr'g Tr. 15:25–16:2, ECF No. 25. For that reason, the Court has emphasized that this case should proceed "as expeditiously as humanly possible." *Id.* at 26:12. Given the urgency of this matter; the DOJ's overdue obligation to reevaluate many of its exemption claims; and the relative ease with which the agency can reprocess the discrete sections of the Mueller Report pertaining to the *Stone* and *Internet Research Agency* cases, the Court should order immediate reprocessing of the Mueller Report, to be completed within thirty days (by January 17, 2020). The Court should reject the DOJ's proposed schedule, which would needlessly grant the agency at least 95 days to "reevaluate" "whether it will be reprocessing the Mueller Report"—a step the DOJ is already *required by law* to take. Def.'s Status Report at 6.

Respectfully Submitted,

MARC ROTENBERG, D.C. Bar #422825
EPIC President and Executive Director

ALAN BUTLER, D.C. Bar #1012128
EPIC General Counsel

/s/ John L. Davisson
JOHN L. DAVISSON, D.C. Bar #1531914
EPIC Counsel

ENID ZHOU, D.C. Bar #1632392
EPIC Open Government Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Attorneys for Plaintiff EPIC*

Dated: December 18, 2019