**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

ELECTRONIC PRIVACY INFORMATION CENTER,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

Civ. Action No. 19-810 (RBW)

---

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated November 12, 2019, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submit this Joint Status Report.

1.    The parties' cross-motions for partial summary judgment, including the DOJ's assertions of Exemption 6 and 7(C) to withhold material from the Mueller Report, are currently pending before this Court.

2.    On November 5, 2018, EPIC submitted a Freedom of Information Act ("FOIA") Request to the DOJ seeking seven categories of records, including principally the Mueller Report.

3.    On March 22, 2019, EPIC filed this FOIA case based on the November 5, 2018 FOIA Request.

4.    On May 3, 2019, this Court ordered the DOJ to produce to EPIC a version of the Mueller Report "with the appropriate exemption markings under the Freedom of Information Act." Order, Dkt. 43. The Court also set an expedited briefing schedule for partial summary

judgment solely with respect to the Mueller Report. *Id.*

5.      The parties completed partial summary judgment briefing with respect to the
Mueller Report in July 2019, and the Court heard oral argument on August 5, 2019. Tr., Dkt. 83.
Among the issues in dispute at that hearing was whether the DOJ lawfully withheld portions of
the Mueller Report under FOIA Exemptions 6 and 7(C).

6.      Separately, on June 20, 2019, the Court ordered the DOJ to complete a search for
records responsive to the remaining portions of EPIC's FOIA Request, Categories 2–7.

7.      On August 8, 2019, the DOJ completed a search for records responsive to
Categories 2–7 of EPIC's FOIA Request. The DOJ stated that it had identified seventeen pages
of records responsive to Category 2. The DOJ also stated that no records responsive to Category
6 of EPIC's FOIA Request were located.

8.      On September 12, 2019, the DOJ produced four pages of records responsive to
Category 2 of EPIC's FOIA Request with withholdings under Exemptions 5 and 6. The DOJ also
withheld 13 responsive pages of records in full under Exemption 5.

9.      On October 3, 2019, the DOJ notified EPIC that it had identified seven additional
pages of records responsive to Categories 1 and 2 of EPIC's FOIA Request.

10.      On October 10, 2019, the DOJ produced seven pages of records responsive to
Categories 1 and 2 of EPIC's FOIA Request, with withholdings on two pages under Exemptions
6 and 7(C).

11.      In response to an inquiry from EPIC, on October 3, 2019, DOJ provided EPIC
with DOJ's search methodology for identifying records responsive to Categories 2 through 7 of
EPIC's FOIA Request.

12.      Category 6(a) of EPIC's FOIA Request seeks, "All 'report[s],'

Case 1:19-cv-00810-RBW   Document 109   Filed 02/07/20   Page 3 of 5


'recommendation[s],' and other 'compilation[s] of information' prepared for the eventual consideration of one or more members of Congress, whether or not such records were actually transmitted to any party outside of the Special Counsel's Office," and cites to *In re Report & Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to House of Representatives*, 370 F. Supp. 1219, 1221, 1226 (D.D.C. 1974), *aff'd sub nom. Haldeman v. Sirica*, 501 F.2d 714 (D.C. Cir. 1974).

13.     Category 6(b) of EPIC's FOIA Request seeks, "All drafts, outlines, exhibits, and supporting materials associated with any actual or planned report, recommendation, or compilation of the type described in Category (6)(a) of this request[.]"  Per the parties' agreement as reflected in their Joint Status Report, Dkt. 61, EPIC narrowed the scope of this request by striking the terms "drafts" and "outlines," and by defining "supporting materials" to mean "all attachments, appendices, and enclosures associated with the documents described in subpart (a) of each category."

14.     On October 10, 2019, EPIC requested that DOJ conduct an additional search for records responsive to Category 6 of EPIC's FOIA Request using the commonly understood definitions of the terms "reports," "recommendations," and "compilations of information."

15.     On October 31, 2019, DOJ agreed to conduct an additional search for records responsive to Category 6 of EPIC's FOIA Request using the commonly understood definitions of the terms "reports," "recommendations," and "compilations of information."

16.     DOJ has completed its additional search for records responsive to Category 6 of EPIC's FOIA Request.  On February 6, 2020, DOJ informed EPIC that no records responsive to Category 6 of EPIC's FOIA Request were located.

17.     EPIC intends to challenge the DOJ's assertions of Exemption 6 and 7(C) to

withhold material responsive to Categories 1 and 2 of EPIC's FOIA Request.

18.     Because the Court's forthcoming ruling is likely relevant to the DOJ's

withholding of material responsive to Categories 1 and 2, the parties intend to confer again after

the Court has ruled on the Mueller Report.

19.     Accordingly, the parties hereby agree to adopt the following proposed schedule:

• Within one week of the Court's ruling on the parties' pending cross-motions for
  partial summary judgment, the parties shall file a Joint Status Report with the
  Court, which shall include a proposed schedule for further proceedings if
  necessary.

The adoption of this schedule will facilitate the efficient resolution of this lawsuit and conserve

the Court's resources.


 Dated: February 7, 2020                           Respectfully Submitted,


 MARC ROTENBERG                         ETHAN P. DAVIS
 EPIC President and Executive Director    Principal Deputy Assistant Attorney
                                          General
 ALAN BUTLER,                             Civil Division
 EPIC General Counsel
 butler@epic.org                          ELIZABETH SHAPIRO
                                          Deputy Director
                                          Federal Programs Branch
 /s/ John Davisson
 JOHN DAVISSON,
 EPIC Counsel                       By:  /s/ Courtney D. Enlow
                                         COURTNEY D. ENLOW
                                         Trial Attorney
 ENID ZHOU                               United States Department of Justice
 EPIC Open Government Counsel            Civil Division, Federal Programs Branch
                                         1100 L Street, N.W.
 ELECTRONIC PRIVACY                      Room 12102
 INFORMATION CENTER                      Washington, D.C. 20005
 1519 New Hampshire Ave NW               (202) 616-8467
 Washington, D.C. 20036                  courtney.d.enlow@usdoj.gov
 (202) 483-1140 (telephone)
 (202) 483-1248 (facsimile)              *Counsel for Defendant*

*Attorneys for Plaintiff EPIC*