IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 19-810 (RBW) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated March 6, 2020, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant U.S. Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submit this Joint Status Report.  The Court ordered the parties to "file a joint status report discussing how they wish to proceed in this case as to Categories 2 through 7 of the plaintiff's Freedom of Information Act [FOIA] request."  Dkt. 113.

In addition to EPIC's challenges to DOJ's redactions on the Mueller Report, which are currently pending before the Court in the parties' cross-motions for partial summary judgment, EPIC challenges only DOJ's withholding of material from one record responsive to Categories 1 and 2 of EPIC's FOIA request.  Specifically, EPIC challenges the four redactions made to the final two pages of DOJ's October 10, 2019 production.

DOJ redacted the material pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).  DOJ redacted the name of an individual who was under investigation by the Special Counsel's Office (SCO).  The SCO investigation of the person never was made public.  The parties briefed similar redactions to the Mueller Report in their cross-motions for partial summary judgment (DOJ

labeled these redactions to the Mueller Report as "(b)(6)/(b)(7)(C)-2").

Because the Court will be considering similar assertions of Exemptions (b)(6) and (b)(7)(C) when it conducts its *in camera* review of the Mueller Report, the parties jointly stipulate to the Court's *in camera* review of the final two pages of the DOJ's October 10, 2019 production. DOJ would submit an unredacted copy of these two pages to the Court along with the Mueller Report.

The parties further stipulate that, if the Court agrees with the DOJ's Exemption 6 and 7(C) determinations as to the final two pages of the DOJ's October 10, 2019 production, EPIC will withdraw its challenge to those exemptions. If the Court does not agree with the DOJ's determinations, DOJ will have the opportunity to move for summary judgment and provide a declaration supporting those exemptions, and EPIC will have an opportunity to oppose the motion.

Although DOJ asserts that *in camera* review is generally inappropriate in a FOIA case, *see Hayden, v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)—and especially before the government has had an opportunity to file declarations supporting the redactions—the parties agree that, in these specific circumstances, the adoption of this procedure would facilitate the efficient resolution of this lawsuit and conserve the Court's resources.

Dated: March 13, 2020 			Respectfully Submitted,

| | |
|---|---|
| MARC ROTENBERG<br>EPIC President and Executive Director | ETHAN P. DAVIS<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| ALAN BUTLER,<br>EPIC General Counsel<br>butler@epic.org | ELIZABETH SHAPIRO<br>Deputy Director<br>Federal Programs Branch |
| /s/ *John Davisson*<br>JOHN DAVISSON,<br>EPIC Counsel | By: /s/ *Courtney D. Enlow*<br>COURTNEY D. ENLOW<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Room 12102<br>Washington, D.C. 20005<br>(202) 616-8467<br>courtney.d.enlow@usdoj.gov |
| ENID ZHOU<br>EPIC Open Government Counsel | |
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1519 New Hampshire Ave NW<br>Washington, D.C. 20036<br>(202) 483-1140 (telephone)<br>(202) 483-1248 (facsimile) | *Counsel for Defendant* |
| *Attorneys for Plaintiff EPIC* | |