IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 19-810 (RBW) |

**NOTICE CONCERNING *IN CAMERA* REVIEW OF MUELLER REPORT**

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully submits this notice to apprise the Court of information relevant to its pending *in camera* review of the Mueller Report and to urge the Court to begin that review on or around April 20, 2020, as originally contemplated by the Court's March 30, 2020 Minute Notice.

1. As this Court has previously noted, the disclosure of the Mueller Report is "a very important matter and the public has a right to know what it can know about the investigation[.]" Hr'g Tr. at 15:25–16:2, ECF No. 25. The Court has emphasized that this case should proceed "as expeditiously as humanly possible" to a "final resolution." *Id.* at 26:12.

2. On March 5, 2020, this Court ruled that it "must conduct an *in camera* review of the unredacted version of the Mueller Report to assess *de novo* the applicability of the particular exemptions claimed by the Department for withholding information in the Mueller Report pursuant to the FOIA." Mem. Op. 15–16, ECF No. 111.

3. The Court explained that the circumstances surrounding the release of the redacted Mueller Report, "and Attorney General Barr's lack of candor specifically, call into

question Attorney General Barr's credibility and in turn, the Department's representation that 'all of the information redacted from the version of the [Mueller] Report released by [ ] Attorney General [Barr]' is protected from disclosure by its claimed FOIA exemptions." Mem. Op. 19 (quoting Brinkmann Decl. ¶ 11, ECF No. 54-3).

4. The Court further noted that in camera review of the Mueller Report was necessary "for the American public to have faith in the judicial process[.] . . . Adherence to the FOIA's objective of keeping the American public informed of what its government is up to demands nothing less." Mem. Op. 21–22.

5. On March 16, 2020, Chief Judge Howell announced a series of changes to operations in the U.S. District Court for the District of Columbia to "ensure public safety, public health, and welfare." Standing Order No. 20-9 (BAH). ¶ 1. The Chief Judge empowered the judges of the District Court to conduct individual proceedings by teleconference or videoconference. *Id.* ¶¶ 1, 4.

6. Since mid-March, Judges of this District Court have issued dozens of memorandum opinions, *Opinions — 2020*, U.S. District Court for the District of Columbia (Apr. 16, 2020),[1] and have scheduled numerous telephonic hearings. *See, e.g.*, Minute Order, *EPIC v. DOJ*, No. 18-1814-TNM (Apr. 9, 2020); Minute Order, *Banks v. Booth*, No. 20-849-CKK (Mar. 31, 2020).

7. Other federal courts have followed suit, ensuring that the federal judiciary continues its essential work. *See U.S. District Court Remains 100% Operational*, U.S. District Court for the District of Rhode Island (Mar. 18, 2020) ("The United States District Court for the

---

[1] https://ecf.dcd.uscourts.gov/cgi-bin/Opinions.pl?2020.

District of Rhode Island wants to assure the public that we are 100% operational.");[2] *March 31, 2020 - News and Announcements*, U.S. District Court for the Northern District of Oklahoma (Mar. 31, 2020) ("We continue to conduct necessary judicial business[.]");[3] Southern District of Indiana COVID-19 Frequently Asked Questions, U.S. District Court for the District of Southern Indiana (April 2020) ("Q. Is the court still open? A. Yes[.]").[4]

8. The U.S. Court of Appeals for the D.C. Circuit has not postponed or rescheduled consideration of a single case on its docket. The Court has invoked Rule 34(j) to permit disposition of cases without oral argument. *See Oral Argument Calendar*, U.S. Court of Appeals for the D.C. Cicruit (Apr. 16, 2020).

9. The U.S. Supreme Court has announced that it will hold arguments by teleconference and provide a live audio feed for public broadcast. Press Release, U.S. Supreme Court (Apr. 13, 2020).[5]

10. On March 30, 2020, the Department of Justice ("DOJ") submitted to this Court unredacted copies of the Mueller Report, in paper and electronic format, for *in camera* review. Def.'s Notice of Submission of Docs. for *In Camera* Review, ECF No. 115. The DOJ also submitted to the Court unredacted copies of the final two pages of its October 10, 2019 production to EPIC for *in camera* review. *Id.*

11. Following the DOJ's submission of unredacted documents, the Court conveyed that "the Court's review of the unredacted version of the Mueller Report is unable to occur until

---

[2] https://www.rid.uscourts.gov/news/us-district-court-remains-100-operational.

[3] https://www.oknb.uscourts.gov/news/march-31-2020-news-and-announcements.

[4] https://www.insd.uscourts.gov/sites/insd/files/COVID-19%20FAQs.pdf.

[5] https://www.supremecourt.gov/publicinfo/press/pressreleases/pr_04-13-20.

the Court resumes its normal operations on April 20, 2020, unless the Court's normal operations are further suspended due to the COVID-19 pandemic." Minute Notice (March 30, 2020).

12. On April 2, 2020, Chief Judge Howell extended the March 16, 2020 Order concerning courthouse operations through June 1, 2020. Standing Order No. 20-19 (BAH). The Chief Judge again affirmed that District Court would "support essential functions in criminal, civil, and bankruptcy matters[.]" *Id.* ¶ 1.

13. EPIC respectfully submits that *in camera* review of the Mueller Report is an essential function warranting the Court's prompt attention.

14. As this Court recently stated, the FOIA "'give[s] citizens access to the information on the basis of which government agencies make their decisions, thereby equipping the populace to evaluate and criticize those decisions[.]'" Mem. Op. 21 (quoting *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1108–09 (D.C. Cir. 1983)). "[The FOIA] ensure[s] an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed[.]" *Id.* (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978)).

15. Time is of the essence in this case. It is vital that the American citizenry know the full extent of Russian interference in the 2016 presidential election before casting their votes in the 2020 presidential election, now just 200 days away. And it is vital that there be judicial review of the DOJ's asserted exemptions that prevent public release of relevant information contained within the Mueller Report.

16. EPIC respectfully urges the Court to begin *in camera* review of the Mueller Report on or around April 20, 2020.

Respectfully Submitted,

MARC ROTENBERG, D.C. Bar #422825
EPIC President and Executive Director

ALAN BUTLER, D.C. Bar #1012128
EPIC General Counsel

/s/ John L. Davisson
JOHN L. DAVISSON, D.C. Bar #1531914
EPIC Counsel

ENID ZHOU, D.C. Bar #1632392
EPIC Open Government Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1519 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

*Attorneys for Plaintiff EPIC*

Dated: April 17, 2020