IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 19-810 (RBW) |
| JASON LEOPOLD and BUZZFEED INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. Action No. 19-957 (RBW) |

**NOTICE OF FACTUAL DEVELOPMENTS RELEVANT TO PENDING MOTIONS**

Plaintiffs Electronic Privacy Information Center ("EPIC"), Jason Leopold, and Buzzfeed, Inc., respectfully notify the Court of new factual developments relevant to the Court's resolution of the parties' cross-motions for partial summary judgment in the above-captioned matters. Specifically, the entry of final judgment in the criminal trial of Roger J. Stone, Jr.; the lifting of the media communications order in the Stone case; and the recent disclosure of search warrants and supporting materials from the Department of Justice ("DOJ") investigation into Mr. Stone all undermine the DOJ's asserted grounds for withholding portions of the Mueller Report from Plaintiffs.

1

1. On November 15, 2019, the trial of Roger Stone concluded. A jury convicted Mr. Stone of one count of obstructing a proceeding, five counts of making a false statement, and one count of witness tampering. Verdict Form, *United States v. Stone*, No. 19-18 (D.D.C. Nov. 15, 2019).

2. On February 20, 2020, Mr. Stone was sentenced to 40 months of incarceration, followed by 24 months of supervised release. Judgment, *Stone*, No. 19-18 (D.D.C. Feb. 20, 2020).

3. On April 16, 2020, Judge Amy Berman Jackson denied Mr. Stone's motion for a new trial and entered final judgment in the case. Order, *Stone*, No. 19-18 (D.D.C. Apr. 16, 2020).

4. Upon entering final judgment, Judge Jackson lifted the media communications order that had been in place during Mr. Stone's trial. *See id.*

5. On April 24, 2020, Judge Christopher R. Cooper granted in part a motion by several media organizations "to obtain access to currently sealed search warrant materials that were generated in connection with the Office of Special Counsel's criminal investigation of Roger Stone." Order, *In re Application of the Associated Press*, No. 19-29 (D.D.C. Apr. 24, 2020).

6. On April 28, 2020, the DOJ disclosed—pursuant to Judge Cooper's order—partially redacted versions of 34 search warrants and supporting materials generated in connection with the Stone investigation. Notice, *In re Application of the Associated Press*, No. 19-29 (D.D.C. Apr. 28, 2020).

7. The newly-disclosed warrants contain extensive new information about the DOJ's investigation of Mr. Stone. *See, e.g.*, Katelyn Polantz et al., *Mueller Investigators Said Roger Stone Orchestrated Hundreds of Fake Facebook Accounts in Political Influence Scheme*, CNN

(Apr. 28, 2020);[1] Eric Tucker et al., *FBI Documents Reveal Communication Between Stone, Assange,* Wash. Post (Apr. 28, 2020).[2]

8. On April 30, 2020, Mr. Stone filed a notice of appeal from his conviction. Notice of Appeal, *Stone*, 19-18 (Apr. 30, 2020).

9. The above developments are relevant to the Court's resolution of the parties' cross-motions for partial summary judgment concerning the Mueller Report in several respects.

10. **First**, the Department of Justice ("DOJ") may no longer assert that it is prohibited by Judge Jackson's order from disclosing additional material from the Mueller Report pursuant to the Freedom of Information Act ("FOIA"), as that order has now been lifted.

11. **Second**, because the DOJ has disclosed extensive new material concerning its investigation of Mr. Stone—in addition to the new material already disclosed by the DOJ during Mr. Stone's trial—the DOJ may no longer withhold that same information contained in the Mueller Report. *See Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)) ("[W]hen information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim."). Plaintiffs are thus entitled to any such material under the FOIA.

12. **Third**, the DOJ's Exemption 7(A) claims predicated on the Stone trial are moot. Exemption 7(A) applies only to records compiled for law enforcement purposes, the disclosure of which "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7). "[A] law enforcement agency invoking the exception [must] show that the material withheld 'relates to a *concrete prospective law enforcement proceeding*.'" *Juarez v. DOJ*, 518

---

[1] https://www.cnn.com/2020/04/28/politics/doj-roger-stone-warrants-lawsuit/index.html.
[2] https://www.washingtonpost.com/politics/fbi-documents-reveal-communication-between-stone-assange/2020/04/28/6a218e0e-89b2-11ea-80df-d24b35a568ae_story.html.

