# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) JUSTICE, ) ) Defendant. ) | Civil Action No. 19-cv-810 (RBW) |
| JASON LEOPOLD, BUZZFEED, INC., ) ) Plaintiffs, ) ) v. ) ) UNITED STATES DEPARTMENT OF ) JUSTICE, et al. ) ) Defendants. ) | Civil Action No. 19-cv-957 (RBW) |

## DEFENDANT'S MOTION FOR EXTENSION OF TIME AND REQUEST FOR EXPEDITED RULING

On July 6, 2020, the Court ordered the Department of Justice to file under seal its responses to the Court's questions concerning certain redactions to the report prepared by Special Counsel Robert S. Mueller, III regarding his investigation into Russian interference in the 2016 United States presidential election (the "Report"). Order, Dkt. 123. The Court noted that upon receipt and review of the Department's responses, it would "advise the Department as to whether the Department's written explanations obviate the need for the *ex parte* hearing currently scheduled

1

for July 20, 2020."[1]  *Id.* at 2 n.3.

The Department has been diligently working to comply with the Court's Order. That work has involved consultations with numerous Department components, including the Office of Information Privacy, the National Security Division, the Federal Bureau of Investigation, and U.S. Attorney's Offices. However, the Department requires one additional week—until 5:00 PM on July 21, 2020—to coordinate and provide responses to all of the Court's questions. This additional time is necessary because the majority of Court's inquiries concerning the redactions require the Department to consult with various entities with equities in the information at issue, both within and outside the Department. The Department has received information from some, but not all, of the entities. Once the Department has completed its consultation with these entities, the Department needs time to compile information received from those entities into a detailed response that addresses all of the Court's questions. Those entities then need time to review the compiled draft responses before the responses are filed under seal with the Court.[2] The Department's goal with this process is to ensure fulsome responses to the Court's questions that would obviate the need for a hearing.

---

[1] On July 9, 2020, the Chief Judge of this Court issued Standing Order 20-62, which postponed all in-person civil hearings, including the *ex parte* hearing previously scheduled for July 20, 2020, to a later date, "unless the presiding Judge in an individual case issues an order directing that a particular proceeding will be held by teleconference or videoconference on or before August 17, 2020." The Court has not issued an order rescheduling the *ex parte* hearing to address the Court's questions regarding certain redactions of the Report.

[2] Although "the question in FOIA cases is typically whether an agency improperly withheld documents at the time that it processed a FOIA request," in the interest of saving resources and promoting efficiency, if the Department determines during its review that there no longer exists a basis for a redaction, the Department plans to indicate as such in its response to the Court's questions, withdraw the redaction, and reprocess the Report with the redaction lifted at the appropriate time. *ACLU v. Dep't of Justice*, 640 F. App'x 9, 13 (D.C. Cir. 2016) (unpublished); *see also Bonner v. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991) ("To require an agency to adjust or modify its FOIA responses based on post-response occurrences could create an endless cycle of judicially mandated reprocessing."). The Report was originally processed in spring 2019. A basis may no longer exist for a redaction if, for example, material was redacted concerning a prosecution that had been ongoing at the time of the redaction that has now been completed. *See Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 746 F.3d 1082, 1097 (D.C. Cir. 2014) (stating that because a "proceeding must remain pending at the time of our decision," an agency's "reliance on Exemption 7(A) may become outdated when the proceeding at issue comes to a close").

Because of the impending due date for its response to the Court's Order, Defendant respectfully requests an expedited ruling on this motion.

Undersigned counsel has conferred via email with counsel for Plaintiff Electronic Privacy Information Center ("EPIC") and Plaintiffs Jason Leopold and BuzzFeed, Inc.  EPIC took no position on the motion.  Undersigned counsel received an automatic out-of-office response from counsel for Plaintiffs Jason Leopold and BuzzFeed, Inc., but did not receive those Plaintiffs' position on the motion by the time of filing.

A proposed order accompanies this motion.

Dated: July 10, 2020                                 Respectfully submitted,

                                                     ETHAN P. DAVIS
                                                     Acting Assistant Attorney General
                                                     Civil Division

                                                     ELIZABETH J. SHAPIRO
                                                     Deputy Director
                                                     Federal Programs Branch

                                                     */s/ Courtney D. Enlow*
                                                     COURTNEY D. ENLOW
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     1100 L Street, N.W.
                                                     Room 12102
                                                     Washington, D.C. 20005
                                                     Tel: (202) 616-8467
                                                     Email: courtney.d.enlow@usdoj.gov

                                                     *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-cv-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| JASON LEOPOLD, BUZZFEED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-cv-957 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | ) ) ) ) | |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Upon consideration of Defendant's Motion for Extension of Time, it is ORDERED AND ADJUDGED that Defendant's Motion is GRANTED. Defendant shall file under seal its responses to the Court's questions concerning certain redactions to the report prepared by Special Counsel Robert S. Mueller, III regarding his investigation into Russian interference in the 2016 United States presidential election by 5:00 PM on July 21, 2020.

_____

THE HONORABLE REGGIE B. WALTON