UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 19-cv-810 (RBW) |
| JASON LEOPOLD, BUZZFEED, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.<br><br>*Defendants*. | Civil Action No. 19-cv-957 (RBW) |

### SEALED THIRD DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (the Department or DOJ). In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from within six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General (OAG),

1

Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  Moreover, the IR Staff is responsible for processing FOIA requests seeking certain records from the Special Counsel's Office (SCO).

2.  The IR Staff of OIP determines whether records responsive to requests exist and, if so, whether they can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, in other components within the Department of Justice, as well as with others in the Executive Branch.

3.  I make the statements herein on the basis of personal knowledge, on my review of the information at issue, as well as on information acquired by me in the course of performing my official duties.

4.  This third declaration supplements and incorporates by reference my June 3, 2019 Declaration in support of the Department's Motion for Summary Judgment, see ECF No. 54-3, which described OIP's processing of the confidential "Report on the Investigation Into Russian Interference in the 2016 Presidential Election" ("the Report") and my July 12, 2019 Second Declaration in support of the Department's Reply in Support of Its Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motions for Summary Judgment, see ECF No. 80-1.

5.  As explained in my June 3, 2019 Declaration, OIP began its FOIA processing of the Report on April 18, 2019, the same day that the Attorney General released the initial, redacted version to Congress and the public.  As part of its FOIA processing and review, OIP reviewed both the unredacted version of the Report as well as the publicly released version with the Attorney General's redactions, and compared them to determine whether the redacted information was exempt from disclosure under the FOIA.  OIP determined at that time that all of

the information redacted in the Attorney General's release was exempt from disclosure under the FOIA, often on the basis of multiple overlapping FOIA exemptions. OIP took great care to mark each redaction in the Report with all applicable FOIA exemption(s), a copy of which was released to Plaintiffs on May 6, 2019, and, later, to further explain the FOIA withholdings, applied the coded categories as described in my June 3, 2019 Declaration to each redaction in the Report.

6. This third declaration, together with the Department's responses set forth in Exhibit A, addresses the Court's questions regarding certain redactions in the Report. The information contained in these two documents has been provided to me by other Department components as part of my duties, or is otherwise based on my personal knowledge and experience with the FOIA, as Senior Counsel of OIP. To better assist the Court in its review, this declaration provides additional detail for certain responses in Exhibit A.

7. In response to the Court's Order, the Department conducted another comprehensive review of the redactions listed in Exhibit A. That work has involved consultations with numerous Department components, including the National Security Division (NSD), the Federal Bureau of Investigation (FBI), and certain U.S. Attorney's Offices, as well as consultations between the Department and the Intelligence Community. In the intervening more than a year since the Department first asserted its FOIA exemptions, a number of circumstances have changed, including the completion of trials and investigations, the provision of discovery in litigation, the evolution of malicious influence actors' tactics and techniques, and the release of information in response to congressional and other requests. For example, as litigation has progressed in certain matters, techniques used during the investigations have become known. Accordingly, in conducting this additional review, the Department determined that certain

information in the Report now could be released without harming government interests or pending matters. The information for which the government does not object to release is marked "N/A" in the "Reasons" column in Exhibit A.

### (b)(3)-1: Federal Grand Jury Information Prohibited from Disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure

8. OIP withheld information pursuant to the first subpart of Exemption 3, which protects from disclosure records that are specifically exempted from disclosure by other federal statutes provided that such statute "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." Rule 6(e) of the Federal Rules of Criminal Procedure falls within this first subpart of Exemption 3. OIP withheld grand jury material that is contained within the Report, protecting both the substance of what was said to the grand jury and any references to the fact that a witness was called to testify (including the citation to the grand jury transcript) pursuant to Exemption 3 of the FOIA, in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure. However, where the witness provided the same information both to the grand jury and in an investigative interview, OIP did not redact the substance of what was said because the investigative interview is an alternative source for the substantive information which does not implicate Rule 6(e). In those instances, only the reference to the fact that a witness was called to testify is protected because the Department has not disclosed which witnesses appeared before the grand jury. It is important to note that OIP always redacted direct quotations from the grand jury transcript contained in the Report, even if that same information was also shared in an investigative interview, because the source of the direct quotation is the transcript, implicating Rule 6(e). Similarly, OIP redacted the fact that the witness testified before the grand jury unless that information already was disclosed in court or other official acknowledgments. More information concerning the Court's specific questions

4

related to the redactions taken pursuant to (b)(3) as it relates to federal grand jury material is contained in the "Reasons" column on Exhibit A.

