IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 19-cv-810 (RBW) |
| JASON LEOPOLD, BUZZFEED, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.<br><br>    Defendants. | Civil Action No. 19-cv-957 (RBW) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS JASON LEOPOLD AND BUZZFEED, INC.'S EMERGENCY MOTION FOR A COURT ORDER TO REPROCESS THE MUELLER REPORT**

**INTRODUCTION**

There is no basis to require additional reprocessing of the Special Counsel's Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller Report" or "Report"). On their face, the President's recent statements on Twitter referenced only purported "declassification" of material. But the Mueller Report does not contain any classified information and the Department of Justice (the "Department" or "DOJ") did not redact any information from the Report on that basis. Moreover, the Twitter statements are entirely silent

about any information redacted from any record pursuant to any Freedom of Information Act ("FOIA") exemption. And the Department has confirmed that the Twitter statements "do not altering any redactions on any record at issue in this case, including, but not limited to, any redactions taken pursuant to any discretionary FOIA exemptions." Decl. of G. Bradley Weinsheimer ¶ 5 (Oct. 13, 2020). Accordingly, additional reprocessing of the Mueller Report is not warranted and the Court should deny Plaintiffs' motion.

### BACKGROUND

After Plaintiffs challenged every redaction to the Mueller Report, the Court granted in part the Department of Justice's motion for summary judgment, finding that the Department properly withheld the following categories of information from the Report: (1) grand jury information protected by Rule 6(e) of the Federal Rule of Criminal Procedure and Exemption 3; (2) intelligence sources and methods protected by the National Security Act and Exemption 3; (3) privacy information protected by Exemptions 6 and 7(C); and (4) law enforcement information protected by Exemptions 7(A) and 7(E). *See* Mem. Op., Dkt. 130, Order, Dkt. 131. The Court denied the Department's motion concerning deliberative information regarding charging decisions that the Department had withheld under Exemption 5 and ordered that information to be released by November 2, 2020. *See* Mem. Op., Dkt. 130, Order, Dkt. 131.

A little more than a week after the Court's decision, Plaintiffs Jason Leopold and Buzzfeed, Inc.,[1] filed their "emergency" motion, seeking the release of the majority of the information in the Report that the Court found was properly withheld.[2] *See* Pls.' Mot., Dkt. 132. Plaintiffs based their request on the following two statements made by the President on Twitter:

---

[1] Plaintiff Electronic Privacy Information Center did not join the motion.

[2] Plaintiffs assert that "Defendant DOJ has redacted or withheld a variety of records based on a variety of exemptions." Pls.' Mot. 1, Dkt. 132-1. Not so. In this case, Plaintiffs Jason Leopold and Buzzfeed, Inc. sought only one record in

> I have fully authorized the total Declassification of any & all documents pertaining to the single greatest political CRIME in American History, the Russia Hoax. Likewise, the Hillary Clinton Email Scandal. No redactions!
>
> All Russia Hoax Scandal information was Declassified by me long ago. Unfortunately for our Country, people have acted very slowly, especially since it is perhaps the biggest political crime in the history of our Country. Act!!!

Pls.' Mot., Exh. A, Dkt. 132-1.

The Court then ordered the Department to file a response addressing "the plaintiffs' claim that the tweets by President Donald Trump referred to in the plaintiffs' motion resulted in the waiver of exemptions under the Freedom of Information Act for the report prepared by Special Counsel Robert Mueller regarding his investigation into Russian interference in the 2016 United States presidential election." Order, Dkt. 133. The Court further ordered the Department to "confer with the White House in order to advise the Court as to the White House's official position regarding the declassification and release to the public of information related to the Russia investigation." *Id.*

In compliance with the Court's Order, the Department conferred with the White House Counsel's Office and obtained the White House's official position on those matters, which is set forth in the attached declaration from G. Bradley Weinsheimer, an Associate Deputy Attorney General for the Department of Justice. *See* Weinsheimer Decl. ¶¶ 4–5.

**ARGUMENT**

**I. The President's Statements on Twitter Did Not Result in a Waiver of FOIA Exemptions**

Plaintiffs argue that because the President stated on Twitter that documents related to Russian interference in the 2016 presidential election have been "declassified," "any FOIA

---

their FOIA request—the Mueller Report. *See* Order 2, Dkt. 26 (in consolidating the cases, noting that Plaintiffs Jason Leopold and Buzzfeed, Inc. sought the "release of the report of the Special Counsel's investigation into Russian interference with the 2016 Presidential election and related matters, commonly known as 'the Mueller Report'" (citing Compl. ¶ 1, *Leopold et al., v. U.S. Dep't of Justice et al.*, Civ. Action No. 19-957).

