IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ELECTRONIC PRIVACY                  )
INFORMATION CENTER,                 )
                                    )
        Plaintiff,                 )
                                    )
    v.                              )   Civil Action No. 19-cv-810 (RBW)
                                    )
UNITED STATES DEPARTMENT OF         )
JUSTICE,                            )
                                    )
        Defendant.                 )
_____ )

**DEFENDANT'S OPPOSITION TO
LEONARD HOUSTON'S MOTION TO INTERVENE**

Leonard Houston seeks to intervene *pro se* in this matter. *See* Mot. for Leave to Intervene as Proposed Intervenor-Plaintiff, Dkt. 134. This Court should deny Mr. Houston's motion because he cannot satisfy the criteria either for intervention as of right or for permissive intervention.

**BACKGROUND**

On March 22, 2019, Plaintiff, the Electronic Privacy Information Center ("EPIC"), brought this civil action against the Defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election." Compl. ¶¶ 2, 43, Dkt. 1. On April 22, 2019, the Court consolidated this case with *Leopold v. Department of Justice*, 19-cv-957, because, like EPIC, the plaintiffs in that case sought the release of the Special Counsel's Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller Report" or "Report"). *See* Order, Dkt. 33.

On April 1, 2019, another *pro se* litigant, David Christenson, filed a motion for leave to intervene in this case. Dkt. 16. The Court denied that motion on April 5, 2019, finding that Mr. Christenson lacked standing. Dkt. 20.

On June 17, 2019, Mr. Houston appeared to mail a letter to the Court requesting to intervene in this case. *See* Mot. at 2, Dkt. 134. The Court did not receive the letter. *See id.* at 1.

The parties completed briefing on the cross-motions for summary judgment, had oral argument, and the Court ruled on the parties' cross motions. *See* Mem. Op., Dkt. 130, Order, Dkt. 131.

In a letter dated September 14, 2020, which was filed on the docket on October 2, 2020, Mr. Houston inquired as to the status of his motion to intervene in this case. *See* Dkt. 134. The Court granted Mr. Houston leave to file the motion, but noted that the Court had not received his original motion. *See id.* In the filing, Mr. Houston asserts, without any supporting argument, that he is entitled to intervene as of right, or, in the alternative, he asserts that he should be permitted to intervene. *See id.*

## ARGUMENT

### I. Standard of Review

The Federal Rules of Civil Procedure require a court to allow anyone to intervene as of right who "claims an interest relating to the property or transaction that is the subject of the action," and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)). Intervention as of right depends on four factors: "(1) the application to intervene must be timely; (2) the applicant must

demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank*, 717 F.3d at 192. Further, "in addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003); *see also City of Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ("[B]ecause a Rule 24 intervenor seeks to participate on an equal footing with the original parties to the suit, [it] must satisfy the standing requirements imposed on those parties.").

Additionally, the Federal Rules allow a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of fact or law." Fed. R. Civ. P. 24(b)(1)(B). In the latter case, however, the court must consider whether the intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Permissive intervention is 'inherently discretionary,' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements." *Garcia v. Vilsack*, 304 F.R.D. 77, 81 (D.D.C. 2014) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Anyone seeking permissive intervention must still demonstrate that they have standing. *Deutsche Bank*, 717 F.3d at 193.

## II.    Mr. Houston Cannot Intervene As a Matter of Right

Mr. Houston cannot intervene as of right for two reasons.

First, Mr. Houston cannot intervene as of right because he cannot establish that he has standing to participate in this case. "To establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury in fact, (2) causation, and (3) redressability." *Fund for Animals*, 322 F.3d at 732–33 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Mr. Houston lacks standing because he cannot trace any alleged injury to the challenged action. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (stating that an injury must be "fairly traceable to the challenged action"). Simply put, there is no indication that Mr. Houston has filed a FOIA request with the Department of Justice. *See generally* Mot., Dkt. 134.

Nor can Mr. Houston satisfy the redressability prong of standing because he cannot show that that a favorable order of this Court would redress his purported injury. *See Allen v. Wright*, 468 U.S. 737 (1984). Because Mr. Houston did not submit a FOIA request, a favorable order cannot redress any cognizable injury under FOIA.[1]

Second, Mr. Houston cannot satisfy the requirements for intervention as of right under the Federal Rules. Mr. Houston cannot establish "a legally protected interest in the action" for the same reasons that he does not have standing. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C.Cir.1998) ("[The putative intervenor] need not show anything more than that it has standing to sue in order to demonstrate the existence of a legally protected interest for purposes of Rule 24(a)."). Mr. Houston has not set forth any specific interest with respect to the instant FOIA action. *See Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009) (denying motion to intervene in a FOIA action because the movant "has not set forth any specific interest with respect to the instant FOIA action nor has he explained how disposition of the instant action may impede his ability to protect any specific interest of his own"). In addition, Mr. Houston has not shown that this action threatens to impair any legally protected interest. *Deutsche Bank*, 717 F.3d at 192. "In determining whether an applicant's interests will be impaired, courts in this circuit look to the 'practical consequences' that the applicant may suffer if intervention is denied." *Forest Cty. Potawatomi*

---

[1] Indeed, there is no jurisdictional basis for Mr. Houston's proposed intervention. In the absence of a FOIA request, he has no more standing or interest in the case than any other member of the public. *See Lujan*, 504 U.S. at 573–574; *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464 (1982).

4

*Cmty. v. United States*, 317 F.R.D. 6, 14 (D.D.C. 2016).  Here, because Mr. Houston could have, but did not, file his own FOIA request, he would suffer no "practical consequences" if intervention is denied.  Finally, to the extent Mr. Houston merely seeks disclosure of the records responsive to EPIC's FOIA request, that is an interest already adequately represented by EPIC itself.  *See Schoenman*, 263 F.R.D. at 25 (in denying a motion to intervene, noting that "it is readily apparent that Mr. Riches' alleged interest in ensuring that the FBI fully discloses all documents responsive to Plaintiff's FOIA request is an interest already adequately represented by Plaintiff himself").

This is the same rationale that formed the basis of the Court's prior order denying another *pro se* litigant's motion to intervene.  *See* Order, Dkt. 20.  The same result is warranted here.  Because Mr. Houston does not have standing and cannot satisfy the requirements for intervention as of right under the Federal Rules, his motion should be denied.

### III. Mr. Houston Has Not Established that He Should Be Permitted to Intervene in this Case

The Court should not permit Mr. Houston to intervene in this case.  Mr. Houston's failure to establish Article III standing is fatal to his request for permissive intervention.  *See Keepseagle v. Vilsack*, 307 F.R.D. 233, 245–46 (D.D.C. 2014) (explaining that movants' "lack of standing renders them ineligible for permissive intervention").  Even if he had standing, Mr. Houston's intervention will not "significantly contribute to . . . the just and equitable adjudication of the legal question presented" and should be denied.  *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011)).  Nothing in Mr. Houston's motion relates to any claim or defense in this case.  *Compare* Mot., Dkt. 134, *with* Compl., Dkt. 1.  And the parties have already fully litigated all of the claims at issue in this

case. *See* Mem. Op., Dkt. 130, Order, Dkt. 131. This Court should properly exercise its discretion to deny intervention under these circumstances.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Houston's Motion for Leave to Intervene as Proposed Intervenor-Plaintiff.

Dated: October 22, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2020, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

>
> */s/ Courtney D. Enlow*
> COURTNEY D. ENLOW
> Trial Attorney
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street, N.W.
> Room 12102
> Washington, D.C. 20005
> Tel: (202) 616-8467
> Email: courtney.d.enlow@usdoj.gov