**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
ELECTRONIC PRIVACY                       )
INFORMATION CENTER,                    )
                                                            )
              Plaintiff,                          )
                                                            )
       v.                                                 )   Civil Action No. 19-cv-810 (RBW)
                                                            )
UNITED STATES DEPARTMENT OF   )
JUSTICE,                                                 )
                                                            )
              Defendant.                      )
_____ )

**DEFENDANT'S RENEWED OPPOSITION TO**
**LEONARD HOUSTON'S MOTION TO INTERVENE**

Leonard Houston seeks to intervene in this matter. *See* Mot. for Leave to Intervene as Proposed Intervenor-Plaintiff, Dkt. 148. This Court should deny Mr. Houston's motion because he cannot satisfy the criteria either for intervention as of right or for permissive intervention.

**BACKGROUND**

On March 22, 2019, Plaintiff, the Electronic Privacy Information Center ("EPIC"), brought this civil action against the Defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election." Compl. ¶¶ 2, 43, Dkt. 1. On April 22, 2019, the Court consolidated this case with *Leopold v. Department of Justice*, 19-cv-957, because, like EPIC, the plaintiffs in that case (the "Leopold Plaintiffs") sought the release of the Special Counsel's Report On The Investigation Into Russian Interference In The 2016 Presidential Election (the "Mueller Report" or "Report"). *See* Order, Dkt. 33.

On June 17, 2019, Mr. Houston appeared to mail a letter to the Court requesting to intervene in this case.  *See* Mot. at 2, Dkt. 134.  The Court did not receive the letter.  *See id.* at 1.

More than a year later, in a letter dated September 14, 2020, which was filed on the docket on October 2, 2020, Mr. Houston inquired as to the status of his motion to intervene in this case.  *See* Dkt. 134.  The Court granted Mr. Houston leave to file the motion, but noted that the Court had not received his original motion.  *See id.*  In the filing, Mr. Houston asserted, without any supporting argument, that he is entitled to intervene as of right, or, in the alternative, he asserts that he should be permitted to intervene.  *See id.*

In a subsequent letter dated November 17, 2020, which was filed on the docket on December 4, 2020, Mr. Houston submitted his motion to intervene, in which he claimed to have filed a FOIA request for the Mueller Report.  Dkt. 148.

Prior to Mr. Houston's submission of his motion to intervene in late 2020, the parties completed briefing on the cross-motions for summary judgment, the Court held oral argument, and the Court ruled on the parties' cross-motions.  *See* Mem. Op., Dkt. 130, Order, Dkt. 131.  In compliance with the Court's order on the cross-motions for summary judgment, Defendant reprocessed the Mueller Report to remove the Exemption 5 redactions and provided the reprocessed Report to Plaintiffs on November 2, 2020.  Dkt. 143.  EPIC and DOJ then entered into negotiations concerning attorney fees (which are ongoing), *see* Dkt. 146, and the Leopold Plaintiffs filed a notice of appeal concerning the Court's summary judgment ruling, Dkt. 144.  There is nothing related to the merits of Plaintiffs' claims left to litigate in district court.

**ARGUMENT**

**I.     Standard of Review**

The Federal Rules of Civil Procedure require a court to allow anyone to intervene as of right who "claims an interest relating to the property or transaction that is the subject of the action," and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013) (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)).  Intervention as of right depends on four factors: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank*, 717 F.3d at 192.

Additionally, the Federal Rules allow a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of fact or law."  Fed. R. Civ. P. 24(b)(1)(B).  In the latter case, however, the court must consider whether the intervention would "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3). "Permissive intervention is 'inherently discretionary,' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements."  *Garcia v. Vilsack*, 304 F.R.D. 77, 81 (D.D.C. 2014) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)).

**II.     Mr. Houston Cannot Intervene As a Matter of Right.**

Mr. Houston cannot satisfy the requirements for intervention as of right under the Federal Rules for two reasons.

3

First, Mr. Houston's application is not timely. *Deutsche Bank*, 717 F.3d at 192. With respect to this factor, courts assess "[t]he timeliness of a motion to intervene . . . in consideration of all the circumstances[,]" including "the time elapsed since the inception of the suit" and whether a potential intervenor would "unduly disrupt[ ] [the] litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) (internal quotation marks and citation omitted). "When the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." *Kalbers v. Dep't of Justice*, No. CV188439FMOPJWX, 2020 WL 6204565, at *5 (C.D. Cal. Oct. 9, 2020) (quoting Wright, Miller & Kane, 7C Federal Practice and Procedure § 1916, at 539–40 (3d ed. 2007)).

