# DR. LEONARD W. HOUSTON, J.D. PH.D., ED.

p: 845-343-8923
f: 845-342-3114
e: lenny.houston@yahoo.com
a: 148 Deer Court Drive • PO Box 254
Middletown, NY 10940-6867

*Leave to file is granted*
*Judge Walton*
*1/12/21*

**COPY**

December 18, 2021

The Clerk of the Court
**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: Submission and filing Intervenor-Plaintiff's Opposition to Defendant's Renewed Motion to Leonard Houston's Motion to Intervene:

**ELECTRONIC PRIVACY INFORMATION CENTER**, *Plaintiff* — against
**UNITED STATES DEPARTMENT OF JUSTICE**, *Defendant*
U.S. District Court, For The District of Columbia (Washington, DC)
Civil Docket For Case #: 1:19-cv-00810-RBW

---

Dear SIR/MADAM:
*The Clerk of the Court*

Enclosed, "Intervenor-Plaintiff's Opposition to Defendant's Renewed Motion to Leonard Houston's Motion to Intervene" in the above entitled proceedings, bearing Case Number 19-cv-00810 (RBW), under said captioned case, now pending before this Court.

The required attachments pursuant to Local Civil Rule 7 (Motion) in support of said opposition with attached Certificate of Service have been served by U.S. Postal Mail on the respective Attorneys for the Defendant United States Department of Justice and the Plaintiff, Electronic Privacy Information Center on said even date, the same, to be submitted to this Court, at its Motion Term as scheduled therein.

Thanking you in advance for your kind assistance in this matter.

Respectfully,

Leonard W. Houston, Sr., *pro-se*
*Intervenor-Plaintiff*

Encls: Intervenor-Plaintiff's Opposition to Defendant's Renewed Motion to Leonard Houston's Motion to Intervene, dated December 18, 2020 w/ Exhibits, (LCvR 7- Motion); and Certificates of Service by US Postal Service Mail on Attorneys of Record (**19-cv-00810-RBW**)

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA | **COURTESY COPY**<br>Hon. REGGIE B. WALTON<br>United States District Judge |
| ELECTRONIC PRIVACY INFORMATION CENTER,<br>*Plaintiff,*<br><br>LEONARD W. HOUSTON, SR,<br>*Intervenor-Plaintiff,*<br>-against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>*Defendant.* | Leave to file is granted.<br>Judge Walton<br>1/12/21<br><br>Case No. 19-cv-00810 (RBW) |

## INTERVENOR-PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO LEONARD HOUSTON'S MOTION TO INTERVENE

### INTRODUCTION AND BACKGROUND

This case of Freedom of Information Act ("FOIA") 5 U.S.C. § 552, as amended, before this Court by Intervenor-Plaintiff, Leonard W. Houston, Sr., *pro-se*, relates to receipt of Attorney General William P. Barr's remarks, dated April 18, 2019, of the release of Report of the investigation into Russian Interference in the 2016 Presidential Elections, and Special Counsel Robert Mueller Report as to members of the presidential campaign Donald J Trump, including individuals associated with that campaign. It is this basis, among other things, the same is apparent that the proposed Intervenor-Plaintiff have a direct and substantial interest in the current FOIA subject matter of the litigation, as such, is sufficient to warrant intervention.

Page 1

I submitted a request under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(1), (2), as amended to the OAG FOIA Office, Department of Justice (DOJ), dated April 5, 2019, requesting various records and the full Mueller Report (Unredacted) that were submitted on March 22, 2019, by the Special Counsel. **Compl., Exhibit E**.

