# DR. LEONARD W. HOUSTON, J.D. PH.D., ED.

p: 845-343-8923
f: 845-342-3114
e: lenny.houston@yahoo.com
a: 148 Deer Court Drive • PO Box 254
  Middletown, NY 10940-6867

**COPY**

*Leave to file is granted-*
*Judge Walton*
*1/12/21*
December 21, 2021

The Clerk of the Court
**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:  Submission and filing of Motion for Summary Judgment by Intervenor-Plaintiff and
 Attachments [Exhibits] pursuant to Rule 56 of the Federal Rules of Civil Procedure:

**ELECTRONIC PRIVACY INFORMATION CENTER**, *Plaintiff* — against
**UNITED STATES DEPARTMENT OF JUSTICE**, *Defendant*
U.S. District Court, For The District of Columbia (Washington, DC)
Civil Docket For Case #: 1:19-cv-00810-RBW

---

**Dear SIR/MADAM:**
*The Clerk of the Court*

  Enclosed, Motion for Summary Judgment by Intervenor-Plaintiff in the above entitled proceedings,
bearing Case Number 19-cv-00810 (RBW), under said captioned case, now pending before this Court.

  The required attachments pursuant to Local Civil Rule 7 (Motion) and Rule 56 of the Federal Rules
of Civil Procedure (Statement) in support of said Motion with attached Certificate of Service has been
served on the respective Attorneys for the Defendant United States Department of Justice and the
Plaintiff, Electronic Privacy Information Center to be herewith submitted to this Court, at its Motion
Term as scheduled by this Court.

  Thanking you in advance for your kind assistance in this matter, and subsequent request.

Respectfully,

Leonard W. Houston, Sr.
*Intervenor-Plaintiff*

Encls: Intervenor-Plaintiff's Motion w/Notice, [Proposed] Order, Memorandum of Law w/
 Exhibits, (LCvR 7- Motion) and FRCP 56, Statement of Material Facts In Support of Motion;
 and Certificate of Service by US Postal Service Mail on Attorneys of Record (**19-cv-00810-RBW**)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ELECTRONIC PRIVACY INFORMATION CENTER,
                                   *Plaintiff,*

LEONARD W. HOUSTON, SR,                          Case No. 19-cv-00810 (RBW)
                          *Intervenor-Plaintiff,*

          -against-

UNITED STATES DEPARTMENT OF JUSTICE,
                                   *Defendant.*

---

### INTERVENOR-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, LEONARD W. HOUSTON, SR., respectfully moves, pursuant to Rule 56(a) of the

Federal Rules of Civil Procedure and Local Rule 546.1 of the Local Rules for the United States

District Court for the District of Columbia, for summary judgment on all claims asserted by

Plaintiff, ELECTRONIC PRIVACY INFORMATION CENTER in its Complaint. Doc. #1.

As described further in the Memorandum of Law and Local Rule 56.1 Statement of Material

Facts as to which there is no genuine issue to t be tried, and as summarized immediately below,

Defendant cannot satisfy its summary judgment burden.

1. Intervenor-Plaintiff has filed a "Complaint" for declaratory relief under the Freedom of

Information Act, 5 U.S.C.§ 552 ("FOIA"), seeking the release of records by the United States

Department of Justice ("DOJ") related to **Report On Investigation Into Russian Interference**

**In The 2016 Presidential Election**," (*i.e.*, Volume I and Volume II) by the Special Counsel,

Robert S. Mueller, III, dated March 2019, as were submitted pursuant to 28 C.F.R. § 600.8(c).



RECEIVED
Mail Room

DEC 2 8 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

2.  The Defendant, United States Department of Justice did not conduct a reasonable and adequate search for the requested records.

3.  Subsequently, releasing all relatable information to Intervenor-Plaintiff, and that said defendant did not properly withhold the balance of the requested information pursuant to statutory FOIA Exemptions 6, and FOIA Exemption 7(C), as were therein specifically cited *inter alia*, in its Answer.  As these records pertained to said entitled Special Counsel's Report that was therein redacted.

4.  Further, all reasonable segregable, non-exempt responsive documents, therein subject to FOIA which have not been produced to the Intervenor-Plaintiff.

**WHEREFORE,** the Intervenor-Plaintiff, Leonard W. Houston, Sr., respectfully requests that this Court grant this entitled Motion and enter summary judgment in its favor.

Respectfully submitted,

**LEONARD W. HOUSTON, Sr.**, *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-8923

Dated: December 21, 2020

## LOCAL CIVIL RULE 7 (m) CERTIFICATION

I hereby certify that by U.S. Postal Service Mail, dated December 1, 2020, I conferred with

Defendant's Trial Counsel, who would not assent to the relief sought in this entitled Motion.

Annexed copies of attachments as **Exhibit 1**.

**LEONARD W. HOUSTON, SR.**
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-8923

**A T T A C H M E N T**

**Exhibit 1**

# DR. LEONARD W. HOUSTON, J.D. PH.D., ED.

p: 845-343-8923
f: 845-342-3114
e: lenny.houston@yahoo.com
a: 148 Deer Court Drive • PO Box 254
Middletown, NY 10940-6867

December 1, 2020

Courtney Danielle Enlow, U.S. Trial Attorney
Elizabeth J. Shapiro, Attorney
**UNITED STATES DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
*Defendant U.S. Attorneys of Records*
1100 L. Street, N.W., Room 12102
Washington, D.C. 20005

Re: **MOTION FOR SUMMARY JUDGMENT BY INTERVENOR-PLAINTIFF**
      (As therein authorized by Rule 56 of the Federal Rules of Civil Procedure)

> *Electronic Privacy Information Center v. United States Department of Justice*
> **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
> Civil Action Case/ Docket No.: 1:19-cv-00810 (RBW)

Dear Attorneys of Record:

In accordance with the District of Columbia of the District Court Rule 7(m), as Intervenor-Plaintiff herein, seeks to file a Motion for Summary Judgment pursuant Fed. R. Civ. P 56 in the above caption proceedings. (*See* ECF Docket No.1 - Complaint of Electronic Privacy Information Center (EPIC), filed on March 22, 2019.)

As said Intervenor-Plaintiff 's claim under the Freedom of Information Act ("FOIA"), 5 U. S. C. § 552 (2018), as amended, seeks the release of agency records requested by FOIA Requestor, Leonard W. Houston, Sr. from Defendant, United States Department of Justice, Office of Information Policy ("OIP"), in accordance with the Special Counsel's investigation *(i.e.,* the "Mueller Report") which it's related to —**"Russian Interference in The 2016 U.S. Presidential Election"** and such other matters, as stated by the Office of the Deputy Attorney General in the Order No. 3915-2017, as to the appointment of Special Counsel, dated May 17, 2017.

Therefore, your response in writing as Attorneys of Record in the above captioned proceedings, please state as to whether or not you *"Consent"* or *"Oppose"* the Intervenor-Plaintiff's entitled motion, as said response is hereby requested pursuant to D.C. District Court Rule 7(m).

Sincerely,

*[signature]*

Leonard W. Houston, Sr.
*Intervenor-Plaintiff*
Re: *See* Attachments— **FOIA Requestor: DOJ-2019-003927 (OIP)**
               Dated/Submitted: April 12, 2019

cc:  Alan Jay Butler, Esq.
      Marc Rotenberg, Esq.
      John L. Davisson, Esq.
      *Attorneys for Plaintiff*
      **ELECTRONIC PRIVACY INFORMATION CENTER**
      1519 New Hampshire Avenue, NW
      Washington, D.C. 20036

FOIA Request DOJ-2019-003927 Submitted

From:  admin@foiaonline.gov (admin@foiaonline.gov)

To:  lenny.houston@yahoo.com

Date:  Friday, April 12, 2019, 2:07 PM CDT

This message is to confirm your request submission to the FOIAonline application:   Request information is as follows:

- Tracking Number: DOJ-2019-003927
- Requester Name: Leonard W Houston, Sr.
- Date Submitted: 04/12/2019
- Request Status: Submitted
- Description: foia request

# DOJ-2019-003927 Request Details

| Submitted | Evaluation | Assignment | Processing | Closed |
|---|---|---|---|---|

## Request Information

| | |
|---|---|
| **Full Name** | Under Agency Review |
| **Organization** | Under Agency Review |
| **Fee Category** | TBD |
| **Date Submitted** | 04/12/2019 |
| **Estimated Date of Completion** | |
| **Final Disposition** | Undetermined |

## Description

The description of this request is under agency review.

## Released Records

| Download | Title | Size (MB) | File Type | Release Date |
|---|---|---|---|---|
| | | No records have been released yet. | | |

1

4/12/2019 6:38 PM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ELECTRONIC PRIVACY INFORMATION CENTER,
*Plaintiff,*

LEONARD W. HOUSTON, SR,                           Case No. 19-cv-00810 (RBW)
*Intervenor-Plaintiff,*
        -against-

UNITED STATES DEPARTMENT OF JUSTICE,
*Defendant.*

---

## INTERVENOR-PLAINTIFF'S NOTICE OF
## MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** upon Plaintiff-Intervenor's Rule 56 Statement of Material Facts as

Which There is No Genuine Issue to be Tried, dated December 21, 2020, and all the Exhibits thereto,

Intervenor-Plaintiff will move this Court on January 11, 2021, before the Hon. Reggie B. Walton,

United States District Judge,  at the United States District Court for the District of Columbia, at

E. Barrett Prettyman, United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C.

20001, for an Order pursuant to Federal Rules of Civil Procedure 56, granting Intervenor-Plaintiff

summary judgment and entering judgment on the Complaint, on the grounds that the Defendant

United States Department of Justice, pursuant to the Freedom of Information Act, 5 U.S.C. § 552

("FOIA") that: **(1)** failed to release records related to "Report of Investigation Into Russian

Interference in the 2016 Presidential Election" (Volume I and Volume II) by the Special Counsel

Robert S. Mueller, III, dated March 2019, as was submitted pursuant to 28 C.F.R. § 600.8(c),

Page 1

**(2)** that Defendant, United States Department of Justice did not conduct a reasonable and adequate search for the requested records; and **(3)** failed to provide such available records according to the "*Vaughn Index's*" prior to seeking a pre-motion conference.

