# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) )  ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 19-810 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) |
| Defendant. | ) ) ) |

## ORDER

The plaintiff, the Electronic Privacy Information Center ("EPIC"), brings this civil action against the defendant, the United States Department of Justice (the "Department"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records related to Special Counsel Robert S. Mueller's investigation regarding "Russian interference in the 2016 United States presidential election[.]" See Complaint ("Compl.") ¶¶ 2, 43. On September 14, 2020, Leonard Houston, proceeding pro se, mailed the Court a letter ("Mr. Houston's first letter"), which the Court subsequently granted leave to file. See Letter from Leonard W. Houston to the Hon. Reggie B. Walton, United States District Judge (Sept. 14, 2020) ("Houston 1st Letter") at 1, ECF No. 134.[1] In this first letter, Mr. Houston represents that "on or about July 15, 2019[,]" he submitted a "Motion for Leave to Intervene as Proposed Intervenor-Plaintiff[,]" and that this motion "has been pending for an extended period of time[.]" Id. Despite Mr. Houston's assertion to the contrary, the Court never received the copy of the motion he claims to have

---

[1] For ease of reference, the page numbers cited by the Court in referring to Mr. Houston's filings are the automatically generated page numbers assigned by the Court's ECF system.

mailed on July 15, 2019. See id. (noting that "[l]eave to file is granted, although the Court never received [Mr. Houston's] original motion"). However, Mr. Houston attached a copy of the motion ("Mr. Houston's motion") to his first letter. See id. at 3–4. In his motion, Mr. Houston seeks "leave to intervene as [a] party plaintiff of right" or "[i]n the alternative, . . . for permissive intervention[.]" Id. at 3. On October 22, 2020, the Department filed an opposition to Mr. Houston's motion, arguing that Mr. Houston "cannot satisfy the criteria either for intervention as of right or for permissive intervention." Defendant's Opposition to Leonard Houston's Motion to Intervene ("Def.'s Opp'n") at 1.

On November 17, 2020, Mr. Houston submitted a second letter to the Court ("Mr. Houston's second letter"), which the Court granted leave to file on December 4, 2020. See Letter from Leonard W. Houston to the Clerk of the Court, U.S. District Court [for the] District of Columbia (Nov. 17, 2020) ("Houston 2d Letter") at 1, ECF No. 148. Mr. Houston's second letter contained, inter alia, his Memorandum of Points and Authorities in Support of the Motion to Intervene. See id. at 10–18. On December 7, 2020, in light of Mr. Houston's second letter, the Court ordered the Department to "file its renewed opposition to Mr. Houston's motion." Min. Order (Dec. 7, 2020). Thereafter, the Department filed its renewed opposition, maintaining its position that "[t]his Court should deny Mr. Houston's motion because he cannot satisfy the criteria either for intervention as of right or for permissive intervention[,]" Defendant's Renewed Opposition to Leonard Houston's Motion to Intervene at 1 ("Def.'s Renewed Opp'n"), and Mr. Houston filed his reply in support of his motion, see Intervenor-Plaintiff's Opposition to Defendant's Renewed Motion to Leonard Houston's Motion to Intervene ("Houston Reply")

at 1.  Upon consideration of the parties' submissions, the Court concludes that it must deny Mr. Houston's motion.[2]

The Court first addresses Mr. Houston's arguments for intervention as of right.[3]  Federal Rule of Civil Procedure 24 states that the Court

> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Accordingly, to intervene as a matter of right under Rule 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008).

"[C]onstruing [Mr. Houston's filings] liberally," as the Court must for pro se filings, Welsh v. Hagler, 83 F. Supp. 3d 212, 216 (D.D.C. 2015), the Court concludes that Mr. Houston has not demonstrated that EPIC is not "an adequate representative of [his] interests[,]" Karsner,