F.3d 54, 58 (D.C. Cir. 2008) (quoting *Bevis v. Dep't of State*, 801 F.2d 1386, 1389 (D.C. Cir. 1986)) (emphasis added). Notably, disclosure "cannot interfere with parts of the enforcement proceeding already concluded." *CREW v. DOJ*, 746 F.3d 1082, 1097 (D.C. Cir. 2014) (quoting *North v. Walsh*, 881 F.2d 1088, 1100 (D.C. Cir. 1989)).

13. The DOJ's assertion that exemption 7(A) applies to material concerning Mr. Stone because disclosure "could prejudice [his] trial" is necessarily moot, Brinkmann Decl. ¶ 50, ECF No. 54-3, as that trial has "already concluded." *CREW*, 746 F.3d at 1097 (quoting *North*, 881 F.2d at 1100); *see also Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (explaining that enforcement proceedings underlying a 7(A) assertion "must be *pending or reasonably anticipated at the time of the district court's eventual decision*, not merely at the time of [the plaintiff's] original FOIA request" (emphasis added)).

14. The fact that Mr. Stone has appealed his conviction does not salvage the DOJ's Exemption 7(A) claims. As the D.C. Circuit has explained, an agency seeking to withhold information related to a criminal proceeding under 7(A) must show that the exemption applies despite the conclusion of the trial:

> During the pendency of this appeal, we note, North has been convicted by a jury of three counts of the indictment and acquitted on nine others. Disclosure of the information North seeks cannot interfere with parts of the enforcement proceeding already concluded. On remand, then, the district court should consider whether disclosure can reasonably be expected to interfere in a palpable, particular way with the remaining portions of the enforcement proceedings, including the post-trial Kastigar hearing.

*North*, 881 F.2d at 1100. The DOJ has not made such a showing here.

15. **Fourth**, the DOJ has definitively lost its ability to assert Exemption 7(B), which applies only to records compiled for law enforcement purposes that would "deprive a person of a right to a fair trial or an impartial adjudication" if disclosed. 5 U.S.C. § 552(b)(7)(B). Exemption

7(B) "requires a showing '(1) that a trial or adjudication is pending or truly imminent; and (2) that it is more probable than not that disclosure of the material sought would seriously interfere with the fairness of those proceedings.'" *Chiquita Brands Int'l Inc. v. SEC*, 805 F.3d 289, 294 (D.C. Cir. 2015) (quoting *Washington Post Co. v. DOJ*, 863 F.2d 96, 102 (D.C. Cir. 1988)). Now that Judge Jackson has entered final judgment in Mr. Stone's case, the DOJ lacks even a colorable argument that Exemption 7(B) applies to material in the Mueller Report.

16.   **Finally**, the DOJ can no longer assert Exemptions 6 and 7(C) to withhold material concerning Mr. Stone. Exemption 7(C) applies to "records or information compiled for law enforcement purposes," the disclosure of which would "constitute an invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), while Exemption 6 applies solely to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (emphasis added).

17.   The DOJ invoked Exemptions 6 and 7(C) on the grounds that Mr. Stone has "protectable privacy interests in premature release of investigatory details relevant to criminal law enforcement proceedings against [him]" and that disclosure would "impact his ability to amount an effective defense and deprive him of the right to a fair trial." Brinkmann Decl. ¶ 73. With the conclusion of Mr. Stone's trial and the entry of final judgment, the DOJ can no longer argue that disclosure would be premature or that Mr. Stone's right to a fair trial is at risk.

                              Respectfully Submitted,

| | |
|---|---|
| /s/ Matthew V. Topic | ALAN BUTLER, D.C. Bar #1012128 |
| MATTHEW V. TOPIC | EPIC General Counsel |
| | |
| JOSHUA BURDAY | /s/ John L. Davisson |
| MERRICK WAYNE | JOHN L. DAVISSON, D.C. Bar #1531914 |
| | EPIC Counsel |
| LOEVY & LOEVY | davisson@epic.org |

| | |
|---|---|
| 311 North Aberdeen,<br>3rd Floor<br>Chicago, IL 60607<br>312-243-5900<br>foia@loevy.com<br>DC Bar Nos. IL0037 and IL0042<br><br>*Attorneys for Plaintiffs Buzzfeed & Jason Leopold* | ENID ZHOU, D.C. Bar #1632392<br>EPIC Open Government Counsel<br><br>ELECTRONIC PRIVACY<br>INFORMATION CENTER<br>1519 New Hampshire Ave, N.W.<br>Washington, D.C. 20036<br>(202) 483-1140 (telephone)<br>(202) 483-1248 (facsimile)<br><br>*Attorneys for Plaintiff EPIC* |

Dated: May 4, 2020