### (b)(3)-2: Intelligence Sources and Methods Prohibited from Disclosure by the National Security Act of 1947, 50 U.S.C. § 3024(i)(1)

9. OIP withheld information pursuant to the first subpart of Exemption 3, which protects from disclosure records that are specifically exempted from disclosure by other federal statutes provided that such statute "(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." Section 102 (A)(i)(1) of the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevent Act of 2004 is such a statute, leaving no discretion to the Director of National Intelligence about withholding from the public information about intelligence sources and methods. No harm to national security is required to invoke Exemption 3. Information withheld pursuant to (b)(3)-2 reflects historical and/or current sources and methods of foreign intelligence information that should be protected from disclosure. The information pertains to specific sources of information as well as to capabilities and techniques that are used by the United States to obtain critical foreign intelligence information. In particular, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████

█████████████████████████████████ More information concerning the Court's specific questions related to the redactions taken pursuant to (b)(3) as it relates to the National Security Act of 1947, as amended, is contained in the "Reasons" column on Exhibit A.

### (b)(6)/(b)(7)(C): Unwarranted Invasions of Personal Privacy

11. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ OIP took care to release as much information related to the Internet Research Agency's (IRA) use of social media as possible, without creating an unwarranted invasion of the personal privacy of unwitting third parties. For example, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████ As described in my June 3, 2019 Declaration, the individuals who comprise these groups were unwittingly utilized by – and in that sense, were essentially victimized by – interference efforts emanating from Russia, because they apparently did not know that their contacts or activities involved Russian nationals. OIP has withheld the names of these certain

Facebook groups to avoid the intense media scrutiny and risk of harassment to these individuals if their unwitting involvement with Russian nationals were revealed.

12. ███████████████████████████████████████

███████████████████████████ ████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

██████████████████████████████

████████████████████████████████████

█████████████████████████████████.

13. ██████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████

14. More information concerning the Court's specific questions related to the redactions taken pursuant to (b)(6)/(b)(7)(C) is contained in the "Reasons" column on Exhibit A.

**(b)(7)(A): Pending Law Enforcement Proceedings**

15. Information that is withheld pursuant to (b)(7)(A) and included in Exhibit A pertains to a number of pending law enforcement proceedings, including ████████████████

7

Research Agency LLC (Case No. 1:18-cr-32 (D.D.C.)), United States v. Khusyaynova (Case No. 1:18-mj-464 (E.D. Va.)), United States v. Netyksho (Case No. 1:18-cr-215 (D.D.C.)), United States v. Morenets (Case No. 2:18-cr-00263 (W.D. Pa.)), United States v. Assange (Case No. 1:18-cr-00111-CMH (E.D. Va.)), United States v. Kilimnik (Case No. 1:17-cr-201-3 (D.D.C.)), or ongoing law enforcement investigations conducted by the Department and the FBI.[1] ███

███

███

███

███

███

███

███

███

███

   16. Other redacted information reflects ███

███

███

███

___

[1] An indictment contains only allegations of criminal conduct. The Department is offering no opinion about the guilt or innocence of any charged defendant. Every defendant is presumed innocent unless and until proven guilty beyond a reasonable doubt in court.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████

17. As an example, there are numerous entries on Exhibit A that pertain to ███████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

18. As another example, there are numerous entries on Exhibit A that pertain to ██

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████████████████████████████

[Page content fully redacted]

11

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████         ████████

███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

19. As another example, there are numerous entries on Exhibit A that implicate ██████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████[4] ██████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[4] ███████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████

20. As another example, ██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

21. As a final example, there are numerous entries on Exhibit A that pertain to ██

██████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

22. More information concerning the Court's specific questions related to the redactions taken pursuant to (b)(7)(A) is contained in the "Reasons" column on Exhibit A.

### (b)(7)(E): Investigative Techniques and Procedures

23. Information withheld pursuant to (b)(7)(E)-1 and (b)(7)(E)-2 and included in Exhibit A pertains to ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████.

24. As an example, ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████[1] ██████████

███████████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████

25. As another example, █████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████ █████ ████████.

26. As another example, █████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████

27. As another example, █████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

---

[6] ██████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

28. As final example, ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████

29. More information concerning the Court's specific questions related to the redactions taken pursuant to (b)(7)(E) is contained in the "Reasons" column on Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

Vanessa R. Brinkmann
Senior Counsel
Office of Information Policy
United States Department of Justice

Executed on this 21st day of July, 2020.