3

exemptions have been waived with the exception of disclosures prohibited by the Privacy Act, Rule 6(e), or other statutes that prohibit release." Pls.' Mot. 2, Dkt. 132. Plaintiffs' argument fails for two related reasons.

First, and without consideration of their effectiveness as a classification order, *see infra* Part II, the Twitter statements pertain only to purported "declassification" of information. *See* Pls.' Exh. A, Dkt. 132-1. But there is nothing classified in the Mueller Report, and thus the Department did not withhold any information from the Mueller Report under Exemption 1. Accordingly, even if the Twitter statements were effective in declassifying any information, which they are not, the statements would have no effect on any information that was redacted in the Mueller Report.

Second, the Twitter statements are entirely silent about the material that was actually withheld from the Mueller Report. *See* Pls.' Exh. A, Dkt. 132-1. The Department withheld information from the Report pursuant to Exemptions 3, 5, 6, and 7. *See* Defs.' Mot. for Summ. J., Dkt. 54. The White House has made clear that the Twitter statements "do not require altering any redactions on any record at issue in this case, including, but not limited to, any redactions taken pursuant to any discretionary FOIA exemptions." Weinsheimer Decl. ¶ 5. "Nor do the President's statements on Twitter prevent the Department from taking appropriate exemptions and redacting documents consistent with law and the positions the Department takes in FOIA matters." *Id.* Therefore, the Twitter statements do not, as Plaintiffs argue, operate as a waiver of any of these exemptions.

As the Court recently found, the Department appropriately redacted information from the Mueller Report to prevent the disclosure of federal grand jury, intelligence, and law enforcement information and to protect personal privacy. *See* Mem. Op., Dkt. 130, Order, Dkt. 131. These

redactions reflect "legitimate governmental and private interests [that] could be harmed by release" of the underlying information. *FBI v. Abramson*, 456 U.S. 615, 621 (1982). The Department's declaration makes clear that the Twitter statements did not alter any of these redactions. Weinsheimer Decl. ¶ 5. Accordingly, the Court should not order the mass disclosure of information that could harm legitimate governmental and private interests based on Twitter statements that are entirely silent about this material.[3]

## II. The President's Statements on Twitter Did Not Declassify Any Information

Even if the Mueller Report contained any classified information—which it does not—the Twitter statements nevertheless would have no effect in this case because those statements did not declassify any information. *See* Weinsheimer Decl. ¶¶ 4–5.

The President has the authority to declassify documents that are otherwise currently and properly classified. *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988) ("The President, after all, is the 'Commander in Chief of the Army and Navy of the United States.' U.S. Const., Art. II, § 2. His authority to classify and control access to information bearing on national security . . . flows primarily from this constitutional investment of power in the President and exists quite apart from any explicit congressional grant."); *cf.* E.O. 13,526 § 3.1(d), 75 Fed. Reg. 707, 713 (Dec. 29, 2009) (authorizing agency officials to declassify otherwise properly classified information in the public interest on a discretionary basis). The President has not exercised this authority with respect to any material in this case. *See* Weinsheimer Decl. ¶¶ 4–5. Simply put, the Twitter statements "were not self-executing declassification orders and do not require the declassification of any particular documents." *Id.* ¶ 5. And DOJ is not aware of any order that either declassified any material at

---

[3] Plaintiffs concede that the President's statements on Twitter have no effect on the Department's withholding of federal grand jury information or intelligence sources and methods under the National Security Act pursuant to Exemption 3 and certain information redacted to protect personal privacy. *See* Pls.' Mot. 2 (stating that Plaintiffs are not seeking information withheld pursuant to "the Privacy Act, Rule 6(e) [of the Federal Rules of Criminal Procedure], or other statutes that prohibit release," such as the National Security Act).

issue or directed declassification of it. Weinsheimer Decl. ¶ 4.

In sum, the Mueller Report contains no classified information. But even if it did, the Twitter statements were not an order to declassify any information in the Mueller Report, the Department has never received such an order, and the Department subsequently confirmed with the White House Counsel's Office that there was and is no order to declassify any material at issue in this case based on the Twitter statements. *Id.* ¶¶ 4–5.

## CONCLUSION

Accordingly, because the President's statements on Twitter are plainly irrelevant to any information the Department withheld from the Mueller Report under Exemptions 3, 5, 6, or 7, and because the White House has confirmed that these Twitter statements were not meant to alter any of the redactions to the Report, there is no basis to order additional reprocessing of the Mueller Report. Plaintiffs' motion should be denied.

Dated: October 13, 2020          Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

> */s/ Courtney D. Enlow*
> COURTNEY D. ENLOW
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W.
> Room 12102
> Washington, D.C. 20005
> Tel: (202) 616-8467
> Email: courtney.d.enlow@usdoj.gov