Mr. Houston finally filed his motion to intervene over a year and a half after Plaintiffs filed their complaints. *Schoenman v. F.B.I.*, 263 F.R.D. 23, 25 (D.D.C. 2009) (finding that a motion to intervene was untimely because it was filed "years after the above-captioned suit was filed"). Mr. Houston plainly had notice of the lawsuit in the summer of 2019—he mailed a letter to the Court in June 2019, *see* Dkt. 134, and his original motion to intervene is dated July 15, 2019, *see* Dkt. 148 at 4. When he did not receive a notice from the Court that his motion had been docketed, Mr. Houston waited more than a year to inquire as to the status of his motion to intervene. *See* Dkt. 134. After the Court permitted Mr. Houston to file his motion, *see id.*, Mr. Houston waited almost two more months to "resubmit" his motion to intervene, *see* Dkt. 148 at 1. Mr. Houston's delay warrants denial of his motion. *See Alt v. EPA*, 758 F.3d 588, 591–92 (4th Cir. 2014) (intervention denied as untimely when motion was filed approximately one year after action was filed and applicant had known of litigation).

Moreover, allowing Mr. Houston to intervene would prejudice the parties. Since Plaintiffs filed their complaints, DOJ processed and released the non-exempt portions of the Mueller Report, *see* Dkt. 54-4-, 54-5, the parties cross-moved for summary judgment, *see* Dkt. 54, 70, 71, the Court held oral argument (with amicus participation), the Court conducted an *in camera* review of the Report, *see* Dkt. 112, 115, and DOJ submitted additional information to the Court on an *ex parte* basis, *see* Dkt. 125, 128. The Court then ruled on the parties' dispositive motions, finding in favor of Plaintiffs on Exemption 5 and ruling in Defendant's favor on the other exemptions. *See* Dkt. 130, 131. Following that ruling, DOJ reprocessed the Report and released the material that had been withheld under Exemption 5. *See* Dkt. 143. DOJ and EPIC then began negotiations concerning attorney fees and costs, *see* Dkt. 146, and the Leopold Plaintiffs filed an appeal, *see* Dkt. 144. In other words, the parties have now litigated the case, and there are no remaining issues concerning the merits of the claims before the Court. Allowing Mr. Houston to intervene "at this late date will serve only to disadvantage the existing parties, delay the resolution of this protracted litigation, and unnecessarily complicate [this] proceeding by injecting new issues when the litigation has advanced to the point it has reached here" *Garcia v. Vilsack*, 304 F.R.D. 77, 84 (D.D.C. 2014) (Walton, J.), *aff'd*, No. 14-5175, 2014 WL 6725751 (D.C. Cir. Nov. 18, 2014) (denying both a motion to intervene as of right and permission intervention); *see also United States v. Prof'l Air Traffic Controllers Org.*, No. 81-1805, 1982 WL 121560, at *5 (D.D.C. May 18, 1982) (denying motion to intervene when the motion was filed "over five months after the occurrence of the critical events at issue in this lawsuit"); *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."), *rev'd on other grounds*, *Devlin v. Scardelletti*, 536 U.S. 1 (2002)). The untimely motion should be denied.

Second, Mr. Houston has not established that Plaintiffs are not an adequate representative of his interest. *Deutsche Bank*, 717 F.3d at 192. To the extent Mr. Houston merely seeks disclosure of the records responsive to EPIC's and the Leopold Plaintiffs' FOIA requests, that is an interest already adequately represented by EPIC and the Leopold Plaintiffs. *See Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009) (in denying a motion to intervene, noting that "it is readily apparent that Mr. Riches' alleged interest in ensuring that the FBI fully discloses all documents responsive to Plaintiff's FOIA request is an interest already adequately represented by Plaintiff himself").

Mr. Houston cannot satisfy the requirements for intervention as of right under the Federal Rules. His motion should be denied.

### III. Mr. Houston Has Not Established that He Should Be Permitted to Intervene in this Case

The Court should not permit Mr. Houston to intervene in this case because his motion is not timely. "Although both Rule 24(b)(1) and (b)(2) require timely application, the determination of timeliness is analyzed more stringently where permissive intervention is sought." *Kalbers*, 2020 WL 6204565, at *7 (citations omitted). As explained above, "permitting intervention at this late stage would likely lead to undue delay and prejudice the original parties' rights." *Schoenman*, 263 F.R.D. at 25–26. The parties have already fully litigated all of the claims at issue in this case. *See* Mem. Op., Dkt. 130, Order, Dkt. 131. This Court should properly exercise its discretion to deny intervention under these circumstances. *See Garcia*, 304 F.R.D. at 84 (finding that because the "motion to intervene is untimely" "neither intervention as of right nor permissive intervention is appropriate"); *Kalbers*, 2020 WL 6204565, at *7 (after denying intervention as of right due to untimeliness, denying permissive intervention for the same reason).

Mr. Houston's intervention will not "significantly contribute to . . . the just and equitable

6

adjudication of the legal question presented" and should be denied. *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011)).

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Houston's Motion for Leave to Intervene as Proposed Intervenor-Plaintiff.

Dated: December 10, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Room 12102
Washington, D.C. 20005
Tel: (202) 616-8467
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

>*/s/ Courtney D. Enlow*
>COURTNEY D. ENLOW
>Trial Attorney
>United States Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street, N.W.
>Room 12102
>Washington, D.C. 20005
>Tel: (202) 616-8467
>Email: courtney.d.enlow@usdoj.gov