Thus, said FOIA request to the DOJ was confirmed by e-mail, dated and received on or about April 12, 2019, same bearing assigned Tracking Number: DOJ-2019-003927 *(i.e.*, Requester; Leonard W. Houston, Sr.) Thereafter, being confirmed by Attorney General William Barr, in making the "redacted" Special Counsel Robert Mueller Report public. It was apparent, at this point, the submitted FOIA request would be denied in some parts as to redactions to the four categories he previously outlines in its redacted report,

As such actions by his *(i.e.*, Attorney General William Barr) by its redactions, has substantially voided Requester's statutory rights of disclosure to the full results of the Special Counsel's investigations, even though he *(i.e,* Special Counsel, Robert Mueller) promised members of congress will be able to "see' all of the redacted material of themselves-with the limited exception of that which, by law, cannot be shared."

Moreover, the aforesaid promises and limited review of the redacted materials, this would not satisfy the Requester's concerns and FOIA request for full disclosure of the information sought, of which such has information value with potential for contribution to the general public understanding (see, *Elizabeth Eudey v. Central Intelligence Agency*, 478 F. Supp. 1175, 1176 (D.C.D. 1979) (even a single document has the potential for contributing to public understanding).
5 U.S.C. 552(a)(4)(A)(iii).

Therefore, as Requester and pursuant to Freedom of Information Act Appeal, as amended by the Open government Act of 2007, and the Open FOIA Act of 2009, with respect to DOJ 2019-00397, of the U.S. Department of Justice Office of Information Policy ("OIP"), Office of Information Policy, their denial of whole or portions of said entitled FOIA request, pursuant to 5 U.S.C. § 552, as amended, whereby seeking among other things, that the DOJ's determinations should be reversed, according to the relevant Department of Justice—FOIA regulations and statutes, as this redacted report therein submitted, was not enough.

## STATEMENT OF FACTS

On October 2, 2020, then, *Proposed* Intervenor-Plaintiff, *pro-se* by Motion, the same file on the Court's Docket (*i.e.*, Docket No. 134), this Court granted the entitled motion to intervene as Plaintiff in the captioned case, and subsequently resubmitted his motion papers as per Local Civil Rule (LCvR7) of this Court on Motions (*i.e.*, Docket No. 148, dated December 4, 2020).

Interval proceedings, Defendant United States Department of Justice filed its first Opposition to *Proposed* Intervenor-Plaintiff's motion to intervene, dated October 22, 2020, under the CM/ECF filing system, thereby, stated *inter alia*, in its **Argument** under **Item II:** — *proposed* Intervenor-Plaintiff, *pro-se*,"**Mr. Houston Cannot Intervene As a Matter of Right**. "As he cannot establish that he has standing to participate in this case under Article III." (citations omitted). Further cited that there is no indication that Mr. Houston has filed an FOIA request with the Department of Justice. *See generally* Mot Dkt. 134. And thereby reference there is no jurisdictional basis for Mr. Houston's proposed intervention. In the absence of an FOIA request, he has no more standing or interest in the case than any other member of the public (*citations* omitted). FN 1, *page* 4.

Page 3

Federal Rule of Civil Procedure 24(b)(1)(B), grants this Court to permit anyone to intervene who has a claim or defense that shares with the main action a common question of law. As in this case, "permissive intervention" is warranted, as the Intervenor-Plaintiff has shown by its filed "Complaint" he has met all of the statutory requirements under Fed. R. Civ. P.24, including but not limited to "standing," under its aforesaid FOIA request/claim and its jurisdictional basis for said intervention. *See* **Court Docket No. 134**, dated October 2, 2020,**Court Docket No. 148**, dated December 4, 2020.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead such sufficient facts to allege a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct.1955 (2007).

Thus, Intervenor-Plaintiff herein, need not offer an exhaustive pleading, but merely a set of allegations that, taken as true and construed in the light most favorable to him, "plausibly gives rise to an entitlement of relief." *Iqbal* at 679; see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Moreover, in a suit alleging violation(s) of Freedom of Information Act (FOIA), 5. U.S.C. §552, as amended, a plaintiff need not plead all the elements of a *prima facie* case to survive dismissal. *Swierkiewicz v. N.A.*, 534 U.S. 506, 511 (2002); *Fowler,* 578 F.3d at 213. Rather, all he must do is raise a reasonable expectation that discovery will support his claims.