**PLEASE TAKE FURTHER NOTICE** that pursuant to an Order of the Court, opposing papers, if any, must be filed and serviced by said date.

**PLEASE TAKE FURTHER NOTICE** that the Intervenor-Plaintiff intends to file and serve reply papers.

Dated: December 21, 2020

**LEONARD W. HOUSTON, SR.**, *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-8923

TO: **UNITED STATES DEPARTMENT OF JUSTICE**
*Civil Division, Federal Programs Branch*
Courtney D. Enlow, U.S. Trial Attorney
Defendant Attorney of Record
1100 L. Street, Room 12102
Washington, D.C. 20005

**ELECTRONIC PRIVACY INFORMATION CENTER**
Alan Jay Butler
Marc Rotenberg
John L. Davisson
*Plaintiff's Attorneys of Record*
1519 New Hampshire Avenue, N.W.
Washington, D.C. 200036

Page 2

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION
CENTER,
            *Plaintiff,*

LEONARD W. HOUSTON, SR.,                    **Civil Action No. 1:19-cv-00810 (RBW)**

            *Intervenor-Plaintiff,*

                        v.

UNITED STATES DEPARTMENT OF
JUSTICE,

            *Defendant.*

## [PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Intervenor-Plaintiff's motion for summary judgment having come on regularly to be heard this day,

and it appearing that notice of motion was given to the defendant pursuant to Rule 56(c) of the

Federal Rules of Civil Procedure, and that the court having considered the pleadings and evidence

on file in this proceeding, and it further appearing that there is no genuine issue as to material fact,

and that Intervenor-Plaintiff is entitled to judgment as a matter of law; therefore,

            **IT IS ORDERED** that the Intervenor-Plaintiff's motion for summary judgment be, and

the same hereby is GRANTED.

Dated:_____

                                                    _____
                                                    **Hon. REGGIE B. WALTON**
                                                    United States District Judge

**APPROVED & ENTRY REQUESTED**:
Leonard W. Houston, Sr.
*Intervenor-Plaintiff, pro-se*

## CERTIFICATE OF SERVICE

I certify that on December 21, 2020, the foregoing Notice of Motion for Summary Judgment with Motion for Summary Judgment (including Exhibits), Rule 56 Statement of Material Facts in support of Motion, Memorandum of Law, a proposed Order, a Local Rule 7(m) Statement and a Local Rule 7.1, Certificate were filed and copies served by mail to the Clerk's Office, and mailing hard copies of the documents by United States Postal Service - **Certificate of Mailing**, as per attached certificate to the following Counsel of record:

Courtney Danielle Enlow,
*U.S. Attorney for Defendant*
**UNITED STATES DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
1100 L. Street, Room 12102
Washington, D.C. 20005

Alan Jay Butler
Marc Rotenberg
John L. Davisson
*Attorneys of Record for Plaintiff*
**ELECTRONIC PRIVACY INFORMATION CENTER**
1519 New Hampshire Avenue, N.W.
Washington, D.C. 20036

**LEONARD W. HOUSTON, SR.,** *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-89232


**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From:

**LEONARD W. HOUSTON , SR.**
**148 Deer Court Drive**
**Middletown, NY 1940-6867**

To: **UNITED STATES DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**Attn.; Courtney D. Enlow, U.S. Trial Attorney**
**1100 L Street,, NW., Room 12102**
**Washington, DC 20001**

Postmark Here

PS Form **3817**, April 2007  PSN 7530-02-000-9065

---

**UNITED STATES POSTAL SERVICE**

**Certificate Of Mailing**

To pay fee, affix stamps or meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing. This form may be used for domestic and international mail.

From:

**LEONARD W. HOUSTON , SR.**
**148 Deer Court Drive**
**Middletown, NY 1940-6867**

To: **ELECTRONIC PRIVACY INFORMATION CENTER**
**Attn.; Trial Attorneys of Record**
**1519 New Hampshire Avenue, NW**
**Washington, DC 20036**

Postmark Here

PS Form **3817**, April 2007  PSN 7530-02-000-9065



U.S. POSTAGE PAID
MIDDLETOWN, NY
10940
DEC 16 20
AMOUNT
**$1.50**
R2305K137870-1

UNITED STATES
POSTAL SERVICE®

0000



U.S. POSTAGE PAID
MIDDLETOWN, NY
10940
DEC 16 20
AMOUNT
**$1.50**
R2305K137870-1

UNITED STATES
POSTAL SERVICE®

0000




**PRIORITY**
★ MAIL ★

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 10940-6867

**TO:**

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Attn.: Courtney Daniel Enlow, U.S. Trial Attorney
1100 L. Street, N.W., Room 12102
Washington, D.C. 20005

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE




**PRIORITY**
★ MAIL ★

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 10940-6867

**TO:**

ELECTRONIC PRIVACY INFORMATION CENTER
Attn; Attorneys of Record
1519 New Hampshire Avenue, NW
Washington, D.C. 20036

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ELECTRONIC PRIVACY INFORMATION CENTER,
*Plaintiff,*

LEONARD W. HOUSTON, SR,                                    Case No. 19-cv-00810 (RBW)
                      *Intervenor-Plaintiff,*
     -against-

UNITED STATES DEPARTMENT OF JUSTICE,
*Defendant.*

---

## INTERVENOR-PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, LEONARD W. HOUSTON, SR., respectfully moves, pursuant to Rule 56(a) of the

Federal Rules of Civil Procedure and Local Rule 546.1 of the Local Rules for the United States

District Court for the District of Columbia, for summary judgment on all claims asserted by Plaintiff,

ELECTRONIC PRIVACY INFORMATION CENTER in its Complaint. Doc. #1. As described

further in the Memorandum of Law and Local Rule 56.1 Statement of Material Facts as to which

there is no genuine issue to t be tried, and as summarized immediately below, Defendant cannot

satisfy its opposition as to a summary judgment burden.

### 1. INTRODUCTION

Intervenor-Plaintiff has filed a "Complaint" for injunctive and other appropriate relief under the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records from the United

States Department of Justice (DOJ) related to "**Report On Investigation Into Russian Interference**

**In The 2016 Presidential Election**," by Special Counsel Robert S. Mueller, III, dated

March 2019, (Volume I and Volume II) as were submitted on or about March 22, 2019, pursuant

to 28 C.F.R. § 600.8(c).

## II.  FACTUAL BACKGROUND

The Defendant, United States Department of Justice did not conduct a reasonable and

adequate searches for the requested records, pursuant to Freedom of Information Act, as
amended

to the Report On Investigation Into Russian Interference In The 2016 Presidential Election, and

other related matters as cited in the Order No. 3915-2017, of the Office of the Deputy Attorney

General, under the supra-legislative procedural authorities therein claimed by Rod J. Rosenstein,

Acting Attorney General, dated May 17, 2017

Subsequently, releasing all relatable information to Intervenor-Plaintiff, and that said Defendant

did not properly withhold the balance of the requested information pursuant to statutory FOIA

Exemptions 6, and FOIA Exemption 7(C), as were therein specifically cited *inter alia*,

in its Answer.  As these records pertained to said entitled Special Counsel's Report that was

therein redacted.

Further, all reasonable segregable, non-exempt responsive documents, therein subject to FOIA

which have not been produced to the Intervenor-Plaintiff (FOIA Requestor)

2

### III. SUMMARY JUDGMENT STANDARD

Accordingly, Freedom of Information Act (FOIA) generally requires complete disclosure of requested agency information unless the information falls into one of FOIA's nine clearly delineated exemptions. 5 U.S.C. § 552(b); see also *Department of the Air Force v. Rose,* 425 U.S. 352, 360-61 (1976) (discussing the history and purpose of FOIA and the structure of FOIA Exemptions). Therefore, in light of FOIA's goal of promoting agency disclosure, the exemptions are to be construed narrowly. *U.S. Department of Justice v. Tax Analysis,* 492 U.S. 136, 150-151 (1989). Thus, "[T]he strong presumption in favor of disclosure place the burden on the agency to justly the withholding of any requested documents." *U.S. Department of State v. Ray,* 502 U.S. 164, 173 (1991).

As view in FOIA's litigation, and in all litigation, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); Fed. R. Civ. 56(c). Moreover, in FOIA cases, agency decisions to "withhold or disclose information under FOIA are reviewed *de novo." Judicial Watch, Inc. v. U.S. Postal Service,* 297 F. supp. 2d 252, 256 (D.D.C. 2004).

Therefore, in reviewing a motion for summary judgment under FOIA, the court must view the facts in the light most favorable to the requester. *Weisberg v. U.S. Department of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984).

It is the Intervenor-Plaintiff's contention and hereby asserted, for an agency to prevail

on a claim of exemption, it may rely on declaration if they "described the documents and the

justification in for non-disclosure with reasonably specific detail, demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of an agency bad faith," *Military Audit Project v. Casey*,

656 F.2d 724, 738 (D.C. Cir. 1981).  In addition, an agency must demonstrate that, even where

particular exemptions properly apply, all non-exempt material has been segregated and disclosed,

which has not been done in this case (see, *Sussman v. U.S. Marshals Service*, 494 F. 3d 1106,

1116 (D.C. Cir. 2007).  It is here, in said Intervenor-Plaintiff's case, a segregability determination

is absolutely essential to any FOIA decision. <u>See</u>,  *Summers v. U.S. Department of Justice*,

140 F.3d 1077, 1081 (D.C. Cir. 1998.

### IV. DEFENDANT, UNITED STATES DEPARTMENT OF JUSTICE IMPROPERLY WITHHOLD RECORDS IN THEIR ENTIRETY AND THE LAW ENFORCEMENT EXEMPTION WAS NOT COMPILED FOR LAW ENFORCEMENT PURPOSES.