---

[2] The Court notes that, in its first opposition to Mr. Houston's motion, the Department argued that Mr. Houston "lacks standing because . . . there is no indication that Mr. Houston has filed a FOIA request with the Department[.]" Def.'s Opp'n at 4.  "[T]o establish Article III standing, [a prospective intervenor, like a plaintiff,] must allege an injury[-]in[-]fact that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt, 331 F.R.D. 5, 9 (D.D.C. 2019) (quoting Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732 (D.C. Cir. 2003)).  With his second letter to the Court, Mr. Houston included a copy of his proposed Complaint in Intervention ("Mr. Houston's proposed Complaint"), which contains allegations that he "submitted a written [FOIA] request to the . . . Department" and the "Department . . . failed to produce[] in whole or in part responsive documents in response to [his] FOIA request[.]" Houston 2d Letter at 20.  Therefore, Mr. Houston has established standing for the purposes of his motion to intervene, see Wetzel v. U.S. Dep't of Veterans Affs., 949 F. Supp. 2d. 198, 202 (D.D.C. 2013) (noting that "[i]n the context of FOIA standing, '[t]he filing of a request, and its denial,' constitute[] an injury" (quoting McDonnell v. United States, 4 F.3d 1227, 1238 (3d Cir. 1993)), and "lack of standing is not a ground for rejecting [his] motion to intervene as of right[,]" Fund for Animals, Inc., 322 F.3d at 734.

[3] In light of the fact that Mr. Houston is proceeding pro se, "the Court construes [his] papers liberally and holds [him] to less stringent [ ] standards than those applied to lawyers, [however, Mr. Houston's] pro se status does not relieve [him] of [his] obligation to comply with the Federal Rules of Civil Procedure[.]" Slovinec v. Am. Univ., 520 F. Supp. 2d 107, 111 (D.D.C. 2007).

532 F.3d at 885.  In his proposed Complaint on Intervention ("Mr. Houston's proposed Complaint"), submitted to the Court along with his second letter, see generally Houston 2d Letter at 19–32, Mr. Houston seeks records related to Special Counsel Mueller's investigation—precisely the records sought by EPIC in this case.  Compare Houston 2d Letter at 89–90, with Complaint ¶ 43.  As the Department correctly notes, "Mr. Houston merely seeks disclosure of the records responsive to EPIC's . . . FOIA requests" and "that is an interest already adequately represented by EPIC[.]"  Def.'s Renewed Opp'n at 6.  Although the "burden of showing inadequacy of representation" is "minimal[,]" Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n, 788 F.3d 312, 321 (D.C. Cir. 2015), Mr. Houston offers only general statements that his "specific interest in this action will not be adequately represented by the existing parties[,]" Houston 2d Letter at 13.  He fails to provide any explanation of the reasons why EPIC will not adequately represent his interest or how his FOIA request differs from EPIC's FOIA request.[4]  See id. at 13–14.  Accordingly, the Court concludes that "[i]t is readily apparent that Mr. [Houston's] alleged interest in ensuring that the [Department] fully discloses all documents responsive to [his] FOIA request is an interest already adequately represented by

---

[4] Mr. Houston does appear to argue that the Department, rather than EPIC, would fail to adequately represent his interests.  See Houston 2d Letter at 13 (arguing that "[a]lthough the federal government (i.e., [the Department] . . . ), would likely [ ] defend the challenged FOIA exemption(s), its particular interest in doing so is necessarily broad" and "[i]ntervention [is] required if []the government's and the interven[o]r[']s interest may diverge during the course of litigation or if the interven[o]r[']s[] individual interest[s] in the matter are narrower than those of the government under FOIA, as amended"); id. at 14 (arguing that "[a]lthough the [Department] and [Mr. Houston] 'may share some objectives' with respect to said matter, that does not mean the [Department's] interests and [Mr. Houston's interests] are identical or that their approaches to litigation would be the same"); id. (arguing that "even if the [Department] vigorously perform[s its] duty to represent its citizenry, representation of [Mr. Houston's] distinct interest may still be inadequate, because the [Department] must balance the competing interests presented by the proposed intervenors[,] as well as those individuals or entities like [EPIC], who oppose it").  However, as a proposed intervenor-plaintiff, the pertinent question for the Court is whether the existing plaintiff—in this case, EPIC—would "adequately represent [Mr. Houston's] interest[,]" Fed. R. Civ. P. 24(a)(2), not whether a defendant—in this case, the Department—would do so.  Therefore, the Court need not consider Mr. Houston's arguments regarding whether the Department would adequately represent Mr. Houston's interests.

4

[EPIC,]" see Schoenman v. Fed. Bureau of Investigation, 263 F.R.D. 23, 25 (D.D.C. Nov. 9, 2009), and Mr. Houston is therefore not entitled to intervention as of right under Rule 24.