Page 4

In essence, assessing whether these minimal standards have been met, the defendant (*i.e.*, United States Department of Justice, herein) bears the burden to show the plaintiff's (*i.e.*, Intervenor-Plaintiff, herein) claims must be dismissed. And even where a complaint is subject to dismissal under Rule 12(b)(6), a court should liberally grant leave to amend. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

## ARGUMENT

Intervenor-Plaintiff, Leonard W. Houston, Sr., *pro-se*, response to Defendant, United States Department of Justice's renewed motion in opposition entitled, "Defendant's Opposition to Leonard W. Houston's Motion to Intervene" as said action was brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improperly withholding records presumably responsive to Requester's FOIA request, as were identified therein, thus statutory standing herein alleged by Leonard W. Houston, Sr., has been satisfied under Article III[1]

As the original motion papers [Pleading] were not received by this Court, the <u>resubmitted</u> Motion to Intervene was filed on December 4, 2020, and same, was <u>previously</u> served by U.S. Mail on the Attorneys of Record of Defendant, United States Department of Justice, dated July 15, 2019 *(i.e.,* **Certificate of Service**). Attachment to Complaint as provided in FRCP 24(c).

---

[1] The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, laws of the United States, ... to controversies to which the United Sates shall be a Party; ... Article III, Section 2, Clause 1. (<u>See</u> the attached article - **CONSTITUTION** - *Analysis and Interpretation of the U.S. Constitution* -- **ART111,S2.C1.1.5.2 Standing Requirement: Current Doctrine**, which Intervenor-Plaintiff request that this Court take judicial notice thereof upon the above entitled action.. FN7: ...the Court applies a liberalized zone-of-interest test. *But see Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990); *Air Courier Conf. v. American Postal Workers Union*, 498 U.S. 517 (1991). In applying these standards, the Court, once it determined that the litigant's interest were "arguably protected" by the statute in question, proceeded to the merits without thereafter pausing to inquire whether in fact the interests asserted were among those protected.... It is sufficient if the interest asserted is "arguably within the zone of interests to be protected... by statute." *National Credit Union Administration v. First National Bank & Trust Co.,*, 522 U.S 479.at 492(1998) Attachment as **Exhibit A.**
https://constitution.congress..gov/browse/essay/art1111-S2-C1-1-5-2/AL...

Page 5

Here, proposed Intervenor-Plaintiff asserts that the original Motion [dated July 15, 2019] was timely served, even thou the Court stated that it did not receive it for filing, [*i.e.*, entitled Motion papers as to intervention of right [FRCP 24(a)(1)] as the FOIA confers right, or permissive intervention [FRCP 24(b) as there is a presence of common question of law or fact. Although generally a claim of an absolute right to intervene must be based upon the language of Rule 24(a), the Court has, neverless, held that Rule 24(a) is not "a comprehensive inventory of the allowable instances for intervention." *Missouri-Kansas Pipe Line Co., v.* 312 U.S. 502, 61 S. Ct. 666 (1941).

Thus, the Court in this case, must determine from "all" the circumstances as stated in the Intervenor-Plaintiff's Supplemental Statement, whether the intervention was timely. See *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-96, 97 S. Ct. 2464 (1977). The timeless issue should be resolved in light of whether the intervention is sought as of right under Rule 249(a) or permissively under Rule 24(b). See *Ozee v. American Counsel on Gift Annuities, Inc.*, 110 F.3d 1082, 1094-1096 ( 5th Cir.), *cert. denied,* ___ U.S.___ , 118 S. Ct. 596 (1997)

Arguably, the Defendant had stated in its original Motion submitted using the CM/ECF filing system in opposition to Leonard Houston's Motion to Intervene, "that the parties have already fully litigated all of the claims at issue in this case [*i.e.*, the Memorandum Opinion and entered Order under Court Docket No. 130 and Court Docket No. 131, dated September 30, 2020, respectively]

**But**, under Joint Status Report, dated December 3, 2020, pursuant to this Court's Order, dated October 28, 2020, it was determined that because the parties' negotiations regarding attorneys' fees and costs are ongoing, the parties respectfully purpose that they continue their negotiations and file a joint status report regarding the status of negotiations on January 28, 2021.