To properly withheld records under the claim exemptions, including but not limited to, the

Exemption 7, which protects from disclosure "records or information compiled for law

enforcement purposes, but only to the extent that the production of such records or information"

would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F).  A defendant therefore

must first demonstrate that such records were "compiled for law enforcement purposes."

*Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982); see also *Shapiro v. U.S. Department of*

*Justice*, 2014 U.S. Dist. LEXIS 31774, *45 (D.D. C. Mar.12, 2014); *Sinsheimer v. U.S.*

*Department of Homeland Security*, 437 F. Supp. 2d 50, 55 (D.D.C. 2006).  Moreover, the

Defendant must describe "how and under what circumstances the requested records were compiled." *Jefferson v. U.S. Department of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002)

Therefore, in this instance, the Defendant, United States Department of Justice fails to provide any evidence whatsoever that the requested records were compiled for law enforces purposes, And in fact, the only evidence herein filed, proved among other things, by said Defendant—OAF FOIA Office, Douglas Hibbard, Chief, Initial Request Staff, and Melane Ann Pustay, Director, Office of Information Policy, clearly suggests the opposite.

## V. DEFENDANT, UNITED STATES DEPARTMENT OF JUSTICE PRIVACY EXEMPTION COULD REASONABLY BE EXPECTED TO CONSTITUTE AN UNWARRANTED INVASION OF PERSONAL PRIVACY.

It is the Intervenor-Plaintiff's contention, and hereby asserted, that Defendant fails to provide any evidence whatsoever that the requested records "were compiled for law enforcement purposes," And in that regard, to the extent that the Court finds that the requested records fall within the purview of Exemption 7, Defendant fails to demonstrate that the release of the requested records "could reasonably be expected to constitute an unwarranted invasion of privacy," U.S. C. § 552(b)(7)(C).  To herein state for clarity in this case, under the privacy exemptions, an agency may only withhold responsive records if an individual's privacy interest outweighs the public interest in disclosure. *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 893 (D.C. Cir. 1995)

As cited among other things, in the Intervenor-Plaintiff's "Complaint" and for these reasons, the privacy exemptions do not apply to the requested records at issue in this case.

## VI. NOT ALL OF THE INFORMATION CONTAINED IN THE RECORDS ARE PROTECTED BY THE DELIBERATIVE PROCESS PRIVILEGE.

As cited in various policy documents submitted by Defendant, through their designated Office of Information Policy (OIP), 1425 New York Avenue, NW, Washington, D.C. 20530-0001, as to the above entitled issued, "deliberate process privilege."  Said deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.  Thus, for it to be properly withhold requested records under the deliberative process privilege, Defendant must demonstrate that the records are "both predecisional and deliberative." *Public Citizen, Inc. v. Office of Management and Budget,* 598 F.3d 865, 874 (D.C. Cir. 2010*)* Further, a document is deliberative if it "reflect[s] the personal opinions of the writer rather than the policy of the agency. *Costal States Gas Corporation v. U.S. Department of Energy*, 617 F.2d 854 at 866 (D.C. Cir. 1980)

Therefor, it is Defendant's burden to demonstrate the role of the requested records played in the decision-making process (see, *Vaughn v. Rosen,* 523 F. 2d 1136, 1143-1144 (D.C. Cir. 1975) (To be deliberative, the record must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matter.")

Here, upon information and belief, the Defendant however did not redact such requested information; it withheld said records in their entirety, given if, it would be entirely appropriate for A defendant to redact such information as privileged or even as non-responsive. And thus, any argument(s) that the requested records are being properly withheld in their entirety pursuant to the deliberative process privilege must fall.

It is the Intervenor-Plaintiff's contention in this matter and has always been with respects to the *"redacted,"* Special Counsel Robert S. Mueller's Report that was submitted pursuant to 28 C.F.R. § 600.8(c):

> *"The redacted report is not enough. It is up*
> *to "all" of use to demand the truth."*

Moreover, citing the quote of Congresswoman, BARBARA JORDAN, a Member of the House Judiciary Committee and a committed defender of the U.S. Constitution:

> *"I am not going to sit here and be an idle*
> *spectator in the diminution, the subversion,*
> *the destruction of the Constitution."*
>
> July 1974

## VII. CONCLUSION

For these reasons, Intervenor-Plaintiff's Motion for Summary Judgment should be granted, and Defendant, UNITED STATES DEPARTMENT OF JUSTICE should promptly produce the records responsive to said Intevenor-Plaintiff's FOIA request,  as said Defendant has insufficiently provided enough detail to permit a meaningful review of exemption claims (see, *Quinon v. Federal Bureau of Investigation,* 86 F.3d 1222, 1228 (D.C. Cir. 1996), for proper analysis of its statutory claims of withholding of said requested records in this case, as a matter of law.

Dated: December 21, 2020

Respectfully submitted,

**LEONARD W. HOUSTON, SR.,** *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-8923

## ATTACHMENTS TO INTERVENOR-PLAINTIFF COMPLAINT
Intervenor-Plaintiff incorporates by reference the attached Exhibits
with the same force and effect as if herein set forth.

**EXHIBIT D:** Order No. 3915-2017 - Appointment of Special Counsel to investigate Russian
interference with the 2016 Presidential Election and Related matters
OFFICE OF THE DEPUTY ATTORNEY GENERAL
May 17, 2017

**EXHIBIT E:** Request under Freedom of Information Act ("FOIA") 5 U.S.C. § 552, as amended
LEONARD W. HOUSTON, SR., FOIA Requester, to
OAG FOIA Office, Office of Information Policy (OIP)
April 5, 2019 (Assigned Tracking Number: DOJ-2019-003927, April 12, 2019)

Response to Requester's Freedom of Information Act (FOIA) request
U.S. DEPARTMENT OF JUSTICE - OFFICE OF INFORMATION POLICY
May 7, 2019 (Final Response - SCO Report (5.7.19)

**EXHIBIT F:** Mandatory Declassification Review Request- Executive Order 12958 of
April 17, 1995 [Federal Register, Volume 60, No. 76]
LEONARD W. HOUSTON, SR. (Re; DOJ-2019-0038(OIP)
May 8, 2019 (Assigned Tracking No. DOJ-2019-004807, May 21, 2019)

**EXHIBIT G:** Freedom of Information Act Appeal, 5 U.S.C. § 552(a)(6), as to
FOIA Request - DOJ 2019-0038, submitted 04/12/2019
LEONARD W. HOUSTON, SR., FOIA Requester
May 20, 2019

# A T T A C H M E N T

## EXHIBIT D



Office of the Deputy Attorney General
Washington, D.C. 20530

ORDER NO. 3915-2017

APPOINTMENT OF SPECIAL COUNSEL
TO INVESTIGATE RUSSIAN INTERFERENCE WITH THE
2016 PRESIDENTIAL ELECTION AND RELATED MATTERS

By virtue of the authority vested in me as Acting Attorney General, including 28 U.S.C. §§ 509, 510, and 515, in order to discharge my responsibility to provide supervision and management of the Department of Justice, and to ensure a full and thorough investigation of the Russian government's efforts to interfere in the 2016 presidential election, I hereby order as follows:

(a)     Robert S. Mueller III is appointed to serve as Special Counsel for the United States Department of Justice.

(b)     The Special Counsel is authorized to conduct the investigation confirmed by then-FBI Director James B. Comey in testimony before the House Permanent Select Committee on Intelligence on March 20, 2017, including:

  (i)     any links and/or coordination between the Russian government and individuals associated with the campaign of President Donald Trump; and

  (ii)     any matters that arose or may arise directly from the investigation; and

  (iii)     any other matters within the scope of 28 C.F.R. § 600.4(a).

(c)     If the Special Counsel believes it is necessary and appropriate, the Special Counsel is authorized to prosecute federal crimes arising from the investigation of these matters.

(d)     Sections 600.4 through 600.10 of Title 28 of the Code of Federal Regulations are applicable to the Special Counsel.

5/17/17
Date

Rod J. Rosenstein
Acting Attorney General

supra-legislative
Procedural Authorities claimed by Rosenstein:
28 USC 509  28 U.S. Code § 509 - Functions of the Attorney General
28 USC 510  28 U.S. Code § 510 - Delegation of authority
28 USC 515  28 U.S. Code § 515 - Authority for legal proceedings; commission, oath, and salary for special attorneys
28 CFR 600.4(a)  28 CFR 600.4  - Jurisdiction.
28 CFR 600.5  28 CFR 600.5  - Staff.
28 CFR 600.6  28 CFR 600.6  - Powers and Authority
28 CFR 600.7  28 CFR 600.7  - Conduct and Accountability
28 CFR 600.8  28 CFR 600.8  - Notification and Reports by Special Counsel
28 CFR 600.9  28 CFR 600.9  - Notification and Reports by Attorney General
28 CFR 600.10  28 CFR 600.10 - No creation of rights

# ATTACHMENT

## EXHIBIT E

April 5, 2019

OAG FOIA Office
Douglas Hibbard, Chief, Initial Request Staff
Office of Information Policy
DEPARTMENT OF JUSTICE
1425 New York Avenue, N.W. Suite 11050
Washington, D.C. 20530-0001

Re:   Request Under Freedom of Information Act ("FOIA")
      5 U.S.C. § 552, as amended by Public Law No. 104-231, 110 Stat. 3048

Dear Sir
FOIA Officer

This letter I herewith submit, constitute a request ("Request"), pursuant to the Freedom of Information Act ("FOLA"), 5 U.S.C. § 552, as amended, for Records, Reports and Summaries in the possession of the Office of Attorney General, William P. Barr, Attorney General, of the Department of Justice ("DOJ"), with respect to the Special Counsel Investigation of 2017-2019 (also referred to as the Mueller probe, Mueller report investigation, and Russian investigation) announced as a United States statutory enforcement and a subsequent counterintelligence investigation of the Russian government's efforts to interfere in the 2016 U.S. Presidential Election as to such, being principally related to the filed Court documents. [1]

The four-page Letter from Attorney General William P. Barr, on March 24, 2019, and thereafter made to leaders of the House and Senate Judiciary Committees and release to the public, was in fact, only his summary of the "Special Counsel Investigation of 2017-2019" of the Russian interference of the 2016 presidential election. And being absent of (1) the [unredacted] Final Mueller Report submitted on March 22, 2019, (2) the public release of the Summaries of Special Counsel Robert Muller's report that was prepared by his investigators, and (3), all communications between the Justice Department and Mueller's office with respect to said entitled documents.