Turning to permissive intervention—"an inherently discretionary enterprise" for the Court, Equal Empt. Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998)—the Court similarly concludes that Mr. Houston should not be permitted to intervene in this case. Rule 24 permits intervention where, "[o]n timely motion," an applicant demonstrates that he or she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1); see also Nat'l Children's Ctr., Inc., 146 F.3d at 1046 (noting that a putative intervenor must present "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action"). Additionally, a court "must consider whether the [requested] intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

It is evident to the Court that permitting Mr. Houston to intervene at this juncture would "unduly delay or prejudice the adjudication of the original parties' rights." Id. As the Department correctly notes, "[t]he parties have already fully litigated all of the claims at issue in this case." Def.'s Renewed Opp'n at 6. Indeed, the only remaining issue concerns the award of attorneys' fees and costs, which the parties are currently attempting to resolve.[5] See Joint Status

---

[5] In his reply, Mr. Houston appears to argue that the Department's representation "that the parties have already fully litigated all of the claims at issue in this case" is incorrect because "under [the] Joint Status Report, dated December 3, 2020, pursuant to this Court's Order, dated October 28, 2020, it was determined that because the parties' negotiations regarding attorneys' fees and costs are ongoing, the parties respectfully propose that they continue their negotiations and file a joint status report regarding the status of negotiations on January 28, 2021." Houston Reply at 6 (emphases in original). However, the Department is correct that the Court has resolved all of the merits claims brought by EPIC. See Joint Status Report at 2 (Mar. 3, 2020), ECF No. 110 (representing that "[the Department's] production of the additional documents sought by EPIC [apart from the Mueller report] is complete"); Joint Status Report at 1 (Mar. 13, 2020), ECF No. 114 (representing that "[i]n addition to EPIC's challenges to [the Department's] redactions on the Mueller Report . . . , EPIC challenges only [the Department's] . . . four redactions
(continued . . .)

Report at 1 (Dec. 3, 2020), ECF No. 146 (representing that "the parties' negotiations regarding attorneys' fees and costs are ongoing"). Because "[t]his litigation is quite advanced, and injection of new claims at this point will serve only to delay further the conclusion of this [ ] case for the existing parties[,]" Garcia v. Vilsack, 304 F.R.D. 77, 84 (D.D.C. June 13, 2014) (Walton, J.), the Court finds that "intervention [would] unduly delay" the closure of this case, Fed. R. Civ. P. 24(a)(2), and must, therefore, deny Mr. Houston's motion.[6]

Finally, in light of the Court's denial of Mr. Houston's motion to intervene, the Court must also deny as moot his proposed motion for summary judgment, see Intervenor-Plaintiff's Motion for Summary Judgment at 1. See Fed. R. Civ. P. 56(a) (stating that "[a] party may move for summary judgment" (emphasis added)). Accordingly, it is hereby

**ORDERED** that Leonard Houston's Motion to Intervene as Plaintiff, ECF No. 134, is **DENIED**. It is further

**ORDERED** that Houston's Motion to Intervene as Plaintiff, ECF No. 148, is **DENIED**. It is further

**ORDERED** that Houston's Intervenor-Plaintiff's Motion for Summary Judgment, ECF No. 151, is **DENIED AS MOOT**.

---

(. . . continued)
made to the final two pages of [the Department's] October 10, 2019 production"); Memorandum Opinion at 1 (Sept. 30, 2020), ECF No. 130 (resolving the parties' disputes regarding the Mueller Report); Order at 1 (Sept. 30, 2020), ECF No. 131 (same); Order at 1 (Oct. 28, 2020), ECF No. 142 (resolving the parties' sole remaining dispute, about EPIC's challenge to redactions "from the final two pages of the . . . [Department's] October 10, 2019 production"); see generally Compl.

[6] In his reply, Mr. Houston argues that "a post[-]judgment [motion] for intervention is timely if it is filed within the time a party to the suit ha[s] filed a notice of appeal, and if the intervenor has taken some other step to protect its interest." Houston Reply at 7 (citing United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 719–20 (9th Cir. 1994)). However, because the Court concludes that permissive intervention would be inappropriate because "the [requested] intervention [would] unduly delay or prejudice the adjudication of the original parties' rights[,]" Fed. R. Civ. P. 24(b)(3), the Court does not need to address whether Mr. Houston's motion is timely. See Nat'l Children's Ctr., Inc., 146 F.3d at 1048 (noting that "[d]istrict courts have the discretion . . . to deny a motion for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action").

**SO ORDERED** this 10th day of February, 2021.

                                                REGGIE B. WALTON
                                                United States District Judge