Further, prejudice should not, of course be confused with the convenience of the parties. *See, e.g.*, *McDonald v. E.J. Lavino Co.*, 43 F.2d at 1073 ("mere inconvenience is not in itself a sufficient reason to reject as untimely a motion to intervene as of right"). *Clark v. Putnam County*, 168 F.3d 458, 462 (11th Cir.1999)(same).

Moreover, a post judgment for intervention is timely if it is filed within the time a party to the suit have filed a notice of appeal, and if the intervenor has taken some other step to protect its interest. E.g., *U.S. v. Northrop Corp.*, 25 F.3d 715, 719-20 (9th Cir. 1994)

Thus, the Supreme Court has held that an order granting permissive intervention subject to certain conditions, but denying intervention as of right. As was cited *inter alia*, in the case of *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 107 S. Ct. 1177 (1987) (because permissive intervenor becomes party to action, it may appeal any orders entered in that action after final judgment, including any order conditioning its rights or participation in the action as a permissive intervenor).

## CONCLUSION

To defeat the motion to dismiss Leonard W. Houston, *pro-se* Intervenor-Plaintiff need only plead a plausible claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), allegedly improperly withholding records presumably responsive to his FOIA requests, as therein identified and describe upon which the "Complaint" is based. 5 U.S.C. § 552(a)(6)(A)(i).

This Court should deny Defendant's renewed Motion in opposition to Leonard Houston's motion to intervene as Intervenor-Plaintiff, *pro-se* in this matter.[2]

Dated: December 18, 2020

Respectfully submitted,

*[signature]*

**LEONARD W. HOUSTON, SR.**, *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-8923

---

[2] In the alternative and in the interest of justice, this Court should at least allow herein, Leonard W. Houston, Sr., to amend, to address any unanticipated shortcomings in his Complaint. See *Phjillips*, 515 F.3d at 236 (insisting that on a successful 12(b)(6) motion, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile").

# CERTIFICATE OF SERVICE

I, LEONARD W. HOUSTON, Sr., hereby certify that a true and correct copy thereof this Intervenor-Plaintiff's Opposition to Defendant's renewed and entitled "Motion in Opposition to Leonard Houston's Motion to Intervene" and has been served by U.S. Postal Service Mail and herewith, United States Postal Service-**Certificate of Mailing** upon the following individuals/parties of record and submitted for Electronic filing by Clerk of this Court, this 18th day of December 2020, as follows:

TO: **UNITED STATES DEPARTMENT OF JUSTICE**
*Civil Division, Federal Programs Branch*
Courtney D. Enlow, U.S. Trial Attorney
*Defendant Attorney of Record*
1100 L. Street, Room 12102
Washington, D.C. 20005

**ELECTRONIC PRIVACY INFORMATION CENTER**
Alan Jay Butler
Marc Rotenberg
John L. Davisson
Enid Zhou
*Plaintiff's Attorneys of Record*
1519 New Hampshire Avenue, N.W.
Washington, D.C. 200036

*[signature]*
**LEONARD W. HOUSTON, SR.**, *pro-se*
*Intervenor-Plaintiff,*
148 Deer Court Drive
Middletown, NY 10950-6867
Telephone No. (845) 343-8923

Page 9



**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From:

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 1940-6867

To: UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Attn.; Courtney D. Enlow, U.S. Trial Attorney
1100 L Street,, NW., Room 12102
Washington, DC 20001

Postmark Here: DEC 16 2020

PS Form 3817, April 2007 PSN 7530-02-000-9065



**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From:

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 1940-6867

To: ELECTRONIC PRIVACY INFORMATION CENTER
Attn.; Trial Attorneys of Record
1519 New Hampshire Avenue, NW
Washington, DC 20036