[1]
On May 17, 2017, Robert S. Mueller III, was appointed by acting Attorney General Rod J. Roserstein to serve as Special Counsel by Order 3915-2017, to investigate Russian Interference with the 2016 Presidential Election and related matters within the scope of 28 C.F.R § 600.4(a). All related to the following filed Court Documents: U.S. v. Roger Jason Stone, Jr. (1: 19-cr-18, District of Columbia); U.S. v. Michael Cohen (I;18-cr-850, Southern District of New York);U.S. v. Paul J. Manafort, Jr. (1:17-cr-201, District of Columbia); U.S. v. Viktor Borisovich Netyksho, et al (1:18-cr-215, District of Columbia); U.S. v. Konstantin Killmink (I:17-cr-201, District of Columbia); U.S. v. Richard W. Gates III (1;17-cr-201, District of Columbia); U.S. v. Paul J. Manafort, Jr., and Richard W. Gates III(1;18-cr-83, Eastern District of Virginia); U.S. v. Alex van der Zwaan (I:18-cr-31, District of Columbia); U.S. v. Internet Research Agency, et al (1:18-cr-32, District of Columbia); U.S. v. Richard Pinedo, et al (I;18-cr-24, District of Columbia); U.S. v. Michael T. Flynn (1: 17-cr-232, District of Columbia); and U.S. v. George Papadopoulos (1: 17-cr-182, District of Columbia)
SPECIAL COUNSEL'S OFFICE | DEPARTMENT OF JUSTICE (hpps://www.justice.gov/sco)

-1-

For purposes of said entitled section, the term—

(1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government controlled corporation, or other establishment in the executive branch of the government (including the Executive President), or any independent regulatory agency;

(2) "record" and any other term used in this section in reference to information includes any information that would be and subject to the requirements of this section when maintained by an agency in any format, including an electronic format.

## Defined Terms

For the purposes of this Request, the following terms are defined as follows:

● Otherwise noted as "first" aforestated above, the Request seeks Records, Reports, and Summaries of Special Counsel Robert S. Mueller III, created since 2017, and thereafter, including but not limited to, those prepared by the Special Counsel's investigators which documents, comprised the full MUELLER REPORT, on March 22, 2019, and subsequently submitted to the Attorney General William P. Barr, the Department of Justice on said even date.

## Requested Records

As an individual Requester seeks the following categories of Records to the Special Counsel's investigation into Russian interference in the 2016 Presidential Election:

1. Special Counsel Robert S. Mueller Report and evidence submitted to the Attorney General William P. Barr, of the Department of Justice, of said even date, as to the Special Counsel investigation of 2017-2019. Presidential Election of Russian interference in the 2016;

2. Special Counsel Robert S. Mueller' written Summaries as prepared by investigators of said special counsel that comprised the Mueller's report, which was therein above submitted as to the Special Counsel investigation of 2017 to 2019. Presidential Election of Russian interference 2016;

3. All Communications between the Justice Department and Mueller's office with respect to the entitled documents as to the Special Counsel investigation of 2017 to 2019, Presidential Election of Russian interference 2016;

4. All report(s) and documents prepared pursuant to 28 C.F.R. 600.8(c), regardless whether such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker;

5. All drafts, outlines, exhibits, and supporting materials associated with any actual and/or planned "report" or "closing documents, pursuant to 28 C,F,R, § 600.8(c);

6. All report(s) concerning or pertaining to the status of the investigation as prepared pursuant to 28 C.F.R. § 6008(a)(2), regardless such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker;

7. All drafts, outlines, exhibits, and supporting materials associated with actual and/or planned report(s) concerning or pertaining to the status of the investigation, pursuant to 28 C.F.R. § 600.8(a)(2);

8. All records that explain . . . any investigative and/or prosecutorial procedure(s) pursuant to 28 C.F.R. § 600.7(b), regardless such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker;

9. All drafts, outlines, exhibits, and supporting materials associated with or pertaining to actual or planned explanation for any investigative and/or prosecutorial procedure(s) pursuant to 28 C.F.R. § 600.7(b);

10. All referrals by the Special Counsel Robert S. Mueller III, Attorney General William P. Barr, or Acting Attorney General Matthew G. Whitaker for administrative actions, civil sanctions or other governmental actions, outside the criminal justice system, pursuant to 28 C,F.R. § 600.4(c), regardless such records were actually transmitted to any party outside of the Special Counsel's Office;

11. All reports summarizing and/or describing one or more persons outside of the Special Counsel's Office(1) any of the Special counsel's evidence, findings, decisions, procedure actions or planned procedural actions, or (2) any developments in the Special Counsel investigations of 2017 to 2019 of the Russian government's efforts to interfere in the 2016 Presidential Election; and

12. All drafts, outlines, exhibits, and supporting materials associated with or pertaining to any actual and/or planned report of the type(s) therein described in Item No. 11 of this FOIA Request.


The Individual Requester has excluded from its FOIA Request of records, of which have already been disclosed to the public in their complete and unredacted form in the course of pending judicial proceeding (FN [1] of said Individual FOIA Request) available at https://www.justice.gov/news. [2]

---

[2]
Jennifer Agiesta, *CNN Poll: Almost Everyone Wants a Public Report on Muller's Findings*, CNN (Feb. 7, 2019), https://www.cnn.com/2019/02/07/politics/cnn-poll-russia-mueller-report-release/index.html.

The Requester agrees to pay search, duplication and review fees up to $100. If the fees amount to more than $100, said Requester seeks a fee waiver pursuant to 5 U.S.C. § 552(a)(A)(ii) and (a)(4)(A)(iii). That the FOIA's legislative history makes clear that the "fee waiver provision . . . is to be liberally construed in favor of waivers for non-commercial requesters. *Fed. Cure v. Lappin*, 602 F. Supp. 2d 197, 201 (D.D.C. 2009) (internal quotation marks omitted).

Further, "disclosure of the information (i.e., Special Counsel Mueller Report and Summaries) is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Finally, pursuant to the applicable regulations and statute, I, the Individual Requester expects the determination of the Request for documents, as therein defined, within twenty business (20) days, statutorily mandated period, *see* 5 U.S.C. § 552(a)(6)(A)(i). If this Request is denied in whole or in part, the Individual Requester asks that the Department of Justice justify all deletions by reference to specific exemptions to FOIA. Moreover, the individual Requester expects the release of all segregative portions of otherwise exempt material, and herein reserves the right to appeal a decision to respond without any information.

Please furnish all applicable records pursuant to FOIA, 5 U.S.C. § 552(a)(3) to:

> Dr. Leonard W. Houston, Sr.
> HOUSTON & HOUSTON
> 148 Deer Court Drive, Bldg. 4
> Middletown, New York 10940-6867

Thank you for your assistance and prompt attention to this statutory matter.

Respectfully submitted,

LEONARD W. HOUSTON, SR.
*Individual Requester*

-4-

# DOJ-2019-003927 Request Details

Submitted    Evaluation    Assignment    Processing    Closed

## Request Information

| | |
|---|---|
| **Full Name** | Under Agency Review |
| **Organization** | Under Agency Review |
| **Fee Category** | TBD |
| **Date Submitted** | 04/12/2019 |
| **Estimated Date of Completion** | |
| **Final Disposition** | Undetermined |

## Description

The description of this request is under agency review.

## Released Records

| Download | Title | Size (MB) | File Type | Release Date |
|---|---|---|---|---|

No records have been released yet.

FOIA Request DOJ-2019-003927 Submitted

From:  admin@foiaonline.gov (admin@foiaonline.gov)

To:     lenny.houston@yahoo.com

Date:  Friday, April 12, 2019, 2:07 PM CDT

This message is to confirm your request submission to the FOIAonline application:     . Request information is as follows:

- Tracking Number: DOJ-2019-003927
- Requester Name: Leonard W Houston, Sr.
- Date Submitted: 04/12/2019
- Request Status: Submitted
- Description: foia request

Your FOIA Request for a Copy of the Report of Special Counsel Robert Mueller

From:  OIP-NoReply (OIP-NoReply@usdoj.gov)

Date:  Tuesday, May 7, 2019, 1:58 PM CDT

Attached is correspondence from the Department of Justice's Office of Information Policy, which is associated with the above-referenced Freedom of Information Act (FOIA) request.

**Please do not reply to this e-mail, as this account is not monitored.**

Thank you,

---------------------------------------

Initial Request Staff

Office of Information Policy

U.S. Department of Justice

202-514-3642 (Main Line)

202-514-1009 (Fax)

Final Response - SCO Report (5.7.19).pdf
166.8kB



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

May 7, 2019

Dear Requester:

      This responds to your Freedom of Information Act (FOIA) request seeking a copy of the Report of Special Counsel Robert Mueller.  Please be advised that the tracking number associated with your request was provided in our letter acknowledging receipt of your request.