Postmark Here: DEC 16 2020

PS Form 3817, April 2007 PSN 7530-02-000-9065

\* MAIL \*

FROM:

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 10940-6867

TO:

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Attn.: Courtney Daniel Enlow, U.S. Trial Attorney
1100 L. Street, N.W., Room 12102
Washington, D.C. 20005

Label 228, March 2016        FOR DOMESTIC AND INTERNATIONAL USE

 

**PRIORITY ★ MAIL ★**  UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 10940-6867

TO:

ELECTRONIC PRIVACY INFORMATION CENTER
Attn; Attorneys of Record
1519 New Hampshire Avenue, NW
Washington, D.C. 20036

# ATTACHMENT

## EXHIBIT A

## ArtIII.S2.C1.1.5.2 Standing Requirement: Current Doctrine

Article III, Section 2, Clause 1:

> The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction; to Controversies to which the United States shall be a Party;—to Controversies between two or more States; between a State and Citizens of another State; between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

Standing to challenge governmental action on statutory or other non-constitutional grounds has a constitutional content to the degree that Article III requires a "case" or "controversy," necessitating a litigant who has sustained or will sustain an injury so that he will be moved to present the issue "in an adversary context and in a form historically viewed as capable of judicial resolution."[1] Liberalization of standing in the administrative law field has been notable.

The "old law" required that in order to sue to contest the lawfulness of agency administrative action, one must have suffered a "legal wrong," that is, "the right invaded must be a legal right,"[2] requiring some resolution of the merits preliminarily. An injury-in-fact was insufficient. A "legal right" could be established in one of two ways. It could be a common-law right, such that if the injury were administered by a private party, one could sue on it;[3] or it could be a right created by the Constitution or a statute.[4] The statutory right most relied on was the judicial review section of the Administrative Procedure Act, which provided that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[5] Early decisions under this statute interpreted the language as adopting the

1. Ass'n of Data Processing Service Org. v. Camp, 397 U.S. 150, 151–152 (1970) , citing Flast v. Cohen, 392 U.S. 83, 101 (1968) . "But where a dispute is otherwise justiciable, the question whether the litigant is a 'proper party to request an adjudication of a particular issue,' [quoting Flast , *supra*, at 100], is one within the power of Congress to determine." Sierra Club v. Morton, 405 U.S. 727, 732 n.3 (1972) .

2. Tennessee Electric Power Co. v. TVA, 306 U.S. 118, 137–138 (1939) . *See also* Alabama Power Co. v. Ickes, 302 U.S. 464 (1938) ; Perkins v. Lukens Steel Co., 310 U.S. 113 (1940) .

3. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 152 (1951) (Justice Frankfurter concurring). This was apparently the point of the definition of "legal right" as "one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege." Tennessee Electric Power Co. v. TVA, 306 U.S. 118, 137–138 (1939) .

4. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 152 (1951) (Justice Frankfurter concurring). The Court approached this concept in two interrelated ways. (1) It might be that a plaintiff had an interest that it was one of the purposes of the statute in question to protect in some degree. Chicago Junction Case, 264 U.S. 258 (1924) ; Alexander Sprunt & Son v. United States, 281 U.S. 249 (1930) ; Alton R.R. v. United States, 315 U.S. 15 (1942) . Thus, in Hardin v. Kentucky Utilities Co., 390 U.S. 1 (1968) , a private utility was held to have standing to contest allegedly illegal competition by TVA on the ground that the statute was meant to give private utilities some protection from certain forms of TVA competition. (2) It might be that a plaintiff was a "person aggrieved" within the terms of a judicial review section of an administrative or regulatory statute. Injury to an economic interest was sufficient to "aggrieve" a litigant. FCC v. Sanders Brothers Radio Station, 309 U.S. 470 (1940) ; Associated Industries v. Ickes, 134 F.2d 694 (2d Cir. 1943) , *cert. dismissed as moot*, 320 U.S. 707 (1943).