      The Office of Information Policy (OIP) has completed FOIA processing of the "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" ("the Report").  The FOIA-processed Report has now been made available in OIP's online FOIA Library, at                                                                 (under the "FOIA-Processed Documents" heading).  I have determined that the Report is appropriate for release with excisions made pursuant to Exemptions 3, 5, 6, 7(A), 7(B), 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (b)(7)(C), and (b)(7)(E).

      Exemption 3 pertains to information specifically exempted from release by statute other than the FOIA (in this instance, the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), which pertains to intelligence sources and methods, and Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings).  Exemption 5 pertains to certain inter- and intra-agency records protected by the deliberative process privilege.  Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of personal privacy.  Exemption 7(A) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.  Exemption 7(B) pertains to records or information compiled for law enforcement purposes, the release of which would deprive a person of a right to a fair trial or an impartial adjudication.  Exemption 7(C) pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Exemption 7(E) pertains to records or information compiled for law enforcement purposes, the release of which would disclose techniques or procedures for law enforcement investigations or prosecutions.

      Additionally, please be advised that some information contained in the Report is also subject to a court order prohibiting counsel for the parties from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to the case. *See* United States v. Roger J. Stone, Jr., Criminal No. 19-cr-18-ABJ (D.D.C.).

      For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552 (2012 & Supp. V 2017).  This response is limited to those records that are subject to the requirements of

-2-

the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Douglas Hibbard, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001; telephone at 202-514-3642; or facsimile at 202-514-1009.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at                    ; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal at                    . Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

# ATTACHMENT

## EXHIBIT F

# HOUSTON & HOUSTON

Law and Education

Dr. LEONARD W. HOUSTON, Sr.
Juris Doctor of Law, Ph.D., Education

May 8, 2019

Melane Ann Pustay, Director
Office of Information Policy
**DEPARTMENT OF JUSTICE**
1425 New York Avenue, N.W. Suite 11050
Washington, D.C. 20530-0001

## Mandatory Declassification Review Request
### Executive Order 12958 of April 17, 1995 [Federal Register, Vol. 60 No. 76]

---

*Re:* **FOIA Request — DOJ 2019-0038 (OIP)**
**Leonard W. Houston, Sr., Requester**
**Date Submitted: 04/12/2019**

*Sub.:* **Douglas R. Hibbard, Chief, Initial Request Staff**
**OIP Reply Dated: May 7, 2019**

Dear Director Pustay:

This is a formal request for a mandatory declassification review, under the terms of Executive Order 12958, as amended, therein above described, as to the following:

1. Documents of any and/or coordination between the Russian government and individuals associated with the campaign of Presidential Donald J. Trump; and

2. Documents as to any matters that arose or may had risen directly from the investigation in the 2016 presidential election; and

3. Documents as to any and all matters within the scope of 28 C.F.R. § 600.4(a), pursed by the Special Counsel Robert S. Mueller, III, with respect to his appointment to investigate Russian interference with the 2016 Presidential election and related matters in accordance with Order No. 3915-2017, issued and authorized by Rod J. Rosenstein, Acting Attorney, dated May 17, 2017.

Thus, if you regard these documents as potentially exempt from disclosures' requirements under FOIA, as amended, I request that you nonetheless exercise your discretion to disclose them. Further, please release all reasonably segregable nonexempt portions of said requested documents that are responsive to the Requester's FOIA disclosure request. 5 U.S.C. § 552(a)(3)(A)

-1-

148 Deer Court Drive ■ Middletown ■ New York 10940-6867
Telephone No. (845) 343-8923 ■ Fax: (845) 342-3114
E-Mail: lenny.houston@yahoo.com

# HOUSTON & HOUSTON
### Law and Education

Dr. LEONARD W. HOUSTON, Sr.
Juris Doctor of Law, Ph.D., Education

Moreover, to permit I, as an individual Requester of the FOIA, as amended, to reach an intelligent and informed decision, as to whether or not to file an administrative appeal of any *"denied"* material. And in that regard, please described any withheld portions and explain the basis for your claims, this in accordance with the indexing requirements of *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 977 (1974).

I, as the individual Requester under the FOIA, as amended, looks forward to receiving your response.

Sincerely,

Leonard W. Houston, Sr.

---

## * * * VAUGHN INDEX

The term "Vaughn Index" originated from *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), *cert denied,* 415 U.S. 977 (1974), wherein the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption, *id* at 828. "A Vaughn Index must: (1) identify each document withheld; (2) state the statutory exemption claimed, and (3) explain how disclosure would damage the interests protected by the claimed exemption." *Citizens Comm'n on Human Rights v. FDA,* 45 F.3d 1325, 1326 n.1(9th Cir. 1995) This detailed affidavit "permit[s] the court system effectively and efficiently to evaluate the factual nature of disputed information." *John Doe Agency v. John Doe Corp.* 493 U.S. 146, 149 n.2 (1989) (quoting *Vaughn,* 484 F.2d at 826)

148 Deer Court Drive ■ Middletown ■ New York 10940-6867
Telephone No. (845) 343-8923 ■ Fax: (845) 342-3114
E-Mail: lenny.houston@yahoo.com

# A T T A C H M E N T

## EXHIBIT G

## LEONARD W. HOUSTON, PH.D., J.D.

148 Deer Court Drive • Middletown, New York 10940-6867 • (845) 343-8923 • FAX (845) 342-3114

May 20, 2019

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY(OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

Freedom of Information Act Appeal
Title 5, United States Code, section 552 (a)(6), as amended by Public Law No. 104, Stat. 3048,
as amended by FOIA Improvement Act of 2016, Public Law No. 114-185, 130 Stat. 538.

*Re:* **FOIA Request —DOJ 2019-0038 (OIP)**
**Leonard W. Houston, Sr., FOIA Requester**
**Date Submitted: 04/12/2019**

Dear Director Pustay:

This letter submitted herein, is pursuant to Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and is herein, a statutory appeal of denial of said FOIA request dated April 5, 2019, being in part for Records, Reports and Summaries in the possession of the Office of Attorney General, William P. Barr, Attorney General, of the Department of Justice ("DOJ"), with respect to the Special Counsel Investigation into Russian Interference in the 2016 Presidential Election and related matters within the statutory scope of 28 C.F.R. § 600.4(a) and Section 600.4 through 600.10 of Title 28 of the Code of Federal Regulations are applicable to the appointed Special Counsel, Robert S. Miller III. Annexed copy of Order No. 3915-2017, dated May 17, 2017

The same, being applicable to the Special Counsel,  Robert S. Mueller III, as appointed Special Counsel for the United States Department of Justice pursuant to Order No. 3915-2017, as issued by virtue of the authority vested therein,  by Acting Attorney General, Rod J. Rosenstein,  dated May 17, 2017.

Thus, absent of complete response to initial  FOIA request as to: **(1)**  the [*unredacted*] Final Mueller Report that was submitted on March 22, 2019,  **(2)** the public release of the Summaries of Special Counsel Robert Muller's report that were prepared by his investigators, and **(3),** all communications between the Justice Department and Mueller's office with respect to any and all said entitled documents and any and all related aspects of "Conclusion" and "Obstruction of Justice" by Donald J. Trump and/or any individuals associated with the presidential campaign of Donald J. Trump in the 2016 election.

As therein requested by said Requester's entitled letter, dated April 5, 2019, addressed to OAG FOIA Office, Douglas Hibbard, Chief, Initial Request Staff, Office of Information Policy, Department of Justice, as assigned Tracking Number: DOJ-2019-00392, dated April 12, 2019, 207 P.M. CDT.

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 2

The FOIA Requester contends and hereby asserts, that the U.S. Department of Justice's unlawfully withholding of records requested by Leonard W. Houston, Sr., as Requester, violates the FOIA, 5 U.S.C. § 552(a)(3)(A),

Thereby sought to withhold (i.e., including excisions made in the "Report On the Investigation Into Russian Interference In The 2016 Presidential Election" ("the Report") requested records under the claim Exemptions 3, 5, 6, 7(A), 7(B), 7(C), and 7(E); and the reliance on FOIA 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (7) (b)(7)(C) and (b)(7)(E) to disclosure, in the specific absence and/or statement thereof, to each said exemption under the deliberative process privilege.

Moreover, Exemption 5 [i.e., 5 U.S.C. § 552(b)(5)], permits an agency to withhold materials normally privileges from discovery in civil litigation against the agency (see, *Tax Analysts v. IRS*, 117 F.3d 607, 616 D.C. Cir. 1997). Thus, to qualify as exempt under said Exemption 5, "a document must meet two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Syolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 733 (D.C. Cir. 2008).

Further, for said documents to fall within the scope of the deliberative process privilege, withheld materials must be both "predecisional" and "deliberative" as cited in the case- *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). And, a communication is predecisional if, "it was generated before the adoption of an agency policy" and deliberative if it "reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 8866 (D.C. Cir. 1980).

Thus, even if the document is predecisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue[.] *id*. The deliberative process privilege is to construe "as narrowly as consistent with efficient Government operation." *United States v. Phillip Morris*, 218 F. R. D. 312, 315 (D. D.C. 2003)(quoting *Taxation with Representation Fund v. IRS*, 646 F.2d 666, 667 (D.C. Cir.)

Further stated therein as DOJ's official response (Douglas R. Hibbard, Chief, Initial Request Staff), dated May 7, 2019, "*** that this is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist."*

Here, the information sought has an informative value, and potential for contribution to public understanding (Note the decision in *Elizabeth v. Central Intelligence Agency*, 478 F. Supp. 1175, 1176 (D.C. D. 1979) (even a single document has the potential for contributing to public understanding).

Moreover, without adequately describing the documents withheld, without establishing a factual and/or legal basis for the application of these exemptions as aforestated above, to the responsive agency documents and without performing a sufficient segregability analysis to justify withholding nonexempt portions of requested records, which should be disclosed as reasonably segregable from exempt portions.