5. 5 U.S.C. § 702. *See also* 47 U.S.C. § 202(b)(6) (FCC); 15 U.S.C. § 77i(a) (SEC); 16 U.S.C. § 825a(b) (FPC).

6. FCC v. Sanders Brothers Radio Station, 309 U.S. 470, 477 (1940) ; City of Chicago v. Atchison, T. & S.F. Ry. Co., 357 U.S. 77, 83 (1958) ; Hardin v. Kentucky Utilities Co., 390 U.S. 1, 7 (1968) .

7. Ass'n of Data Processing Service Org. v. Camp, 397 U.S. 150 (1970) ; Barlow v. Collins, 397 U.S. 159 (1970) . Justices Brennan and White argued that only injury-in-fact should be requisite for standing. *Id.* at 167. In Clarke v. Securities Industry Ass'n, 479 U.S. 388 (1987) , the Court applied a liberalized zone-of-interest test. *But see* Lujan v. National Wildlife Federation, 497 U.S. 871, 885–889 (1990) ; Air Courier Conf. v. American Postal Workers Union, 498 U.S. 517 (1991) . In applying these standards, the Court, once it determined that the litigant's interests were "arguably protected" by the statute in question, proceeded to the merits without thereafter pausing to inquire whether in

fact the interests asserted were among those protected. Arnold Tours v. Camp, 400 U.S. 45 (1970); Investment Company Institute v. Camp, 401 U.S. 617 (1971); Boston Stock Exchange v. State Tax Comm'n, 429 U.S. 318, 320 n.3 (1977). Almost contemporaneously, the Court also liberalized the ripeness requirement in review of administrative actions. Gardner v. Toilet Goods Ass'n, Inc., 387 U.S. 167 (1967); Abbott Laboratories v. Gardner, 387 U.S. 136 (1967). See also National Credit Union Administration v. First National Bank & Trust Co., 522 U.S. 479 (1998), in which the Court found that a bank had standing to challenge an agency ruling expanding the role of employer credit unions to include multi-employer credit unions, despite a statutory limit that any such union could be of groups having a common bond of occupation or association. The Court held that a plaintiff did not have to show it was the congressional purpose to protect its interests. It is sufficient if the interest asserted is "arguably within the zone of interests to be protected . . . by the statute." *Id.* at 492 (internal quotation marks and citation omitted). But the Court divided 5-to-4 in applying the test. See also Bennett v. Spear, 520 U.S. 154 (1997).

8. Ass'n of Data Processing Service Org. v. Camp, 397 U.S. 150, 154 (1970).

9. Sierra Club v. Morton, 405 U.S. 727, 734 (1972), Moreover, said the Court, once a person establishes that he has standing to seek judicial review of an action because of particularized injury to him, he may argue the public interest as a "representative of the public interest," as a "private attorney general," so that he may contest not only the action which injures him but the entire complex of actions of which his injury-inducing action is a part. *Id.* at 737–738, noting Scripps-Howard Radio v. FCC, 316 U.S. 4 (1942); FCC v. Sanders Brothers Radio Station, 309 U.S. 470 (1940). See also Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 103 n. (1979); Havens Realty Corp. v. Coleman, 455 U.S. 363, 376 n.16 (1982) (noting ability of such party to represent interests of third parties).

10. United States v. SCRAP, 412 U.S. 669, 683–690 (1973). As was noted above, this case has been disparaged by the later Court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 566–67 (1992); Whitmore v. Arkansas, 495 U.S. 149, 158–160 (1990).

11. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Lujan v. National Wildlife Federation, 497 U.S. 871 (1990). But see Bennett v. Spear, 520 U.S. 154 (1997) (fact that citizen suit provision of Endangered Species Act is directed at empowering suits to further environmental concerns does not mean that suitor who alleges economic harm from enforcement of Act lacks standing); FEC v. Akins, 524 U.S. 11 (1998) (expansion of standing based on denial of access to information).