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 3

In addition, U.S. Department of Justice has failed to render and/or produce a complete itemized, indexed inventory of every record or portion thereof responsive to Requester's FOIA request pursuant to 5 U.S.C. 552, as amended, which the DOJ asserted to be exempt from disclosure, if any, to be accompanied by a detailed justification statement covering each refusal to release records or portions thereof in accordance with the indexing requirements of *Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973) *cert. denie4d*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974); *Vaughn v. Rosen*, 523 F.2d 1136 (D.C. Cir. 1975)

Thus, the "*Vaughn Index*" must explain specifically which of the nine statutory Exemptions to FOIA's general rule of disclosure supports the DOJ's decision to withhold a requested document or to delete information from a released document. *Founding Church of Scientology of Washington, D.C. Inc. v. Bell*, 603 F.2d 945, 947 (D.C. Cir. 1976).

The Requestor, Leonard W. Houston, Sr., has <u>now</u> stipulated and agreed to narrow the scope of its request in two ways. *First*, Leonard W. Houston, Sr., will strike the term "drafts" from all categories in its FOIA request. *Second*, Leonard W. Houston Sr., will clarify that in Category 11, is seeking only "All other formal written reports, excluding e-mails, informal communications, and logistical memoranda, summarizing or describing . . .

The Individual Requester has excluded from its FOIA Request of records, of which has already been disclosed to the public in their complete and unredacted form in the course of pending judicial proceeding (FN. [1] of said Individual FOIA Request) available at https://www.justice.gov/news. [Jennifer Agiesta, *CNN Poll: Almost Everyone Wants a Public Report on Muller's Findings*, CNN (Feb. 7, 2019), https://www.cnn.com/2019/02/07/politics/cnn-poll-russia-mueller-report-release/index.html.]

Congress enacted Freedom of Information Act (FOIA) to "open up the workings of government to public scrutiny through the disclosure of government records." *Stern v, FBI*, 737 f.2d 84, 88 (D.C. Cir. 1984) As such, and pursuant to FOIA's nine Exemptions (5 U.S.C. § 552 *b) (1) - (9), an agency may withhold requested information. However, because FOIA established a strong presumption in favor of disclosure, requested materials must be disclosed unless it falls squarely with one of the exemptions (see, *Burke v, U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996).

In 2016, Congress passed the Freedom of Information Improvement Act of 2016 ("the FOIA Improvement Act"), which amended FOIA (*see*, Pub. L. No. 114-185, 130 Stat. 518 codified at U.S.C. § 552 (2016), which amended 5 U.S.C. § 552, and was enacted on June 30, 2016). Which said Act codified the "foreseeable harm" standard, established by the Department of Justice in 2009 and used to defend an agency's decision to withhold information.

Further, under the foreseeable harm "standard, the Department of Justice would "defend an agency's denial of an FOIA request only if (**1**) the agency reasonably fores[aw] that disclosure would harm an interest protected by one of [FOIA's] statutory exemptions, or (**2**) disclosure was prohibited by law." U.S. Dep't of Justice, guide to the Freedom of Information Act 25 (2009 ed) (https://www.justice.gov/archive/oip/foia_guide09/procedual-requirements.pdf.

Melane Ann Pustay, Director
**OFFICE F INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 4

Accordingly, as amended by the FOIA Improvement Act, the statutory text now provides that: "an agency shall . . . withhold information under this section only if . . . (1) the agency reasonably foresees that disclosure would harm an interest protected by [a FOIA] exemption; or (II) disclosure is prohibited by law. — 5 U.S.C. § 552(a)(8)(A). Thus, stated differently, pursuant to the FOIA Improvement Act, an agency must release a record-even if it falls within an FOIA exemption-if releasing the record would <u>not</u> reasonably harm an exemption-protected interest" and if the law does not prohibit the disclosure. *Rosenberg v. U.S. Dep't of Def.,* 342 F. Supp. 3d 62, 72 (D.D.C. 2018) (citation omitted).

The agency (*i.e.*, U.S. Department of Justice) bears the burden of justifying any withholding (see case— *Bigwood v. U.S. Agency for Int'l Dev.,* 484 F. Supp. 2d 68, 74 (D.D.C. 2007).

Thus, base upon this premise, for a Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called "Vaughn Index," sufficiently detailed affidavits or declarations, or both. *Hussain v. U.S. Dep't of Homeland Sec.,* 674 F. Supp. 2d 260, 267 (D.C.C. 2009)

Moreover, given the fact, there is no set formula for a "*Vaughn Index*" the agency must "disclose as much information as possible without thwarting the exemption's purpose. *King v. Dep't of Justice,* 830 F.2d 210,224 (D.C. Cir. 1987).

Requestor, Leonard W. Houston, Sr., contends and hereby asserts, that the U.S. Department of Justice has failed to meet the foreseeable harm standard codified in the Act, under their cited FOIA Exemptions. Thus, applying the "foreseeable harm" standard, the DOJ has failed to explain how the disclosure of information withheld under the cited Exemptions would harm their deliberative process.

As previously stated, the actual government activity at issue in the Requestor's FOIA Request is the Special Counsel's investigation of Russian interference of the 2016 presidential election and the U.S. government's response to Russian election interference. Said Requestor's FOIA Request included facts—supported by both official government documents and federal regulations—to demonstrates that the activities of the Special Counsel, including the creation of investigatory reports, constitute a federal government activity. Moreover, the U.S. government's response to Russian election interference is self-evidently an actual government activity.

Arguably, the foreseeable harm requirement does not go "so far as to require the government to identify harm likely to result from disclosure of each of its cited Exemption withholding, **but** the government (DOJ) at least needed to do more than "perfunctorily state that disclosure of all withheld information-regardless of category or substance-would jeopardizes the free exchange of information. Annexed copy of a letter from Robert S. Mueller III, Special Counsel, U.S. Department of Justice, Re:

**Report of the Special Counsel on the Investigation into Russian Interference**
**in the 2016 Presidential election and Obstruction of Justice(March 2019),**

dated March 27. 2019, addressed to Hon. William P. Barr, Attorney General of the United States, Department of Justice, which stated *inter alia*, "Accordingly, the enclosed documents are in a form that can be released to the public consistent with legal requirements and Department policies. I am requesting that you provide these materials to Congress and authorize their public release at this time."

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 5

Thus, considering among other things, the voluminous press coverage of, and the intense interest, as herein asserted by this Requester, in the Special counsel's investigation, it is clear that I being of the public, urgently need to know the details of the interference in the 2016 presidential election.  Furthermore, the potential involvement of President Donald Trump in a foreign campaign to influence an election unquestionably bears on the integrity of the government and inevitably affects public confidence.

So, to does the government's capacity to protect United States' election systems and democratic institutions against foreign attacks Here, the Special Counsel's reports [unredacted] would shed more significant light on both of these matters so outlined in his reference letter to William P. Barr, Attorney General of the United States, Department of Justice in his letter dated March 27, 2019. in which he concluded in said entitled letter:

> *"It would also accord with the standard for public release of notifications*
> *to Congress cited in your letter [March 24, 2019].  See 28 C.F.R. § 609(c)*
> *("the Attorney General may determine that public release of congressional*
> *notifications" would be in the public interest").*

Conclusion

Requester, respectfully request that sad decision and determination of DOJ to withhold the requested documents as aforestated, in all respects, be <u>reverse</u>, according to the relevant DOJ and FOIA regulation, and that the U.S. Department of Justice conduct a search for any and all records responsive to the Requester's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to said Requestor's FOIA request, (1) that DOJ produce by a date certain, any and all non-exempt records responsive to Requester's FOIA request and a *"Vaughn Index"* of any responsive records as therein being subsequently defined withheld under claim of statutory Exemption, and not continuing to withhold and  all non-exempt records responsive to said Requestor's FOIA request.

Thank you for your consideration of this administrative Appeal, as I will anticipate your determination on said appeal within twenty (20) working days. 5 U.S.C. § 552a)(6)(A)(ii).

Respectfully submitted,

Leonard W. Houston, Sr.
Requester

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 6

## Requested Records

As an FOIA Requestor seeks the following categories of Records to the Special Counsel's investigation into Russian interference in the 2016 Presidential Election:

1. Special Counsel Robert S. Mueller Report and evidence submitted to the Attorney General William P. Barr, of the Department of Justice, of said even date, as to the Special Counsel investigation of 2017-2019. Presidential Election of Russian interference in the 2016;

2. Special Counsel Robert S. Mueller' written Summaries as prepared by investigators of said special counsel that comprised the Mueller's report, which was therein above submitted as to the Special Counsel investigation of 2017 to 2019. Presidential Election of Russian interference 2016;

3. All Communications between the Justice Department and Mueller's office with respect to the entitled documents as to the Special Counsel investigation of 2017 to 2019, Presidential Election of Russian interference 2016;

4. All report(s) and documents prepared pursuant to 28 C.F.R. 600.8(c), regardless whether such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker; [FN:1]

5. All drafts, outlines, exhibits, and supporting materials associated with any actual and/or planned "report" or "closing documents, pursuant to 28 C,F,R, § 600.8(c); [*id.* FN:1]

6. All report(s) concerning or pertaining to the status of the investigation as prepared pursuant to 28 C.F.R. § 6008(a)(2), regardless such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker; [FN:2]

7. All drafts, outlines, exhibits, and supporting materials associated with actual and/or planned report(s) concerning or pertaining to the status of the investigation, pursuant to 28 C.F.R. § 600.8(a)(2); [*id.* FN:2]

8. All records that explain . . . any investigative and/or prosecutorial procedure(s) pursuant to 28 C.F.R. § 600.7(b), regardless such records were actually provided to the Attorney General William P. Barr, or the Acting Attorney General Matthew G. Whitaker; [FN;3]

9. All drafts, outlines, exhibits, and supporting materials associated with or pertaining to actual or planned explanation for any investigative and/or prosecutorial procedure(s) pursuant to 28 C.F.R. § 600.7(b); [*id.*FN:3]

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 7

10. All referrals by the Special Counsel Robert S. Mueller III, Attorney General William P. Barr, or Acting Attorney General Matthew G. Whitaker for administrative actions, civil sanctions or other governmental actions, outside the criminal justice system, pursuant to 28 C,F.R. § 600.4(c), regardless such records were actually transmitted to any party outside of the Special Counsel's Office; [FN4]

11. All reports summarizing and/or describing one or more persons outside of the Special Counsel's Office(1) any of the Special counsel's evidence, findings, decisions, procedure actions or planned procedural actions, or (2) any developments in the Special Counsel investigations of 2017 to 2019 of the Russian government's efforts to interfere in the 2016 Presidential Election; [FN:5 ]and

12. All drafts, outlines, exhibits, and supporting materials associated with or pertaining to any actual and/or planned report of the type(s) therein described in Item No. 11 of this FOIA Request.

### Defining a "Record"

In response to your question [The Honorable DIANNE FEINSTEIN, Senator Ranking Member, Committee on the Judiciary, dated April 19, 2017] about OIP's (Office of Information Policy) guidance on defining a "record" for purposes of responding to FOIA requests, that guidance is rooted in the guiding principles provided by the court of Appeals for the District of Columbia in *American Immigration Lawyers Association* (AAHA*) v. EOIR*, 830 F.3d 667, 678 (216), as the definition of a record found in the FOIA's sister statute, the Privacy Act of 1974. Like the FOIA, the Privacy Act has an access provision and is contained within 5 U.S.C. § 552, as part of the Administrative Procedure Act.
\* \* \*

Additionally. once a record has been identified as responsive, the agency applies the presumption of openness in processing those records.  OIP's guidance does not change this in disclosure determinations even before these principles were codified in the statute.  Looking to the definition of a record found in the Administrative Procedure Act, OIP's guidance provides workable principles to help agencies implement the precedent set in *AILA* in a manner that is not only consistent with the presumption of openness, but fully embraces it.
\* \* \*

Moreover, OIP's guidance stresses that the nature of a FOIA "record" is defined by both the content of a document *and* the subject of the request, both of which must be considered in determining what is a record for the purposes of each individual FOIA request. . .

By: **SAMUEL R. RAMER,** Acting Assistant Attorney General
*Office of the Assistant Attorney General,* Washington, D, C. 20530
Excerpt from a responsive letter to Hon. DIANNE FEINSTEIN, Senator, dated April 19, 2017
**U.S. Department of Justice**
Office of Legislative Affairs

Melane Ann Pustay, Director
**OFFICE OF INFORMATION POLICY (OIP)**
**UNITED STATES DEPARTMENT OF JUSTICE**
Page 8

## FOOT NOTES:

[1]

    28 C.F.R § 600.8(c)-Closing documentation. At the conclusion of the special counsel's work, he or she shall provide the Attorney general with a confidential report explaining the prosecution or declination reached by the Special counsel; and the Special Counsel is required to provide the Attorney General with a report at the conclusion of the investigation.

[2]

    28 C,F,R, § 6008(a)(2): The Special Counsel is required to provide annual status to the Attorney General;   **(2)** Thereafter, 90 days before the beginning of each fiscal year, the Special Counsel shall report to the Attorney General the status of the investigation and provide a budget request for the following year.  The Attorney General shall determine whether the investigation should continue and, if so, establish the budget for the next year.

[3]

    28 C.F.R. § 6007(b): the Attorney General may request an explanation for any investigative or prosecutorial step taken by the Special Counsel:(b) The Special Counsel shall not be subject to the day-to-day supervision of any official of the Department.  However, the Attorney General may request that the Special counsel provide an explanation for any investigative or prosecutorial step, and may after review conclude that the action is so inappropriate or unwarranted under established Departmental practices that it should not be pursued.  In conducting that review, the Attorney General will give great weight to the views of the Special counsel.  If the Attorney General concludes that a proposed action by a Special counsel should not be pursued, the Attorney General shall notify Congress as Specified in § 6009(a)(3).

[4]

    28 C,F.R. § 600.4(c): The special counsel may take "necessary action" to pursue penalties "outside the criminal justice system" in consultation with the Attorney General: (c) civil and administrative jurisdiction.  If in the course of his or her investigation the Special Counsel determines that administrative remedies, civil sanctions or other governmental action outside the criminal justice system might be appropriate, he or she shall consult with the Attorney General with respect to the appropriate component to take any necessary action.  A special counsel shall not have civil or administrative authority unless specifically granted such jurisdiction by the Attorney.

[5]

    Requester, Leonard W. Houston, Sr., in its FOIA Request sought twelve categories of records related to the Special Counsel's investigation into Russian interference in the 2016 presidential election:

> All other reports summarizing or describing for one or more persons
> outside of the Special Counsels' Office,(i) any of the special counsel's
> evidence, findings, decisions, actions, or planned actions, or (ii) any
> developments in the Special counsel investigations; and

> All drafts, outlines, exhibits, and supporting materials associated with
> Any actual or planned report or the type described in said Category of
> this request.

FOIA Request DOJ-2019-004807 Submitted

From:  admin@foiaonline.gov (admin@foiaonline.gov)

To:    lenny.houston@yahoo.com

Date:  Tuesday, May 21, 2019, 12:13 PM CDT

This message is to confirm your request submission to the FOIAonline application:    Request information is as follows:

- Tracking Number: DOJ-2019-004807
- Requester Name: Leonard W Houston, Sr.
- Date Submitted: 05/17/2019
- Request Status: Submitted
- Description: mdr

# DOJ-2019-004807 Request Details

○ Submitted   ○ Evaluation   ○ Assignment   Processing   Closed

## Request Information

| | |
|---|---|
| **Full Name** | Under Agency Review |
| **Organization** | Under Agency Review |
| **Fee Category** | TBD |
| **Date Submitted** | 05/17/2019 |
| **Estimated Date of Completion** | |
| **Final Disposition** | Undetermined |

## Description

The description of this request is under agency review.

## Released Records

| Download | Title | Size (MB) | File Type | Release Date |
|---|---|---|---|---|

No records have been released yet.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ELECTRONIC PRIVACY INFORMATION CENTER
*Plaintiff,*

LEONARD W. HOUSTON, SR.,                                        Case No. 19-cv-00810 (RBW)
*Intervenor-Plaintiff,*
v.

UNITED STATES DEPARTMENT OF JUSTICE,
*Defendant.*

**INTERVENOR-PLAINTIFF'S RULE 56 STATEMENT OF MATERIAL FACTS IN**
**SUPPORT OF INTERVENOR-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Intervenor-Plaintiff, Leonard W. Houston, Sr., *pro-se,* pursuant to Local Civil Rule 7(h)(1) of the Rules of the United States District Court for the District of Columbia, respectfully submits this Statement of Material Facts Not in Genuine Dispute in connection with its entitled motion, the same submitted in support of Intervenor-Plaintiff's Motion for Summary Judgment under Rule 56(a) of the Federal Rules of Civil Procedure.

1.  Pursuant to Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, being herein, a statutory denial of said FOIA request dated April 5, 2019. **(Compl. Exhibit E)**

2.  The same, being in part for Records, Reports and Summaries in the possession of the Office of Attorney General, William P. Barr, Attorney General, of the Department of Justice ("DOJ"), with respect to the Special Counsel Investigation into Russian Interference in the 2016 Presidential Election and related matters within the statutory scope of 28 C.F.R. § 600.4(a) and Section 600.4 through 600.10 of Title 28 of the Code of Federal Regulations were applicable to the appointed Special Counsel, Robert S. Miller III., pursuant to entitled Order No. 3915-2017, dated May 17, 2017.**(Compl. Exhibit D)**

Page 1 of  7

3. The same, being applicable to the Special Counsel, Robert S. Mueller III, as appointed Special Counsel for the United States Department of Justice pursuant to said entitled Order, issued by virtue of the authority vested therein, by Acting Attorney General, Rod J. Rosenstein, dated May 17, 2017.

4. Absent of complete response to initial FOIA request as to: **(1)** the [*unredacted*] Final Mueller Report that was submitted on March 22, 2019, **(2)** the public release of the Summaries of Special Counsel Robert Muller's report that were prepared by his investigators, and **(3),** all communications between the Justice Department and Mueller's office with respect to any and all said entitled documents and any and all related aspects of "Conclusion" and "Obstruction of Justice" by Donald J. Trump and/or any individuals associated with the presidential campaign of Donald J. Trump in the 2016 election. (Compl. Page 4, ¶11)

5. As therein requested by said Requester's (Intervenor-Plaintiff herein) entitled letter, dated April 5, 2019, addressed to OAG FOIA Office, Douglas Hibbard, Chief, Initial Request Staff, Office of Information Policy, Department of Justice, as assigned Tracking Number: DOJ-2019-00392, dated April 12, 2019, 2:07 P.M. CDT. **(Compl. Exhibit E)**

6. The Department of Justice's unlawfully withholding of records requested by Leonard W. Houston, Sr., as Requester (Intervenor-Plaintiff herein) violated FOIA, 5 U.S.C. § 552(a)(3)(A). ( Compl. ¶1 and Fn2)

7. Further, DOJ sought to withhold (*i.e.*, including excisions made in the "Report On The Investigation Into Russian Interference In The 2016 Presidential Election" ("the Report")) the requested records under the claim Exemptions 3, 5, 6, 7(A), 7(B), 7(C), and 7(E); and the reliance on FOIA 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(B), (7) (b)(7)(C) and (b)( 7)(E) to disclosure, in the specific absence and/or statement thereof, to each said exemption under the deliberative process privilege.

8. Moreover, Exemption 5 [*i.e.*, 5 U.S.C. § 552(b)(5)], permits an agency to withhold materials normally privileges from discovery in civil litigation against the agency.

9. Thus, to qualify as exempt under said Exemption 5, "a document must meet <u>two</u> conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it."

10. Further, for said documents to fall within the scope of the deliberative process privilege, withheld materials must be both "predecisional" and "deliberative."  And a communication is deemed predecisional if, "it was generated before the adoption of an agency policy" and deliberative if it "reflects the give-and-take of the consultative process."

11. Moreover, if the document is predecisional at the time it is prepared, it can lose that status if it is adopted, formally or informally, as the agency position on an issue.  The deliberative process privilege is to construe "as narrowly as consistent with efficient Government operation."

12. Further stated therein as DOJ's official response (Douglas R. Hibbard, Chief, Initial Request Staff), dated May 7, 2019, *"\*\*\* that this is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist."* **(Compl. Exhibit E)**

13. The information sought has an informative value, and potential for contribution to public understanding, even a single document has the potential for contributing to public understanding.

14. Without adequately describing the documents withheld, without establishing a factual and/or legal basis for the application of these exemptions as aforestated above,  to the responsive agency documents and without performing a sufficient segregability analysis to justify withholding nonexempt portions of requested records, which should be disclosed as reasonably segregable from exempt portions,

15. DOJ violated FOIA, 5 U.S.C. § 552, and the Freedom of Information Improvement Act of 2016 (the **"FOIA Improvement Act"**). (Compl. page 1 at Fn2)

16. In addition, U.S. Department of Justice has failed to render and/or produce a complete itemized, indexed inventory of every record or portion thereof responsive to Requester's(Intervenor-Plaintiff) FOIA request pursuant to 5 U.S.C. 552, as amended

17. DOJ asserted to be exempt from disclosure, if any, to be accompanied by a detailed justification statement covering each refusal to release records or portions thereof in accordance with the statutory indexing requirements in this case. **(Compl. Exhibit F)**

18. Thus, the "*Vaughn Index*" must explain specifically which of the nine statutory Exemptions to FOIA's general rule of disclosure supports the DOJ's decision to withhold a requested document or to delete information from a released document.

19. The Individual Requester has excluded from its FOIA Request of records, of which has already been  disclosed to the public in their complete and "*unredacted*" form in the course of the initial judicial proceeding by the Plaintiff, Electronic Privacy Information Center, March 22, 2019. **(Compl. Exhibit A)**

20. Congress enacted Freedom of Information Act (FOIA) to "open up the workings of government to public scrutiny through the disclosure of government records.

21. As such, and pursuant to FOIA's nine Exemptions (5 U.S.C. § 552 *b) (1) - (9), an agency may withhold requested information.  However, because FOIA established a strong presumption in favor of disclosure, requested materials must be disclosed unless it falls squarely with one of the exemptions.

22. In 2016, Congress passed the Freedom of Information Improvement Act of 2016 ("the FOIA Improvement Act"), which amended FOIA (*see*, Pub. L. No. 114-185, 130 Stat. 518 codified at U.S.C. § 552 (2016), which amended 5 U.S.C. § 552, and was enacted on June 30, 2016). Which said Act codified the "foreseeable harm" standard, established by the Department of Justice in 2009, and used to defend an agency's decision to withhold information.

23. Further, under the "foreseeable harm "standard, the Department of Justice would defend an agency's denial of an FOIA request only if, **(1)** the agency reasonably fores[aw] that disclosure would harm an interest protected by one of [FOIA's] statutory exemptions, or **(2)** disclosure was prohibited by law."

24. Accordingly, as amended therein by the FOIA Improvement Act, the statutory text now provides that: "an agency shall . . . withhold information under this section only if . . . (1) the agency reasonably foresees that disclosure would harm an interest protected by an [FOIA] exemption; or (II) disclosure is prohibited by law — 5 U.S.C. § 552(a)(8)(A). Thus, stated differently, pursuant to the FOIA Improvement Act, an agency must release a record-even if it falls within an FOIA exemption-if releasing the record would <u>not</u> reasonably harm an exemption-protected interest" and if the law does not prohibit the disclosure.

25. The agency (*i.e.*, U.S. Department of Justice) bears the burden of justifying any withholding as in this case of the Intervenor-Plaintiff. (Compl. Page 1, ¶1, and Page 13, ¶¶ 1 - 5)

26. Thus, base upon this premise, for a Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called "*Vaughn Index*," sufficiently detailed affidavits and/or declarations, or both, of which they have not done.

27. Moreover, given the fact, there is no set formula for a "*Vaughn Index*" the agency must "disclose as much information as possible without thwarting the exemption's purpose.

29. Requestor (Intervenor-Plaintiff), Leonard W. Houston, Sr., contends that Defendant U.S. Department of Justice has failed to meet the foreseeable harm standard codified in the Act, under FOIA Exemptions.

30.Thus, applying the "foreseeable harm" standard, the DOJ has failed to explain how the disclosure of information withheld under the cited Exemptions would harm their deliberative process.

31. As previously stated, the actual government activity at issue in the Requestor's FOIA Request is the Special Counsel's investigation of Russian interference of the 2016 presidential election and the U.S. government's response to Russian election interference.

32. Said Requestor's FOIA Request included facts—supported by both official government documents and federal regulations—to demonstrates that the activities of the Special Counsel, including the creation of investigatory reports, constitute a federal government activity. Moreover, the U.S. government's response to Russian election interference is self-evidently an actual government activity.

33.  The foreseeable harm requirement does not go "so far as to require the government to identify harm likely to result from disclosure of each of its cited Exemption withholding, **but** the government (DOJ) at least needed to do more than "perfunctorily state that disclosure of all withheld information-regardless of category or substance-would jeopardizes the free exchange of information. **(Compl. Exhibit C)**

**Report of the Special Counsel on the Investigation into Russian Interference
in the 2016 Presidential election and Obstruction of Justice(March 2019),**

34. On March 27. 2019, the same, being addressed to Hon. William P. Barr, Attorney General of the United States, Department of Justice, which stated inters alia, *"Accordingly, the enclosed documents are in a form that can be released to the public consistent with legal requirements and Department policies.  I am requesting that you provide these materials to Congress and authorize their public release at this time."*

35.  Thus, considering among other things, the voluminous press coverage of, and the intensive interest, as herein asserted by this Requester, in the Special Counsel's investigation, it is clear that I, being of the public, urgently need to know the details of the interference in the 2016 presidential election.

36.  Furthermore, the potential involvement of President Donald Trump in a foreign campaign to influence an election unquestionably bears on the integrity of the government and inevitably affects public confidence.

37.  So, to does the government's capacity to protect United States' election systems and democratic institutions against foreign attacks Here, the Special Counsel's reports [*unredacted*] would shed more significant light on both of these matters so outlined in his reference letter to William P. Barr, Attorney General of the United States Department of Justice in his letter dated March 27, 2019. in which he concluded in said entitled letter:

> *"It would also accord with the standard for public release of notifications to Congress cited in your letter* [March 24, 2019].  *See 28 C.F.R. § 609(c) ("the Attorney General may determine that public release of congressional notifications" would be in the public interest*).  **(Compl. Exhibit C)**

38.  Intervenor-Plaintiff, Leonard W. Houston, Sr., [FOIA Requestor] respectfully request that said decision and determination of DOJ to withhold the requested documents as aforestated, in all respects, be **reverse**, according to the relevant DOJ and FOIA regulation, and that the U.S. Department of Justice conduct a search for any and all records responsive to the Intervenor-Plaintiif's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to said Requestor's FOIA request; **(1)** that DOJ produces by a date certain, any and all nonexempt records responsive to Intervenmor-Plaintiff's FOIA request; **(2)** "*Vaughn Index*" of any responsive records as therein being subsequently defined withheld under claim of statutory Exemption; and **(3)** not continuing to withhold and  all nonexempt records responsive to said Requestor's FOIA Request DOJ 2019-0038(OIP), dated April 5, 2019 and recorded as submitted on April 12, 2019, as a matter of law. **(Compl. Page 13, ¶¶1 - 6)**

## CONCLUSION

For the reasons succinctly set for above, Intervenor-Plaintiff respectfully requests that this Court grant summary judgment in favor of Intervenor-Plaintiff, Leonard W. Houston, Sr., as to all statutory claims therein cited  under the Freedom of Information Act, as amended in this case.

Dated: December 21, 2020

Respectfully submitted,

**LEONARD W. HOUSTON, SR.**, *pro-se*
*Intervenor-Plaintiff*
148 Deer Court Drive
Middletown, NY 10940-6867
Telephone No. (845) 343-892



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7019 2280 0002 2512 7044

n Tracking
ge rate locked forever
ping label required
kage Pickup
stamps.com/prepaid

**...Y MATE**
**Y MAIL PRE-PAID!**

**PRIORITY**
**★ MAIL ★**

**UNITED STATES**
**POSTAL SERVICE®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

LEONARD W. HOUSTON, SR.
148 Deer Court Drive
Middletown, NY 10940-6867

RECEIVED
Mail Room

TO:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Honorable REGGIE B. WALTON
United States District Judge
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Label 228, March 2016        **FOR DOMESTIC AND INTERNATIONAL USE**

PLI

**PRIORITY**
**MAIL**

**UNITED STATES POSTAL SERVICE**

Flat Rate Mailing Envelope

*Visit us at usps.com*

*INTERNATIONAL RESTRICTIONS APPLY:*

*Customs forms are required. Consult the*
*International Mail Manual (IMM) at pe.usps.com*
*or ask a retail associate for details.*

This packaging is the property of the U.S. Postal
Service® and is provided solely for use in
sending Priority Mail® shipments.
Misuse may be a violation of federal law. This
packaging is not for resale. EP14F-P-PP © U.S.
Postal Service; June 2012; All rights reserved.

EP14F-P-PP June 2012 © U.S. Postal Service

Schedule package pickup right from your home
or office at usps.com/pickup
Print postage online

Please
Recycle

PS00001035014